1  BARON & BUDD, P.C.
   Roland Tellis (SBN 186269)
2  rtellis@baronbudd.com
   Peter F. Smith (SBN 203224)
3  psmith@baronbudd.com
   15910 Ventura Blvd., Suite 1600
4  Encino, California  91436
   Telephone:  818-839-2333
5  Facsimile:  818-986-9698
6

7  STOEL RIVES LLP
   Brian C. Park (to be admitted *pro hac vice*)
8  bcpark@stoel.com
   600 University Street, Suite 3600
9  Seattle, Washington  98101
   Telephone:  206-624-0900
10 Facsimile:  206-386-7500

11
   Attorneys for Plaintiffs
12 Michael Sandoval and Atigeo LLC          **EDCV13-1243 (CAS (DTBx)**

13              UNITED STATES DISTRICT COURT

14              CENTRAL DISTRICT OF CALIFORNIA

15

16 ATIGEO LLC, a Washington limited          Case No
   liability company; and MICHAEL
17 SANDOVAL, an individual,
                                             **COMPLAINT FOR:**
18              Plaintiffs,
                                             (1)  Cybersquatting (15 U.S.C.
19         vs.                                     § 1125(d)); and
                                             (2)  Libel
20 OFFSHORE LIMITED D, a California
   business organization, form unknown;      **JURY TRIAL DEMANDED**
21 OFFSHORE LIMITED D, a California
   partnership; DENNIS
22 MONTGOMERY, individually and as
   a partner of Offshore Limited D;
23 ISTVAN BURGYAN, individually and
   as a partner of Offshore Limited D;
24 DEMARATECH, LLC, a California
   limited liability company; and DOES
25 1-10, inclusive,

26              Defendants.

COMPLAINT

Plaintiffs Atigeo LLC and Michael Sandoval - (collectively "Plaintiffs"), for their complaint against Defendants Offshore Limited D (a California business organization, form unknown); Dennis Montgomery; Istvan Burgyan; Demaratech, LLC; and Does 1 through 10, inclusive (collectively "Defendants"), allege as follows:

## GENERAL ALLEGATIONS

1.   Plaintiff Atigeo LLC is a Washington limited liability company with its principal place of business in Bellevue, Washington.

2.   Plaintiff Michael Sandoval is an individual residing in King County, Washington.

3.   Defendant Dennis Montgomery is an individual.  Plaintiffs are informed and believe and on that basis allege that Mr. Montgomery resides in Riverside County, California.

4.   Defendant Istvan Burgyan is an individual.  Plaintiffs are informed and believe and on that basis allege that Mr. Burgyan resides in Riverside County, California.

5.   Plaintiffs are informed and believe and on that basis allege that defendant Offshore Limited D is an unidentified business association doing business in Riverside County, California; or, in the alternative, that Offshore Limited D is a California partnership with its principal place of business in Riverside County, California, and that defendants Mr. Montgomery and Mr. Burgyan are partners of Offshore Limited D. Plaintiffs are informed and believe and on that basis allege that the principal place of business of Offshore Limited D is 42829 Cook Street, Suite 104, Palm Desert, California 92211.

6.   Defendant Demaratech, LLC ("Demaratech") is a California limited liability company doing business in Riverside County, California, with its principal place of business located at 42829 Cook Street, Suite 104, Palm Desert, California 92211.

7.     Plaintiffs are unaware of the true names and capacities of defendants sued as Does 1 through 10, inclusive; therefore, Plaintiffs sue these defendants by said fictitious names.  Plaintiffs are informed and believe and on that basis allege that each of these fictitiously-named defendants is responsible in some manner for the acts and occurrences hereinafter alleged, either as the agent, partner, or alter ego of the Defendants specifically identified above, or based on other facts and legal theories currently unknown to Plaintiffs; that each of the fictitiously-named defendants is legally responsible for the conduct and injuries alleged below; and that each of the fictitiously-named defendants should be enjoined from engaging in any further such conduct. Plaintiffs will seek leave to amend this Complaint to allege the true names and capacities of such fictitiously-named defendants when Plaintiffs ascertain this information.

8.     Plaintiffs are informed and believe and on that basis allege that defendant Offshore Limited D and defendant Demaratech have the same owners; are managed and controlled by the same individuals; share the same office space; and each entity was used as a mere shell or conduit for the other.  As a result, Plaintiffs are informed and believe and on that basis allege that there is a unity of interest and ownership between the two entities and that there would be an inequitable result if the liabilities of Offshore Limited D and Demaratech were treated as distinct.  Accordingly, Plaintiffs are informed and believe and on that basis allege that Offshore Limited D and Demaratech are alter egos of each other.

9.     Plaintiffs are informed and believe and on that basis allege that defendants Montgomery and Burgyan, and each of them, exercise complete ownership and control over Offshore Limited D and Demaratech; that Montgomery and Burgyan do not keep the assets of Offshore Limited D and Demaratech separate from their own assets; and that Montgomery and Burgyan, and each of them, use Offshore Limited D and Demaratech as mere shells or conduits for their own individual purposes.  As a result, Plaintiffs are informed and believe and on that basis allege that there is a unity of

1  interest and ownership between Montgomery and Burgyan, on the one hand, and
2  Offshore Limited D and Demaratech, and that there would be an inequitable result if the
3  liabilities of Offshore Limited D and Demaratech were treated as distinct from
4  Montgomery and Burgyan. Accordingly, Plaintiffs are informed and believe and on that
5  basis allege that Offshore Limited D and Demaratech are alter egos of Montgomery and
6  Burgyan, and each of them.

