THE HONORABLE JAMES L. ROBART

1
2
3
4
5
6
7
8

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

9  ATIGEO LLC, a Washington limited
   liability company; and MICHAEL
10 SANDOVAL, an individual,

11                    Plaintiffs,

12         v.

13 OFFSHORE LIMITED D, a California
   business organization, form unknown;
14 OFFSHORE LIMITED D, a California
   partnership; DENNIS MONTGOMERY,
15 individually and as a partner of Offshore
   Limited D; ISTVAN BURGYAN,
16 individually and as a partner of Offshore
   Limited D; DEMARATECH, LLC, a
17 California limited liability company; and
   DOES 1-10, inclusive,

18                    Defendants.

19
20
21
22
23
24
25
26

Case No. 2:13-cv-01694 JLR

**PLAINTIFFS' SURREPLY IN OPPOSITION TO DEFENDANTS' MOTION TO DISMISS AND SPECIAL MOTION TO STRIKE**

NOTED ON MOTION CALENDAR:

November 22, 2013

**ORAL ARGUMENT REQUESTED**

PLAINTIFFS' SURREPLY
(No. 2:13-cv-01694 JLR)

1    Pursuant to Local Civil Rule 7(g), Plaintiffs request that the Court strike the <u>Declaration</u>

2   <u>of Dennis Montgomery (Dkt. 37)</u> (the "Montgomery Declaration") filed by Defendants in

3   support of their Rule 12(b)(6) Motion to Dismiss/Anti-SLAPP Motion to Strike and the

4   arguments in Defendants' reply brief that rely on the Montgomery Declaration.  As detailed

5   below, the Montgomery Declaration indisputably contains "new" arguments and information not

6   previously proffered by Defendants to support their Motion to Dismiss and Special Motion to

7   Strike (the "Motion").  This tactic to submit "uncontroverted" evidence in support of their

8   Motion constitutes sandbagging and should not be countenanced.

9    It is improper to introduce new facts and arguments for the first time on reply.  *See*

10   *Thompson v. Comm'r*, 631 F.2d 642, 649 (9th Cir. 1980) ("The general rule is that [parties]

11   cannot raise a new issue for the first time in their reply briefs."); *Bach v. Forever Livings Prods.*

12   *U.S., Inc.*, 473 F. Supp. 2d  1110, 1122 n.6 (W.D. Wash. 2007) ("It is well established in this

    circuit that courts will not consider new arguments raised for the first time in a reply brief.").[1]

13    The reasons for this rule are clear – allowing a moving party to submit new evidence and

14   legal argument on reply deprives the opposing party of any meaningful opportunity to respond.

15   *Thompson*, 631 F.2d at 649.  A party that attempts to do so does not merely deprive their

16   opponent of an opportunity to respond – it also deprives the Court of the meaningful adversarial

17   exchange that sequential briefing is designed to accomplish.  *See Headrick v. Rockwell Int'l*

18   *Corp.*, 24 F.3d 1272, 1278 (10th Cir. 1994).

19    Accordingly, when a moving party introduces new matters for the first time on reply, the

20   court should either (1) strike the offending material or (2) give the opposing party an opportunity

21   to respond before the hearing on the motion.  *See Tovar v. United States Postal Serv.*, 3 F.3d

22   1271, 1273 n. 3 (9th Cir. 1993) (striking portions of reply that relied on new evidence outside the

---

[1] Stated differently, "[i]t is improper for the moving party to 'shift gears' and introduce new facts or different legal arguments in the reply brief than presented in the moving papers."  Schwarzer, Tashima & Wagstaffe, *Federal Civil Procedure Before Trial*, § 12:107 (The Rutter Group 2013) (citing *Lujan v. National Wildlife Federation*, 497 U.S. 871, 894-895 (1990) (striking supplemental affidavits)); *Zamani v. Carnes*, 491 F.3d 990, 997 (9th Cir. 2007) ("district court need not consider arguments raised for the first time in a reply brief").

STOEL RIVES LLP
ATTORNEYS
600 University Street, Suite 3600, Seattle, WA  98101
*Telephone (206) 624-0900*

1   record); *Nautilus Group, Inc. v. Icon Health & Fitness, Inc.*, 308 F. Supp. 2d 1208, 1214 (W.D.

2   Wash. 2003) (granting motion to strike new evidence submitted on reply).

3          The Montgomery Declaration violates these basic rules of fair play and should be

4   stricken in its entirety. *First,* Defendants' Motion to Dismiss Plaintiffs' claim for violation of

5   the Anti-Cybersquatting Protection Act ("ACPA") was centered *solely* on Plaintiffs' purported

6   failure to adequately *plead* allegations of bad faith intent to profit. *See* Dkt. 31-1 at 7-8. In

7   response, Plaintiffs' opposition brief clearly set forth, allegation-by-allegation in the *Complaint,*

8   Defendants' scheme to tarnish the Atigeo mark as punishment for Plaintiff's refusal to give in to

9   Defendants' extortionist conduct. Such conduct indisputably constitutes bad faith intent to profit

10  under the ACPA. Recognizing this, Defendants now purport to introduce the Montgomery

11  Declaration to "disavow" any bad faith on the part of Defendants. *See* Dkt. 36 at 2:19-20. Of

12  course, a motion to dismiss properly challenges the allegations contained in the four corners of

13  the complaint, or matters that are properly the subject of judicial notice. *See Arpin v. Santa Clara*

14  *Valley Transp. Agency*, 261 F.3d 912, 925 (9th Cir. 2001). There is no reason Defendants could

15  not have raised these alleged facts originally. The "new," extraneous facts contained in the

16  Montgomery Declaration cannot form the basis of a motion to dismiss. *See Schneider v.*

17  *California Dept. of Corrections*, 151 F.3d 1194, 1197 (9th Cir. 1998)("new" facts contained in a

18  pleading filed in opposition to a motion to dismiss are irrelevant for Rule 12(b)(6) purposes).