7       10.   Plaintiffs are informed and believe and on that basis allege that at all
8  material times herein mentioned, each of the Defendants was acting as the partner,
9  agent, servant, employee, or alter ego of each of the remaining Defendants and, in doing
10  the things alleged herein, was acting within the course and scope of such agency and
11  with the knowledge and consent of the remaining Defendants.

12
13                          **JURISDICTION AND VENUE**
14       11.   Jurisdiction is proper in this Court pursuant to 28 U.S.C. §§ 1331,
15  1332(a)(1), 1338, 1367, and 15 U.S.C. §§ 1116 and 1121. This action arises under 15
16  U.S.C. § 1125(d), a law of the United States and an Act of Congress relating to
17  trademarks. In addition, the matter in controversy, exclusive of interest and costs,
18  exceeds the sum or value of $75,000, and is between citizens of different states. In
19  addition, under 28 U.S.C. § 1367, this Court may exercise supplemental jurisdiction
20  over the state-law claim because all of the claims are derived from a common nucleus of
21  operative facts and are such that Plaintiffs ordinarily would expect to try them in one
22  judicial proceeding.

23       12.   This Court has personal jurisdiction over Defendants because Plaintiffs are
24  informed and believe and on that basis allege that all Defendants are California
25  residents. In addition, Plaintiffs are informed and believe and on that basis allege that
26  Defendants have purposefully availed themselves of the benefits and protections offered
27  by the State of California.
28

13.     Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391. Plaintiffs are informed and believe and on that basis allege that all Defendants are California residents, and that all of the Defendants reside in this judicial district. Further, Plaintiffs are informed and believe and on that basis allege that a substantial part of the events or omissions giving rise to Plaintiffs' claims occurred in this judicial district.

## PLAINTIFF AND ITS RIGHTS

14.     Plaintiff Atigeo has engaged in substantially exclusive and continuous interstate commerce under the ATIGEO trademark since at least 2007 and well before Defendants' adoption of the identical trademark for use in the domain name <atigeo.co>.  Atigeo is in the software business and markets products and services in a variety of fields, including healthcare and social media.

15.     Atigeo is the sole owner of U.S. Trademark Reg. No. 3,908,344 for the mark ATIGEO, issued on January 18, 2011 for, *inter alia,* pattern-recognition software, Internet search engine advertising, electronic transmission of information, and on-line news and information.  This registration is *prima facie* evidence that the Atigeo trademark is distinctive, that Atigeo owns the trademark rights, and that the registration is valid, enforceable, and subsisting.  Atigeo is also the owner of the domain name <atigeo.com>, where Atigeo advertises its products and services under the ATIGEO trademark.

16.     The ATIGEO trademark is a unique, fanciful, and coined trademark.  As such, Defendants have no legitimate reason to register a domain name consisting entirely of the ATIGEO trademark.

17.     Atigeo maintains strict control over the quality and nature of its services bearing the distinctive ATIGEO trademark.  The inherent distinctiveness of that trademark has been further enhanced by Atigeo's substantial promotion of the trademark in interstate commerce.

18.   Atigeo has invested considerable time and money in advertising its services under the ATIGEO trademark throughout the United States.  Atigeo has acquired substantial goodwill associated with the ATIGEO trademark among its customers, business associates, and members of the public.

19.   As a result of its extensive advertising, marketing, and provision of services under the ATIGEO trademark, Atigeo has become well-known and well-recognized under the ATIGEO trademark.

20.   As a result of the goodwill, recall, and recognition that Atigeo has developed through extensive advertising and marketing under the ATIGEO trademark, that trademark has become a valuable asset and indicator of source for Atigeo.

## DEFENDANTS' WRONGFUL ACTS

21.   Plaintiffs are informed and believe and on that basis allege that Defendants own and operate several Internet web sites, including the following web sites: www.atigeo.co, www.gratonresortcasino.net, www.theuntoldstory.net, www.yellowstoneclub.net, and www.yellowstoneclubs.com (collectively, the "Web Sites").

22.   On each of the Web Sites, Defendants have made the following statements about Plaintiffs:

    (a)   That plaintiff Atigeo billed a client for "nonexistent development work."

    (b)   That "Edra Blixseth place[d] $7mil into [Atigeo] accounts as 'pre-divorce' money.  Michael Sandoval agree[d] to escrow and 'shelter' the money for Edra Blixseth."

    (c)   That plaintiff Michael Sandoval took all of Edra Blixseth's "sheltered" money.

    (d)   That Plaintiffs own three lots on Lake Washington, "purchased with Blixseth money without their consent or knowledge."