19         *Second,* in support of their anti-SLAPP motion to strike Plaintiffs' libel claim,

20  Defendants' argument centered *solely* on their contention that the false statements published

21  about Plaintiffs concerned a "public issue," purportedly protected under subsections (e)(3)-(4) of

22  the California Anti-SLAPP statute. *See* 31-1 at 10-12. Nevertheless, Defendants acknowledged

23  (Dkt. 31-1 at 1, 9) that, under California law, even if the statements at issue concerned a "public

24  issue," their motion must be denied if Plaintiffs can demonstrate sufficient probability of success.

25  However, in their motion, Defendants made no effort to establish that Plaintiffs' are unable to

26  prevail on their libel claim. Indeed, Defendants did not even attempt to establish the truthfulness

    of their statements or any other defense to a libel claim.

STOEL RIVES LLP
ATTORNEYS
600 University Street, Suite 3600, Seattle, WA  98101
Telephone (206) 624-0900

1    Now, for the first time on reply, Defendants attempt to proffer the Montgomery

2  Declaration to establish (1) "Montgomery's reasonable belief in publishing the statements in the

3  instant case" (Dkt. 36 at 11:20-21) and that (2) "Montgomery reasonably believed (and still does

4  believe) his statements regarding plaintiffs to be true" (*id.* at 12:20-21). In other words,

5  Montgomery now wants to argue and submit new purported "evidence" on reply that the

6  statements Defendants published about Plaintiffs were in fact true and, therefore, Plaintiffs

7  cannot prevail. Defendants' waiting until their reply brief to make this argument prevents

8  Plaintiffs from responding. The Local Rules of this Court and the law of this Circuit do not

9  allow this (irrespective of the inadmissibility of the evidence on its face).

10    Remarkably, the Montgomery Declaration reveals, for the first time, that the basis for

11  Montgomery's "belief" in the truth of the statements Defendants published about Plaintiffs is an

12  unverified complaint filed by Edra Blixseth in 2008 in the King County Superior Court. The

13  complaint is attached to the Montgomery Declaration as <u>Exhibit 2</u> (Dkt. 37-1). Defendants also

14  claim that this complaint undermines the affidavit of Edra Blixseth submitted by Plaintiffs in

15  opposition to Defendants' Motion. *See* Dkt. 36 at 13:9-10. However, Defendants neglect to

16  inform this Court (and the general public) that the King County Superior Court ***dismissed***

17  Blixseth's complaint in its entirety ***with prejudice***. Blixseth did not appeal from that ruling and

18  its stands final. Moreover, *nowhere* on Defendants' website do they attribute their false

19  statements to the allegations of this dismissed, unverified complaint. Instead, the false

20  statements published by Defendants are stated as facts, *not* opinions or allegations of a dismissed

21  complaint. Indeed, Defendants have only confirmed their liability.

22    For the foregoing reasons, Plaintiffs respectfully request that the Court strike the

23  Montgomery Declaration in its entirety as "new" information and argument submitted for the

24  first time on reply. In the event the Court decides to consider such "new" information and

25  arguments, Plaintiffs respectfully request leave to file a surreply to address the new information.

26

STOEL RIVES LLP
ATTORNEYS
600 University Street, Suite 3600, Seattle, WA  98101
Telephone (206) 624-0900

1    DATED:  November 27, 2013.

Respectfully submitted,

2

STOEL RIVES LLP

3

s/ Brian C. Park

4

Brian C. Park, WSBA No.
5    Maren R. Norton, WSBA No.
Hunter Ferguson, WSBA No.
6    600 University Street, Suite 3600
Seattle, WA  98101
7    Telephone:  (206) 624-0900
Facsimile:  (206) 386-7500
8    bcpark@stoel.com
mrnorton@stoel.com
9    hoferguson@stoel.com

10

Attorneys for Atigeo LLC
11

12

BARON & BUDD, P.C.
13

s/ Roland K. Tellis
14

Roland K. Tellis, *Admitted Pro Hac Vice*
15    15910 Ventura Boulevard, Suite 1600
Encino, CA  91436
16    Telephone:  (818) 839-2333
Facsimile:  (818) 986-9698
17    rtellis@baronbudd.com

18

Attorney for Atigeo LLC
19    and Michael Sandoval

20

21

22

23

24

25

26

PLAINTIFFS' SURREPLY
(No. 2:13-cv-01694 JLR) - 4

75116673.1 0009074-00012

1

### CERTIFICATE OF SERVICE

2      I hereby certify that I caused a true and correct copy of the foregoing to be electronically
3  filed with the Clerk of the Court using the CM/ECF system, which will send notification of such
   filing to the following participants:

4

Paul Edward Brain      pbrain@paulbrainlaw.com, jdavenport@paulbrainlaw.com
5
Shellie McGaughey      shellie@mcbdlaw.com, katie@mcbdlaw.com
6

7                                      Stoel Rives LLP

8
                                       s/ Melissa Wood
9                                      Melissa Wood, Legal Secretary
                                       Dated at Seattle, WA on November 27, 2013
10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26
   PLAINTIFFS' SURREPLY
   (No. 2:13-cv-01694 JLR) - 5

   75116673.1 0009074-00012