1        (e)    That "Michael Sandoval, with the help of his controller, took the

2                [Blixseth] money to purchase the property on Lake Washington in

3                2006 without the knowledge or consent of Edra Blixseth.  Michael

4                Sandoval admitted to the wrongdoing in March 2007 after being

5                confronted with the evidence by Edra Blixseth and her associates."

6        (f)    That Plaintiffs "still owe the Blixseth estate $8 [million]."

7     23.    All of the above statements that Defendants have made about Plaintiffs are

8 false.

9     24.    Plaintiffs are informed and believe and on that basis allege that Defendants

10 have created pseudonymous email accounts and Twitter accounts, and that Defendants

11 are using these email and Twitter accounts to disseminate the false and defamatory

12 statements as widely as possible.

13     25.    Plaintiffs are informed and believe and on that basis allege that in or about

14 February 2013, Defendants used the Twitter account "@ReporterYC" to send a link for

15 the www.yellowstoneclub.net web site to the following news outlets and commentators:

16 Fox News, the *Boston Globe*, the *New York Times*, the *Wall Street Journal*, the *Bozeman*

17 *Daily Chronicle*, the *Los Angeles Times*, *USA Today*, MSNBC, the Associated Press, the

18 *Atlantic Journal*, the *Washington Post*, the Santa Rosa *Press Democrat*, the *Las Vegas*

19 *Sun*, the *Sacramento Bee*, www.techdirt.com, the *Desert Sun*, the *Denver Post*, the

20 *Bozeman News*, the *Chicago Tribune*, the *Billings Gazette*, the Boston *Daily Free Press*,

21 and Rush Limbaugh.

22     26.    Plaintiffs are informed and believe and on that basis allege that in addition

23 to forwarding the defamatory statements to the above news outlets and commentators,

24 Defendants specifically targeted Plaintiffs by forwarding the links for the Web Sites to

25 Plaintiffs' employees and prospective business partners.  Plaintiffs are informed and

26 believe and on that basis allege that Defendants also forwarded the links for the Web

27 Sites to Western Capital Partners, against whom Plaintiffs are currently engaged in

28 litigation.

27.     As of July 1, 2013, the Web Sites indicate that their web pages and content have been viewed over 7.5 million times:

|   |   |   |
|---|---|---|
| ● | www.yellowstoneclub.net: | 4,525,213 page views[1] |
| ● | www.theuntoldstory.net: | 1,332,023 page views |
| ● | www.gratonresortcasino.net: | 919,664 page views |
| ● | www.yellowstoneclubs.com: | 788,953 page views |
| ● | www.atigeo.co: | 128,404 page views |

28.     Plaintiffs are informed and believe and on that basis allege that Defendants specifically targeted Plaintiffs' employees, prospective business partners, and litigation opponents with the specific motive to harass and injure Plaintiffs.

29.     In 2012, Defendant Montgomery approached Plaintiff Sandoval to demand that Sandoval and/or Atigeo make a financial investment in Montgomery's new business venture. To induce Plaintiffs to provide Montgomery with investment capital, Montgomery made threats against Sandoval and Atigeo, including statements like "If you're not with me, you're against me." Montgomery also induced fear in Plaintiffs by warning Plaintiff Sandoval that he had followed through on similar threats before and that Plaintiffs did not want to end up like other Montgomery targets who "learned the hard way." Plaintiffs declined to yield to Montgomery's threats, prompting Montgomery to publish the false statements complained of herein.

30.     Defendants have a pattern of registering domain names containing the names of individuals or entities who have refused Montgomery's demands, then using those domain names to host web sites that falsely disparage and discredit those individuals and entities, including members of the federal judiciary, U.S. bankruptcy personnel, and private parties.

31.     Plaintiffs are informed and believe and on that basis allege that Defendants, starting in or about June 2013, have used the ATIGEO trademark in connection with the

---

[1] Last viewed on May 6, 2013.

website available under the domain name <atigeo.co>. Plaintiffs are informed and believe and on that basis allege that the registration of the <atigeo.co> domain name and the Web Sites was in response to Plaintiff Sandoval's refusal to comply with Defendant Montgomery's extortion scheme.

32.   When Defendants registered the <atigeo.co> domain name, Defendants had actual knowledge of Plaintiff Atigeo and its ATIGEO trademark. In fact, Defendant Montgomery is a former employee of Opspring LLC, which used to be a subsidiary of Atigeo.

33.   Defendants have no trademark or other intellectual property rights in the <atigeo.co> domain name. The <atigeo.co> domain name does not consist of the legal name of any Defendant or a name that is commonly used to refer to any Defendant.

34.   Defendants have never sought or received permission from Atigeo to use the ATIGEO trademark.

35.   Defendant's use of the domain name <atigeo.co> to direct Internet users to an Internet website containing false and defamatory statements concerning Atigeo exploits the goodwill built up by Atigeo in the ATIGEO trademark in order to injure Atigeo.

36.   Defendants' registration and use of the <atigeo.co> domain name has deprived Atigeo of its exclusive property right in its fanciful and distinctive ATIGEO trademark by preventing Atigeo from using the mark as a domain name on the .co top-level domain.

37.   Defendants' continued registration and use of the <atigeo.co> domain name has caused irreparable harm to Plaintiff's business, reputation, and goodwill and will cause further irreparable harm to Plaintiff unless restrained and enjoined.

38.   Defendants' registration and use of the <atigeo.co> domain name causes and is likely to cause Plaintiff's customers, business associates, and members of the public to naturally, but mistakenly, be confused and deceived that Defendants' website is associated with, sponsored by, or approved by Plaintiff.

39.     Plaintiffs are informed and believe and on that basis allege that as a result of the goodwill that Atigeo has built up in the ATIGEO trademark, consumers, vendors, and other persons searching for, or looking to navigate to, Atigeo's legitimate website at www.atigeo.com are misdirected to Defendants' website as the result of confusion caused by Defendants' registration and use of the <atigeo.co>.

40.     Defendants are using the keyword "Atigeo" as meta tags for the website available at the <atigeo.co> domain name.  Plaintiffs are informed and believe and on that basis allege that Defendants' exploitation of the ATIGEO trademark is intended to confuse consumers, vendors and other persons searching for Atigeo's legitimate website at <atigeo.com> and to divert such persons to the <atigeo.co> domain name.

41.     Plaintiffs are informed and believe and on that basis allege that prospective customers of Atigeo's goods and services who mistakenly access Defendants' website using the  <atigeo.co> domain name may fail to continue to search for the legitimate Atigeo website.  As such, Defendants' use of the <atigeo.co> domain name prevents some Internet users from reaching Atigeo's own legitimate, commercial website.

42.     Defendants' registration and use of a domain name that violates Plaintiff's rights have been knowing, willful, and exceptional with the intent to confuse and/or deceive the public about the relationship (or lack thereof) between Plaintiff and its legitimate website at "www.atigeo.com" and Defendants and their unauthorized website at "www.atigeo.co."

## COUNT I
### *Brought on Behalf of Plaintiff Atigeo*
### Cybersquatting (15 U.S.C. § 1125(d))

43.     Plaintiff incorporates by reference in this cause of action each and every allegation of the preceding paragraphs, with the same force and effect as though fully set forth herein.

44.     The Anti-Cybersquatting Consumer Protection Act, 15 U.S.C. § 1125(d), provides that "[a] person shall be liable in a civil action by the owner of a mark,

9

including a personal name which is protected as a mark under this section, if, without regard to the goods or services of the parties, that person (i) has a bad faith intent to profit from that mark, including a personal name which is protected as a mark under this section; and (ii) registers, traffics in, or uses a domain name that in the case of a mark that is distinctive at the time of registration of the domain name, is identical or confusingly similar to that mark."

45.    Atigeo is the rightful owner of the ATIGEO mark.

46.    Atigeo's federally registered ATIGEO mark is distinctive and was distinctive before Defendants registered the <atigeo.co> domain name.

47.    The domain name <atigeo.co> is identical to and/or confusingly similar to Atigeo's ATIGEO mark and its <atigeo.com> domain name.

48.    Defendants registered, trafficked in, and used the <atigeo.co> domain name with a bad faith intent to profit from the ATIGEO trademark and the associated goodwill, including by seeking to extort monetary and other consideration from Atigeo.

49.    The intent of Defendant Montgomery to profit from the ATIGEO trademark was in bad faith, in part, because extortion is a tort and a crime.

50.    Defendants registered and used  the <atigeo.co> domain name with the intent to divert customers, business associates, and members of the public away from Atigeo's legitimate web site in order to harm the goodwill associated with the ATIGEO trademark either for financial gain or with the intent to tarnish or disparage the trademark by creating a likelihood of confusion as to the source, sponsorship, or endorsement of the websites available at www.atigeo.co.

51.    Defendants intend to divert consumers from the legitimate Atigeo website to websites accessible under the <atigeo.co> domain name in order to generate publicity to and increase readership of Defendants' defamatory website by relying on Atigeo's good name and goodwill.

52.     Defendants have a pattern of registering domain names containing third party marks in order to publish false, misleading, and defamatory statements about Atigeo and other third parties.

53.     Defendants have provided false and misleading contact information as part of the the WHOIS information for the <atigeo.co> domain name by listing the fictitious alias "Clark Kent."

54.     Defendants knew of Atigeo's ownership and use of the ATIGEO mark before Defendants registered or began using the <atigeo.co> domain name.

55.     Defendants' use of the domain name to divert Internet traffic to Defendant's web site has harmed and continues to harm Atigeo's ability to generate business and keep members.

56.     Defendants' registration and use of the <atigeo.co> domain name and other acts, as set forth herein, constitute cybersquatting in violation of Section 1125(d) of the Anticybersquatting Consumer Protection Act (15 U.S.C. § 1125(d)).

57.     Defendants have caused and, unless enjoined, will continue to cause irreparable harm and injury to Atigeo and the goodwill and reputation of Atigeo.

58.     As a direct and proximate result of Defendants' wrongful acts, Atigeo has also suffered pecuniary damages from Defendants' actions in an amount to be determined at trial.

59.     Alternatively, at its election, Atigeo is entitled to recover statutory damages as provided under Section 35 of the Lanham Act, 15 U.S.C. § 1117(d).

60.     Atigeo is also entitled to recover its costs and reasonable attorneys' fees associated with this action pursuant to 15 U.S.C. § 1117.

61.     Defendants' activities were taken with knowledge of Atigeo's rights and thus constitute deliberate, willful and/or intentional cybersquatting.  As a result, Atigeo is further entitled, pursuant to 15 U.S.C. § 1117, to treble damages, together with interest thereon, in an amount to be determined at trial.

## COUNT II
*Brought on Behalf of Plaintiffs Atigeo and Sandoval*
### Libel

62.     Plaintiffs incorporates by reference in this cause of action each and every allegation of the preceding paragraphs, with the same force and effect as though fully set forth herein.

63.     In or about 2012 to the present, Defendants published their Web Sites, which contain the following statements:

    (a)    That plaintiff Atigeo billed a client for "nonexistent development work."

    (b)    That "Edra Blixseth place[d] $7mil into [Atigeo] accounts as 'pre-divorce' money.  Michael Sandoval agree[d] to escrow and 'shelter' the money for Edra Blixseth."

    (c)    That plaintiff Michael Sandoval took all of Edra Blixseth's "sheltered" money.

    (d)    That Plaintiffs own three lots on Lake Washington, "purchased with Blixseth money without their consent or knowledge."

    (e)    That "Michael Sandoval, with the help of his controller, took the [Blixseth] money to purchase the property on Lake Washington in 2006 without the knowledge or consent of Edra Blixseth.  Michael Sandoval admitted to the wrongdoing in March 2007 after being confronted with the evidence by Edra Blixseth and her associates."

    (f)    That Plaintiffs "still owe the Blixseth estate $8 [million]."

64.     All of the above statements that Defendants made about Plaintiffs are false and are libelous on their face.  The statements clearly expose Plaintiffs to hatred, contempt, ridicule, and obloquy because they falsely charge Plaintiffs with dishonesty, fraudulent conduct, breach of confidence, embezzlement, and immoral and improper conduct.  Moreover, the statements have a tendency to injure Plaintiffs in their business and occupation.

65.     Plaintiffs are informed and believe and on that basis allege that Defendants have used pseudonymous email accounts and Twitter accounts to disseminate the false and defamatory statements as widely as possible.  Plaintiffs are informed and believe that Defendants have used their pseudonymous email accounts and Twitter accounts to send links for their Web Sites to various news outlets and commentators, as well as to Plaintiffs' employers, prospective business partners, and litigation opponents.

66.     Plaintiffs are informed and believe and on that basis allege that Defendants specifically targeted Plaintiffs' employees, prospective business partners, and litigation opponents with the specific motive to harass and injure Plaintiffs.

67.     As of July 1, 2013, the Web Sites indicate that their web pages and content have been viewed more than 7.5 million times.

68.     On March 8, 2013, counsel for Plaintiffs demanded that Defendant Offshore Limited D, the publicly-listed owner of the Web Sites, cease and desist from making and publishing such defamatory statements.  Defendants have refused to remove the defamatory statements from the Web Sites.

69.     As a proximate result of the above-described publications, Plaintiffs have suffered loss of their reputation, shame, and mortification, all to their general damage.

70.     Further, Defendants' publication of the above defamatory statements, unless and until enjoined by order of this Court, will continue to cause great and irreparable injury to Plaintiffs in the form of loss of reputation, shame, and mortification.

71.     Plaintiffs have no adequate remedy at law for the injuries that they have suffered and are continuing to suffer as a result of Defendants' publication of false and defamatory statements.

72.     The above-described publications were published by Defendants with malice, oppression, and fraud.  Even though Defendants had no reason to believe that the above statements were true and in fact knew that the statements were false, Defendants nevertheless published the above statements with the specific intent to

damage Plaintiffs' reputations.  Indeed, in addition to publishing the statements on their Web Sites, Defendants sent the defamatory statements to Plaintiffs' employees, prospective business partners, and litigation opponents in a further attempt to vex, harass, and annoy Plaintiffs, and also to injure Plaintiffs' business.  As a result, Plaintiffs are entitled to an award of punitive damages against Defendants.

## PRAYER FOR RELIEF

**WHEREFORE,** Plaintiffs pray for judgment against Defendants, and each of them, as follows:

### For the First Count:

1.      For an order preliminarily and permanently enjoining and restraining Defendants and Defendants' officers, agents, representatives, employees, attorneys, successors, assigns, affiliates and any persons in active concert or participation of any of them, from registering, using, or trafficking in any domain names that are identical or confusingly similar to the ATIGEO trademark;

2.      For a declaration that the registration of the <atigeo.co> domain name violated Section 43(d) of the Lanham Act, 15 U.S.C. § 1125(d);

3.      For an order requiring the Defendants to transfer the registration of <atigeo.co> to Atigeo;

4.      For an amount to be determined at trial equal to Atigeo's damages as a result of the Defendants' wrongful acts, disgorgement of profits, and/or statutory damages as determined at trial;

5.      For an amount equal to three times the damages as a result of the Defendants' wrongful acts, and interest thereon; and

6.      For an amount equal to Atigeo's costs and reasonable attorneys' fees for this action.

### For the Second Count:

1.      For general damages according to proof;

14

COMPLAINT

1    2.    For special damages according to proof;

2    3.    For actual, exemplary, and punitive damages;

3    4.    For a temporary restraining order and preliminary and permanent injunction

4  requiring Defendants, and each of them, and their agents, servants, and employees, and

5  all persons acting under, in concert with, or for them to:  (A) remove the defamatory

6  statements set forth above from all web sites under their control, (B) cease making the

7  defamatory statements in any manner, and (C) provide a copy of the Court's injunction

8  to all subscribers of the Web Sites and all persons acting under, in concert with, or for

9  Defendants; and

10    5.    For such other and further relief as the Court deems just and proper.

11  DATED: July 15, 2013                    BARON & BUDD, P.C.

12

13                                          By _____
14                                             Roland Tellis
15                                             Attorneys for Plaintiffs
                                               Michael Sandoval and Atigeo LLC
16

17

18

19

20

21

22

23

24

25

26

27

28

1

2                          **DEMAND FOR JURY TRIAL**

3          Plaintiffs hereby demand a trial of their claims by jury to the extent authorized by

4   law.

5   DATED:  July 15, 2013            BARON & BUDD, P.C.

6

7                                    By
8                                        Roland Tellis
                                         Attorneys for Plaintiffs
9                                        Michael Sandoval and Atigeo LLC

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

### NOTICE OF ASSIGNMENT TO UNITED STATES MAGISTRATE JUDGE FOR DISCOVERY

This case has been assigned to District Judge Christina A. Snyder and the assigned discovery Magistrate Judge is David T. Bristow.

The case number on all documents filed with the Court should read as follows:

## EDCV13- 1243 CAS (DTBx)

Pursuant to General Order 05-07 of the United States District Court for the Central District of California, the Magistrate Judge has been designated to hear discovery related motions.

All discovery related motions should be noticed on the calendar of the Magistrate Judge

================================================================

**NOTICE TO COUNSEL**

*A copy of this notice must be served with the summons and complaint on all defendants (if a removal action is filed, a copy of this notice must be served on all plaintiffs).*

Subsequent documents must be filed at the following location:

| [ ] **Western Division** | [ ] **Southern Division** | [ ] **Eastern Division** |
| 312 N. Spring St., Rm. G-8 | 411 West Fourth St., Rm. 1-053 | 3470 Twelfth St., Rm. 134 |
| Los Angeles, CA 90012 | Santa Ana, CA 92701-4516 | Riverside, CA 92501 |

Failure to file at the proper location will result in your documents being returned to you.

CV-18 (03/06)        NOTICE OF ASSIGNMENT TO UNITED STATES MAGISTRATE JUDGE FOR DISCOVERY

AO 440 (Rev. 06/12)  Summons in a Civil Action

# UNITED STATES DISTRICT COURT

for the

Central District of California

| | |
|---|---|
| ATIGEO LLC, a Washington limited liability company; and MICHAEL SANDOVAL, an individual<br><br>*Plaintiff(s)*<br><br>v.<br><br>OFFSHORE LIMITED D, a California business organization, form unknown; OFFSHORE LIMITED D, a California partnership; DENNIS MONTGOMERY individually and as a partner of Offshore, SEE ATTACHED<br><br>*Defendant(s)* | )<br>)<br>)<br>)  EDCV13-1243 (AS (PMBx)<br>)<br>)  Civil Action No.<br>)<br>)<br>)<br>)<br>)<br>) |

## SUMMONS IN A CIVIL ACTION

To: *(Defendant's name and address)*

A lawsuit has been filed against you.

Within 21 days after service of this summons on you (not counting the day you received it) — or 60 days if you are the United States or a United States agency, or an officer or employee of the United States described in Fed. R. Civ. P. 12 (a)(2) or (3) — you must serve on the plaintiff an answer to the attached complaint or a motion under Rule 12 of the Federal Rules of Civil Procedure.  The answer or motion must be served on the plaintiff or plaintiff's attorney, whose name and address are:

If you fail to respond, judgment by default will be entered against you for the relief demanded in the complaint. You also must file your answer or motion with the court.

JUL 1 5 2013

Date: _____

CLERK OF COURT

JULIE PRADO

_____
*Signature of Clerk or Deputy Clerk*

1154

**ATTACHMENT TO SUMMONS IN A CIVIL ACTION**

To:  (*Defendant's name and address*)

OFFSHORE LIMITED D, a California business organization, form unknown; OFFSHORE
LIMITED D, a California partnership
ISTVAN BURGYAN, individually and as a partner of Offshore Limited D
DEMARATECH, LLC, a California limited liability company
49295 Tidewater Drive
Indio, CA  92201

DENNIS MONTGOMERY, individually and as a partner of Offshore Limited D
3812 94th Avenue NE
Bellevue, WA  98004

UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA
**CIVIL COVER SHEET**

**I. (a) PLAINTIFFS** ( Check box if you are representing yourself ☐ )

ATIGEO LLC, a Washington limited liability company; and MICHAEL SANDOVAL, an individual

**DEFENDANTS** ( Check box if you are representing yourself ☐ )

OFFSHORE LIMITED D, a California business organization, form unknown; OFFSHORE LIMITED D, a California partnership; DENNIS MONTGOMERY, individually and as a partner of Offshore Limited D; ISTVAN BURGYAN, individually and as a partner of Offshore Limited D; DEMARATECH, LLC, a California limited liability company

**(b) Attorneys** (Firm Name, Address and Telephone Number. If you are representing yourself, provide same.)

BARON & BUDD, P.C.
Roland Tellis (SBN 186269); Peter F. Smith (SBN 203224)
15910 Ventura Boulevard, Suite 1600
Encino, CA 91436 / Ph: 818.839.2333 Fax: 818.986.9698

**(b) Attorneys** (Firm Name, Address and Telephone Number. If you are representing yourself, provide same.)

**II. BASIS OF JURISDICTION** (Place an X in one box only.)

☐ 1. U.S. Government Plaintiff

☒ 3. Federal Question (U.S. Government Not a Party)

☐ 2. U.S. Government Defendant

☐ 4. Diversity (Indicate Citizenship of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES**-For Diversity Cases Only
(Place an X in one box for plaintiff and one for defendant)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business in this State | ☐ 4 | ☒ 4 |
| Citizen of Another State | ☒ 2 | ☐ 2 | Incorporated and Principal Place of Business in Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

**IV. ORIGIN** (Place an X in one box only.)

☒ 1. Original Proceeding

☐ 2. Removed from State Court

☐ 3. Remanded from Appellate Court

☐ 4. Reinstated or Reopened

☐ 5. Transferred from Another District (Specify)

☐ 6. Multi-District Litigation

**V. REQUESTED IN COMPLAINT: JURY DEMAND:** ☒ Yes ☐ No (Check "Yes" only if demanded in complaint.)

**CLASS ACTION under F.R.Cv.P. 23:** ☐ Yes ☒ No ☐ **MONEY DEMANDED IN COMPLAINT: $**

**VI. CAUSE OF ACTION** (Cite the U.S. Civil Statute under which you are filing and write a brief statement of cause. Do not cite jurisdictional statutes unless diversity.)
Cybersquatting (15 U.S.C. section 1125(d))

**VII. NATURE OF SUIT** (Place an X in one box only).

| OTHER STATUTES | CONTRACT | REAL PROPERTY CONT. | IMMIGRATION | PRISONER PETITIONS | PROPERTY RIGHTS |
|---|---|---|---|---|---|
| ☐ 375 False Claims Act | ☐ 110 Insurance | ☐ 240 Torts to Land | ☐ 462 Naturalization Application | **Habeas Corpus:** | ☐ 820 Copyrights |
| ☐ 400 State Reapportionment | ☐ 120 Marine | ☐ 245 Tort Product Liability | ☐ 465 Other Immigration Actions | ☐ 463 Alien Detainee | ☐ 830 Patent |
| ☐ 410 Antitrust | ☐ 130 Miller Act | ☐ 290 All Other Real Property | | ☐ 510 Motions to Vacate Sentence | ☒ 840 Trademark |
| ☐ 430 Banks and Banking | ☐ 140 Negotiable Instrument | | **TORTS** | ☐ 530 General | **SOCIAL SECURITY** |
| ☐ 450 Commerce/ICC Rates/Etc. | ☐ 150 Recovery of Overpayment & Enforcement of Judgment | **TORTS** **PERSONAL INJURY** | **PERSONAL PROPERTY** | ☐ 535 Death Penalty | ☐ 861 HIA (1395ff) |
| ☐ 460 Deportation | | ☐ 310 Airplane | ☐ 370 Other Fraud | **Other:** | ☐ 862 Black Lung (923) |
| ☐ 470 Racketeer Influenced & Corrupt Org. | ☐ 151 Medicare Act | ☐ 315 Airplane Product Liability | ☐ 371 Truth in Lending | ☐ 540 Mandamus/Other | ☐ 863 DIWC/DIWW (405 (g)) |
| ☐ 480 Consumer Credit | ☐ 152 Recovery of Defaulted Student Loan (Excl. Vet.) | ☐ 320 Assault, Libel & Slander | ☐ 380 Other Personal Property Damage | ☐ 550 Civil Rights | ☐ 864 SSID Title XVI |
| ☐ 490 Cable/Sat TV | | ☐ 330 Fed. Employers' Liability | ☐ 385 Property Damage Product Liability | ☐ 555 Prison Condition | ☐ 865 RSI (405 (g)) |
| ☐ 850 Securities/Commodities/Exchange | ☐ 153 Recovery of Overpayment of Vet. Benefits | ☐ 340 Marine | **BANKRUPTCY** | ☐ 560 Civil Detainee Conditions of Confinement | **FEDERAL TAX SUITS** |
| ☐ 890 Other Statutory Actions | ☐ 160 Stockholders' Suits | ☐ 345 Marine Product Liability | ☐ 422 Appeal 28 USC 158 | **FORFEITURE/PENALTY** | ☐ 870 Taxes (U.S. Plaintiff or Defendant) |
| ☐ 891 Agricultural Acts | ☐ 190 Other Contract | ☐ 350 Motor Vehicle | ☐ 423 Withdrawal 28 USC 157 | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 871 IRS-Third Party 26 USC 7609 |
| ☐ 893 Environmental Matters | ☐ 195 Contract Product Liability | ☐ 355 Motor Vehicle Product Liability | **CIVIL RIGHTS** | ☐ 690 Other | |
| ☐ 895 Freedom of Info. Act | ☐ 196 Franchise | ☐ 360 Other Personal Injury | ☐ 440 Other Civil Rights | **LABOR** | |
| ☐ 896 Arbitration | **REAL PROPERTY** | ☐ 362 Personal Injury-Med Malpractice | ☐ 441 Voting | ☐ 710 Fair Labor Standards Act | |
| ☐ 899 Admin. Procedures Act/Review of Appeal of Agency Decision | ☐ 210 Land Condemnation | ☐ 365 Personal Injury-Product Liability | ☐ 442 Employment | ☐ 720 Labor/Mgmt. Relations | |
| | ☐ 220 Foreclosure | ☐ 367 Health Care/ Pharmaceutical Personal Injury Product Liability | ☐ 443 Housing/ Accomodations | ☐ 740 Railway Labor Act | |
| ☐ 950 Constitutionality of State Statutes | ☐ 230 Rent Lease & Ejectment | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 445 American with Disabilities-Employment | ☐ 751 Family and Medical Leave Act | |
| | | | ☐ 446 American with Disabilities-Other | ☐ 790 Other Labor Litigation | |
| | | | ☐ 448 Education | ☐ 791 Employee Ret. Inc. Security Act | |

**FOR OFFICE USE ONLY: Case Number:** EDCV13-1243

AFTER COMPLETING PAGE 1 OF FORM CV-71, COMPLETE THE INFORMATION REQUESTED ON PAGE 2.

CV-71 (02/13)      CIVIL COVER SHEET      Page 1 of 2

## UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA
### CIVIL COVER SHEET

**VIII(a). IDENTICAL CASES:** Has this action been previously filed in this court and dismissed, remanded or closed?  ☒ NO   ☐ YES

If yes, list case number(s): _____

**VIII(b). RELATED CASES:** Have any cases been previously filed in this court that are related to the present case?  ☒ NO   ☐ YES

If yes, list case number(s): _____

Civil cases are deemed related if a previously filed case and the present case:

(Check all boxes that apply)   ☐ A. Arise from the same or closely related transactions, happenings, or events; or

☐ B. Call for determination of the same or substantially related or similar questions of law and fact; or

☐ C. For other reasons would entail substantial duplication of labor if heard by different judges; or

☐ D. Involve the same patent, trademark or copyright, and one of the factors identified above in a, b or c also is present.

**IX. VENUE:** (When completing the following information, use an additional sheet if necessary.)

(a) List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which **EACH** named plaintiff resides.

☐ Check here if the government, its agencies or employees is a named plaintiff. If this box is checked, go to Item (b).

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| | Washington |

(b) List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which **EACH** named defendant resides.

☐ Check here if the government, its agencies or employees is a named defendant. If this box is checked, go to Item (c).

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| Riverside | |

(c) List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which **EACH** claim arose.
NOTE: In land condemnation cases, use the location of the tract of land involved.

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| Riverside | |

*Los Angeles, Orange, San Bernardino, Riverside, Ventura, Santa Barbara, or San Luis Obispo Counties
Note: In land condemnation cases, use the location of the tract of land involved

**X. SIGNATURE OF ATTORNEY (OR SELF-REPRESENTED LITIGANT):** _____   DATE:   July 15, 2013

Notice to Counsel/Parties: The CV-71 (JS-44) Civil Cover Sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law. This form, approved by the Judicial Conference of the United States in September 1974, is required pursuant to Local Rule 3-1 is not filed but is used by the Clerk of the Court for the purpose of statistics, venue and initiating the civil docket sheet. (For more detailed instructions, see separate instructions sheet.)

Key to Statistical codes relating to Social Security Cases:

| Nature of Suit Code | Abbreviation | Substantive Statement of Cause of Action |
|---|---|---|
| 861 | HIA | All claims for health insurance benefits (Medicare) under Title 18, Part A, of the Social Security Act, as amended. Also, include claims by hospitals, skilled nursing facilities, etc., for certification as providers of services under the program. (42 U.S.C. 1935FF(b)) |
| 862 | BL | All claims for "Black Lung" benefits under Title 4, Part B, of the Federal Coal Mine Health and Safety Act of 1969. (30 U.S.C. 923) |
| 863 | DIWC | All claims filed by insured workers for disability insurance benefits under Title 2 of the Social Security Act, as amended; plus all claims filed for child's insurance benefits based on disability. (42 U.S.C. 405 (g)) |
| 863 | DIWW | All claims filed for widows or widowers insurance benefits based on disability under Title 2 of the Social Security Act, as amended. (42 U.S.C. 405 (g)) |
| 864 | SSID | All claims for supplemental security income payments based upon disability filed under Title 16 of the Social Security Act, as amended. |
| 865 | RSI | All claims for retirement (old age) and survivors benefits under Title 2 of the Social Security Act, as amended. (42 U.S.C. 405 (g)) |