The Honorable James L. Robart

1

2

3

4

5

6

7

UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WASHINGTON

8

9   ATIGEO LLC, a Washington limited liability )
    company; and MICHAEL SANDOVAL, an     )   NO. 2:13-cv-01694
10  individual,                            )
                                           )   **DECLARATION OF PETER NIERMAN**
11          Plaintiffs,                     )   **IN SUPPORT OF ISTVAN BURGYAN'S**
                                           )   **MOTION FOR SUMMARY JUDGMENT**
12  vs.                                     )
                                           )
13  OFFSHORE LIMITED D, a California        )
14  business organization, form unknown;   )
    OFFSHORE LMITED D, a California         )
15  partnership; DENNIS MONTGOMERY,        )
    individually and as a partner of Offshore )
16  Limited D; ISTVAN BURGYAN,             )
    individually and as a partner of Offshore )
17  Limited D; DEMARATECH, LLC, a          )
    California limited liability company; and )
18  DOES 1-10, inclusive,                  )
                                           )
19          Defendant.                      )
    _____)

20

        I, Peter Nierman, do hereby declare:

21

        1.      I am of legal age, competent to testify to the matters herein, and do so on my

22

own personal knowledge.

23

        2.      I am an attorney for defendants Dennis Montgomery and Istvan Burgyan in this

24

25

**DECLARATION OF PETER NIERMAN - 1 -**

McGAUGHEY BRIDGES DUNLAP PLLC
325 – 118TH AVENUE SOUTHEAST, SUITE 209
BELLEVUE, WASHINGTON 98005 – 3539
(425) 462 – 4000
(425) 637 – 9638 FACSIMILE

1   case.

2       3.     Attached to this declaration as Exhibit 1 is a true and correct copy of Istvan

3   Burgyan's Responses to Atigeo LLC's First Interrogatories and Requests for Production of

4   Documents, dated February 7, 2014.

5       **I declare under penalty of perjury under the laws of the state of Washington that**

6   **the foregoing is true and correct.**

7

8       DATED this 28th day of February, 2014.

9

                        */s/Peter Nierman*

10                           Peter Nierman, WSBA #44636

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

**DECLARATION OF PETER NIERMAN - 2 -**

McGAUGHEY BRIDGES DUNLAP PLLC
325 – 118TH AVENUE SOUTHEAST, SUITE 209
BELLEVUE, WASHINGTON 98005 – 3539
(425) 462 – 4000
(425) 637 – 9638 FACSIMILE

Exhibit 1

1                                 THE HONORABLE JAMES L. ROBART

2

3

4

5

6

7                          UNITED STATES DISTRICT COURT
                     WESTERN DISTRICT OF WASHINGTON
8                                AT SEATTLE

9  ATIGEO LLC, a Washington limited          Civil Action No. 2:13-cv-1694
   liability company, and MICHAEL
10 SANDOVAL, an individual; and,         **ATIGEO LLC'S FIRST SET OF**
                                       **INTERROGATORIES AND REQUESTS**
11                  Plaintiffs,         **FOR PRODUCTION OF DOCUMENTS**
                                         **DIRECTED TO ISTVAN BURGYAN**
12       vs.·

                                        ***AND ISTVAN BURGYAN'S RESPONSES***
13 OFFSHORE LIMITED D, a California       ***THERETO***
   partnership; DENNIS MONTGOMERY,
14 individually and as a partner of Offshore
   Limited D; ISTVAN BURGYAN,
15 individually and as a partner of Offshore
   Limited D; DEMARATECH, LLC, a
16 California limited liability company; and
   DOES 1-25, inclusive;,
17
                 Defendants.
18

19         Istvan Burgyan (hereinafter "Burgyan" or "defendant"), by and through his counsel of

20 record, hereby answers Atigeo's First Interrogatories and Request for Production, and makes the

21 following objections:

22                               **GENERAL OBJECTIONS**
23

24       1.     Defendant objects to the extent that the discovery requests exceed the scope

25 allowed under CR 26, CR 33 and CR 34.

26

ATIGEO LLC'S FIRST DISCOVERY REQUESTS
DIRECTED TO ISTVAN BURGYAN *AND ISTVAN*
*BURGYAN'S RESPONSES THERETO* (No. 2:13-cv-1694) - 1

                                                   STOEL RIVES LLP
                                       600 University Street, Ste. 3600
                                       Seattle, Washington 98101
                                       (206) 624-0900

1       2.      Defendant objects to the extent any request seeks information and/or documents

2  not in the possession, custody or control of defendant.

3       3.      Defendant objects to the extent the requests seek information that was prepared,

4  generated, or received in anticipation of, or after, the commencement of this litigation and to the

5  extent that it seeks information and/or documents which are subject to the work product doctrine

6  or any other privilege.   In addition, defendant objects to plaintiff's instruction that these

7  interrogatories and discovery requests require information known to defendant's attorneys,

8  representatives, and agents which is protected by the work product privilege.  Defendants will

9  assume that requests do not seek attorney-client communications related to this litigation and do

10  not waive any objection that responsive information is subject to that privilege.

11       4.      Defendant also does not waive any privileges contained in RCW 5.60.060,

12  including, but not limited to, the attorney-client privilege.

13

14

15  **SPECIFIC OBJECTIONS**

16       1.      Defendant objects to plaintiff's instruction number one pertaining to the

17  definition of "business entity." This instruction is both vague and overbroad to the extent that it

18  includes directors, officers, employees, agents, clients or other representatives of affiliated third

19  parties.

20       2.      Defendant objects to plaintiff's instruction number four to the extent that plaintiff

21  seeks documents in the custody or control of defendant's agents, accountants, representatives or

22  attorneys.  To the extent such individuals have knowledge of unprivileged facts, then such will

23  be provided in the responses below, but to the extent this request seeks information that is

24

25

26

ATIGEO LLC'S FIRST DISCOVERY REQUESTS
DIRECTED TO ISTVAN BURGYAN *AND ISTVAN*
*BURGYAN'S RESPONSES THERETO* (No. 2:13-cv-1694) - 2

STOEL RIVES LLP
600 University Street, Ste. 3600
Seattle, Washington 98101
(206) 624-0900

1    protected by attorney-client privilege or the work product privilege, then said requests are

2    outside the scope of FRCP 26 and will not be answered.

3        3.    Defendant objects to plaintiff's definition of the term "person" in that it includes

4    defendant's agents, attorneys, accountants, consultants, and/or representatives.  This definition

5    is beyond the permissible scope of discovery under FRCP 26.  To the extent such individuals

6    have knowledge of unprivileged facts, then such will be provided in the answers below, but to

7    the extent this request seeks information that is protected by attorney-client privilege or the

8    work product privilege, then said requests are outside the scope of FRCP 26 and will not be

9    answered.

10

11       4.    Defendant objects to plaintiff's definition of the term "identify" as described in

12   section 7(d)(iv) in that it instructs defendant to "identify" each and every person who "may

13   have" seen or heard a particular communication.  Plaintiff's definition is overly burdensome,

14   oppressive and places upon the defendant obligations not contemplated under FRCP 26.  Certain

15   responsive communications may have been circulated to dozens of individuals -- or entire

16   companies for that matter.  It is not for defendant to speculate as to each and every individual

17

18   who "may" have come across a responsive communication.

19       5.    Defendant objects to plaintiff's definition of the terms "you," "your," and

20   "defendant(s)" to the extent it includes defendant's agents, related entities, owners, affiliates,

21   representatives, accountants, attorneys, and any other person who, or entity that, is affiliated

22   with, has acted, and/or is acting for on behalf of defendant.  This definition is overly broad and

23

24   beyond the permissible scope of discovery under FRCP 26.  To the extent such individuals have

25   knowledge of unprivileged facts, and provision of such is within the scope FRCP 26, then

26

ATIGEO LLC'S FIRST DISCOVERY REQUESTS
DIRECTED TO ISTVAN BURGYAN *AND ISTVAN
BURGYAN'S RESPONSES THERETO* (No. 2:13-cv-1694) - 3

STOEL RIVES LLP
600 University Street, Ste. 3600
Seattle, Washington  98101
(206) 624-0900

1  information/documents will be provided in the answers below.   However, to the extent this

2  request seeks information that is protected by attorney-client privilege or the work product

3  privilege, said requests are outside the scope of FRCP 26 and will not be answered.

4        6.     Defendant objects to plaintiff's expansive definitions of terms contained in pages

5  4 through 8 to the extent such definitions are an attempt to circumvent the limitations on

6

7  discovery.

8                                   Peter Nierman, WSBA #44636

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

ATIGEO LLC'S FIRST DISCOVERY REQUESTS
DIRECTED TO ISTVAN BURGYAN *AND ISTVAN*
*BURGYAN'S RESPONSES THERETO* (No. 2:13-cv-1694) - 4

STOEL RIVES LLP
600 University Street, Ste. 3600
Seattle, Washington  98101
(206) 624-0900

1

**INTERROGATORIES**

2     **INTERROGATORY NO. 1:** IDENTIFY and describe with particularity all devices,

3 servers, and methods (specifically hardware, software, and systems), including location, used to

4 store the documents referenced in Defendants' Initial Disclosures and the documents produced in

5 response to Atigeo's Requests for Production in the above-captioned case.

6     **ANSWER: Defendant does not possess any knowledge regarding the subject matter**

7 **of this lawsuit. The only responsive documents he may have in his possession relate to the**

8 **formation of Demaratech, LLC. These documents are believed to be in a storage unit in**

9 **California.**

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

ATIGEO LLC'S FIRST DISCOVERY REQUESTS
DIRECTED TO ISTVAN BURGYAN *AND ISTVAN
BURGYAN'S RESPONSES THERETO* (No. 2:13-cv-1694) - 5

STOEL RIVES LLP
600 University Street, Ste. 3600
Seattle, Washington 98101
(206) 624-0900

1

**REQUESTS FOR PRODUCTION**

2    **RFP NO. 1:** Please produce all DOCUMENTS REGARDING the formation of Offshore

3    Limited D.

4    **RESPONSE:** **Defendant has no knowledge regarding the company known as**

5    **"Offshore Limited D." As such, there are no responsive documents to provide.**

6

7

8    **RFP NO. 2:**   Please produce all DOCUMENTS REGARDING the ownership of

9    Offshore Limited D.

10    **RESPONSE:** **Defendant has no knowledge regarding the company known as**

11    **"Offshore Limited D." As such, there are no responsive documents to provide.**

12

13

14    **RFP NO. 3:** Please produce all minutes of meetings conducted by Offshore Limited D.

15    **RESPONSE:** **Defendant has no knowledge regarding the company known as**

16    **"Offshore Limited D." As such, there are no responsive documents to provide.**

17

18

19    **RFP NO. 4:** Please produce all DOCUMENTS reflecting the employees of Offshore

20    Limited D.

21    **RESPONSE:** **Defendant has no knowledge regarding the company known as**

22    **"Offshore Limited D." As such, there are no responsive documents to provide.**

23

24

25

26

ATIGEO LLC'S FIRST DISCOVERY REQUESTS
DIRECTED TO ISTVAN BURGYAN *AND ISTVAN
BURGYAN'S RESPONSES THERETO* (No. 2:13-cv-1694) - 6

STOEL RIVES LLP
600 University Street, Ste. 3600
Seattle, Washington  98101
(206) 624-0900

1    **RFP NO. 5:**  Please produce all DOCUMENTS reflecting the directors or officers of

2    Offshore Limited D.

3    **RESPONSE: Defendant has no knowledge regarding the company known as**

4    **"Offshore Limited D." As such, there are no responsive documents to provide.**

5

6

7    **RFP NO. 6:**  Please produce all DOCUMENTS reflecting the partners of Offshore

8    Limited D.

9    **RESPONSE: Defendant has no knowledge regarding the company known as**

10   **"Offshore Limited D." As such, there are no responsive documents to provide.**

11

12

13

14   **RFP NO. 7:**  Please produce all operating agreements of Offshore Limited D.

15   **RESPONSE: Defendant has no knowledge regarding the company known as**

16   **"Offshore Limited D." As such, there are no responsive documents to provide.**

17

18

19   **RFP NO. 8:**  Please produce all partnership agreements REGARDING Offshore

20   Limited D.

21   **RESPONSE: Defendant has no knowledge regarding the company known as**

22   **"Offshore Limited D." As such, there are no responsive documents to provide.**

23

24

25

26

ATIGEO LLC'S FIRST DISCOVERY REQUESTS
DIRECTED TO ISTVAN BURGYAN *AND ISTVAN*
*BURGYAN'S RESPONSES THERETO* (No. 2:13-cv-1694) - 7

STOEL RIVES LLP
600 University Street, Ste. 3600
Seattle, Washington  98101
(206) 624-0900

1    **RFP NO. 9:**  Please produce all DOCUMENTS reflecting Offshore Limited D's place

2    of business.

3    **RESPONSE:** **Defendant has no knowledge regarding the company known as**

4    **"Offshore Limited D." As such, there are no responsive documents to provide.**

5

6

7    **RFP NO. 10:**  Please produce all DOCUMENTS reflecting any licenses held by

8    Offshore Limited D.

9    **RESPONSE:** **Defendant has no knowledge regarding the company known as**

10   **"Offshore Limited D." As such, there are no responsive documents to provide.**

11

12

13   **RFP NO. 11:**  Please produce all DOCUMENTS reflecting any permits held by

14   Offshore Limited D.

15   **RESPONSE:** **Defendant has no knowledge regarding the company known as**

16   **"Offshore Limited D." As such, there are no responsive documents to provide.**

17

18

19   **RFP NO. 12:**  Please produce all shareholder certificates REGARDING Offshore

20   Limited D.

21   **RESPONSE:** **Defendant has no knowledge regarding the company known as**

22   **"Offshore Limited D." As such, there are no responsive documents to provide.**

23

24

25

26

ATIGEO LLC'S FIRST DISCOVERY REQUESTS
DIRECTED TO ISTVAN BURGYAN *AND ISTVAN
BURGYAN'S RESPONSES THERETO* (No. 2:13-cv-1694) - 8

STOEL RIVES LLP
600 University Street, Ste. 3600
Seattle, Washington 98101
(206) 624-0900

1    **RFP NO. 13:**  Please produce all DOCUMENTS reflecting the domain names owned
2    by Offshore Limited D.

3    **RESPONSE:** Defendant has no knowledge regarding the company known as
4    **"Offshore Limited D."  As such, there are no responsive documents to provide.**

5

6

7    **RFP NO. 14:**  Please produce all DOCUMENTS reflecting the websites formed by
8    Offshore Limited D.

9    **RESPONSE:** Defendant has no knowledge regarding the company known as
10   **"Offshore Limited D."  As such, there are no responsive documents to provide.**

11

12

13   **RFP NO. 15:**  Please produce all DOCUMENTS REGARDING the formation of
14   Demaratech, LLC

15   **RESPONSE:  Demaratech LLC has not conducted any business since 2010.  It is**
16   **believed the only remaining documents from this business pertain to corporate formation**
17   **(i.e. articles of incorporation).    However, defendant does not currently have these**
18   **documents in his possession as they are believed to be kept in a storage facility in**
19   **California.  Defendant will supplement this Request as documents become available.**

20

21

22   **RFP NO. 16:**  Please produce all DOCUMENTS REGARDING the ownership of
23   Demaratech, LLC.

24   **RESPONSE:  Demaratech LLC has not conducted any business since 2010.  It is**
25   **believed the only remaining documents from this business pertain to corporate formation**
26   **(i.e. articles of incorporation).    However, defendant does not currently have these**

ATIGEO LLC'S FIRST DISCOVERY REQUESTS
DIRECTED TO ISTVAN BURGYAN *AND ISTVAN*
*BURGYAN'S RESPONSES THERETO* (No. 2:13-cv-1694) - 9

STOEL RIVES LLP
600 University Street, Ste. 3600
Seattle, Washington  98101
(206) 624-0900

1   documents in his possession as they are believed to be kept in a storage facility in

2   California. Defendant will supplement this Request as documents become available.

3

4

5   **RFP NO. 17**: Please produce all minutes of meetings conducted by Demaratech, LLC.

6   **RESPONSE**: Demaratech LLC has not conducted any business since 2010 and

7   defendant does not have any meeting minutes in his possession.

8

9

10   **RFP NO. 18**:   Please produce all DOCUMENTS reflecting the employees of

11   Demaratech, LLC.

12   **RESPONSE**:   Demaratech LLC has not conducted any business since 2010, and

13   defendant has not retained any documents which reflect the company's former employees.

14   Thus, there are no responsive documents to produce.

15

16

17   **RFP NO. 19**: Please produce all DOCUMENTS reflecting the directors or officers of

18   Demaratech, LLC.

19   **RESPONSE**: Demaratech LLC has not conducted any business since 2010.  It is

20   believed the only remaining documents from this business pertain to corporate formation

21   (i.e. articles of incorporation).   However, defendant does not currently have these

22   documents in his possession as they are believed to be kept in a storage facility in

23   California. Defendant will supplement this Request as documents become available.

24

25

26

ATIGEO LLC'S FIRST DISCOVERY REQUESTS
DIRECTED TO ISTVAN BURGYAN *AND ISTVAN
BURGYAN'S RESPONSES THERETO* (No. 2:13-cv-1694) - 10

1    **RFP NO. 20:**  Please produce all operating agreements REGARDING Demaratech,

2    LLC.

3    **RESPONSE:** Demaratech LLC has not conducted any business since 2010.  It is

4    believed the only remaining documents from this business pertain to corporate formation

5    (i.e. articles of incorporation).   However, defendant does not currently have these

6    documents in his possession as they are believed to be kept in a storage facility in

7    California. Defendant will supplement this Request as documents become available.

8

9

10    **RFP NO. 21:**   Please produce all DOCUMENTS reflecting the members of

11    Demaratech, LLC.

12    **RESPONSE:** Demaratech LLC has not conducted any business since 2010.  It is

13    believed the only remaining documents from this business pertain to corporate formation

14    (i.e. articles of incorporation).   However, defendant does not currently have these

15    documents in his possession as they are believed to be kept in a storage facility in

16    California. Defendant will supplement this Request as documents become available.

17

18

19

20    **RFP NO. 22:**  Please produce all DOCUMENTS reflecting Demaratech, LLC's place

21    of business.

22    **RESPONSE:** Demaratech LLC has not conducted any business since 2010.  It is

23    believed the only remaining documents from this business pertain to corporate formation

24    (i.e. articles of incorporation).   However, defendant does not currently have these

25    documents in his possession as they are believed to be kept in a storage facility in

26    California. Defendant will supplement this Request as documents become available.

ATIGEO LLC'S FIRST DISCOVERY REQUESTS
DIRECTED TO ISTVAN BURGYAN *AND ISTVAN
BURGYAN'S RESPONSES THERETO* (No. 2:13-cv-1694) - 11

STOEL RIVES LLP
600 University Street, Ste. 3600
Seattle, Washington  98101
(206) 624-0900

1

2      **RFP NO. 23**:  Please produce all DOCUMENTS reflecting any licenses held by

3  Demaratech, LLC.

4      **RESPONSE**:  **Demaratech LLC has not conducted any business since 2010.  It is**

5  **believed the only remaining documents from this business pertain to corporate formation**

6  **(i.e. articles of incorporation).    However, defendant does not currently have these**

7  **documents in his possession as they are believed to be kept in a storage facility in**

8  **California.  The only license held by Demaratech was a California business license which**

9  **may be kept in this storage facility.  Defendant will supplement this Request as documents**

10  **become available.**

11

12

13

14      **RFP NO. 24**:  Please produce all DOCUMENTS reflecting any permits held by

15  Demaratech, LLC.

16      **RESPONSE**:  **Demaratech did not have any permits.**

17

18

19

20      **RFP NO. 25**:  Please produce all DOCUMENTS reflecting the domain names owned by

21  Demaratech, LLC.

22      **RESPONSE**:  **Demaratech did not own any domain names.**

23

24

25

26

ATIGEO LLC'S FIRST DISCOVERY REQUESTS
DIRECTED TO ISTVAN BURGYAN *AND ISTVAN
BURGYAN'S RESPONSES THERETO* (No. 2:13-cv-1694) - 12

STOEL RIVES LLP
600 University Street, Ste. 3600
Seattle, Washington  98101
(206) 624-0900

1    **RFP NO. 26:**   Please produce all DOCUMENTS reflecting the websites formed by

2    Demaratech, LLC.

3    **RESPONSE: Demaratech has not formed any websites.**

4

5

6    **RFP NO. 27:**   Please produce all DOCUMENTS reflecting the domain names owned

7    by you.

8    **RESPONSE:  Defendant does not currently own any domain names.  Defendant did**

9    **previously own the domain name, moveproductionsllc.com.**

10

11

12    **RFP NO. 28:**   Please produce all DOCUMENTS reflecting the websites owned by you.

13    **RESPONSE: Please see the attached renewal e-mails from Network Solutions to**

14    **defendant.   Defendant no longer has any other responsive documents in his possession**

15    **related to moveproductionsllc.com.**

16

17

18    **RFP NO. 29:**   Please produce all DOCUMENTS REGARDING the formation of any

19    entity involved in any aspect of the SUBJECT DOMAIN NAMES.

20    **RESPONSE:   As defendant did not play any role in creating the subject domain**

21    **names, there is nothing to provide.**

22

23

24

25

26

ATIGEO LLC'S FIRST DISCOVERY REQUESTS
DIRECTED TO ISTVAN BURGYAN *AND ISTVAN*
*BURGYAN'S RESPONSES THERETO* (No. 2:13-cv-1694) - 13

1    **RFP NO. 30:**  Please produce all DOCUMENTS REGARDING the formation of any

2    entity involved in any aspect of the SUBJECT WEBSITES.

3    **RESPONSE: As defendant did not play any role in creating the subject websites,**

4    **there is nothing to provide.**

5

6

7    **RFP NO. 31:**  Please produce all COMMUNICATIONS between you and any person

8    REGARDING Offshore Limited D.

9    **RESPONSE: Defendant has no knowledge regarding the company known as**

10   **"Offshore Limited D." As such, there are no responsive documents to provide.**

11

12

13   **RFP NO. 32:**  Please produce all COMMUNICATIONS between any pseudonym used

14   by you (including Clark Kent, David Webb, Linda Stevens, nCoder) and any person

15   REGARDING Offshore Limited D.

16   **RESPONSE: Defendant does not use any pseudonyms nor does he have knowledge**

17   **regarding the company known as "Offshore Limited D." As such, there are no responsive**

18   **documents to provide.**

19

20

21

22   **RFP NO. 33:**  Please produce all COMMUNICATIONS between you and any person

23   REGARDING Demaratech, LLC.

24   **RESPONSE: Object to the extent this Request is overly broad, unduly burdensome**

25   **and oppressive in that it is not reasonably limited in time or to the subject matter of this**

26

ATIGEO LLC'S FIRST DISCOVERY REQUESTS
DIRECTED TO ISTVAN BURGYAN *AND ISTVAN
BURGYAN'S RESPONSES THERETO* (No. 2:13-cv-1694) - 14

STOEL RIVES LLP
600 University Street, Ste. 3600
Seattle, Washington  98101
(206) 624-0900

1  litigation.  Without waiving said objection, as Demaratech has not conducted any business

2  since 2010, defendant no longer has any responsive communications in his possession.

3

4

5                                    Peter Nierman, WSBA #44636

6

7

8      **RFP NO. 34:**  Please produce all COMMUNICATIONS between any pseudonym used

9  by you (including Clark Kent, David Webb, Linda Stevens, nCoder) and any person

10 REGARDING Demaratech, LLC.

11     **RESPONSE: Defendant has never used any pseudonyms.  As such, there are no**

12 **responsive documents to provide.**

13

14

15     **RFP NO. 35:**  Please produce all DOCUMENTS REGARDING the registration or use

16 of the SUBJECT DOMAIN NAMES.

17     **RESPONSE: As defendant did not play any role in creating the subject domain**

18 **names, there is nothing to provide.**

19

20

21     **RFP NO. 36:**  Please produce all DOCUMENTS REGARDING the creation or use of

22 the SUBJECT WEBSITES.

23     **RESPONSE: As defendant did not play any role in creating the subject websites**

24 **names, there is nothing to provide.**

25

26

ATIGEO LLC'S FIRST DISCOVERY REQUESTS
DIRECTED TO ISTVAN BURGYAN *AND ISTVAN
BURGYAN'S RESPONSES THERETO* (No. 2:13-cv-1694) - 15

STOEL RIVES LLP
600 University Street, Ste. 3600
Seattle, Washington  98101
(206) 624-0900

1    **RFP NO. 37:**  Please produce all COMMUNICATIONS between you and any person

2  REGARDING the SUBJECT DOMAIN NAMES.

3    **RESPONSE: Object to the extent this Request invades the attorney-client and/or**

4  **work product privilege or seek documents prepared in anticipation of litigation.  Without**

5  **waiving said objection, as defendant did not play any role in creating the subject domain**

6  **names, there is nothing to provide.**

7

8                                          Peter Nierman, WSBA #44636

9

10

11    **RFP NO. 38:**  Please produce all COMMUNICATIONS between you and any person

12  REGARDING the SUBJECT WEBSITES.

13    **RESPONSE: Object to the extent this Request invades the attorney-client and/or**

14  **work product privilege or seek documents prepared in anticipation of litigation.  Without**

15  **waiving said objection, as defendant did not play any role in creating the subject websites,**

16  **there is nothing to provide.**

17

18                                          Peter Nierman, WSBA #44636

19

20

21    **RFP NO. 39:**  Please produce all COMMUNICATIONS between any pseudonym used

22  by you (including Clark Kent, David Webb, Linda Stevens, nCoder) and any person

23  REGARDING the SUBJECT DOMAIN NAMES.

24    **RESPONSE:  Defendant has never used any pseudonyms.  There are no responsive**

25  **documents to provide.**

26

ATIGEO LLC'S FIRST DISCOVERY REQUESTS
DIRECTED TO ISTVAN BURGYAN *AND ISTVAN
BURGYAN'S RESPONSES THERETO* (No. 2:13-cv-1694) - 16

STOEL RIVES LLP
600 University Street, Ste. 3600
Seattle, Washington  98101
(206) 624-0900

1

2      **RFP NO. 40:** Please produce all COMMUNICATIONS between any pseudonym used

3      by you (including Clark Kent, David Webb, Linda Stevens, nCoder) and any person

4      REGARDING the SUBJECT WEBSITES.

5      **RESPONSE:** **Defendant has never used any pseudonyms.   There are no responsive**

6      **documents to provide.**

7

8

9      **RFP NO. 41:**   Please produce all COMMUNICATIONS between you and Network

10     Solutions REGARDING the SUBJECT DOMAIN NAMES.

11     **RESPONSE:** **As defendant did not play any role in creating the subject domain**

12     **names, there is nothing to provide.**

13

14

15     **RFP NO. 42:**   Please produce all COMMUNICATIONS between you and Network

16     Solutions REGARDING the SUBJECT WEBSITES.

17     **RESPONSE:** **As defendant did not play any role in creating the subject websites**

18     **names, there is nothing to provide.**

19

20

21     **RFP NO. 43:**   Please produce all COMMUNICATIONS between you and Network

22     Solutions regarding account number 27945118.

23     **RESPONSE:** **Defendant has no knowledge regarding this account number and,**

24     **thus, has no responsive documents in his possession.**

25

26

ATIGEO LLC'S FIRST DISCOVERY REQUESTS
DIRECTED TO ISTVAN BURGYAN *AND ISTVAN*
*BURGYAN'S RESPONSES THERETO* (No. 2:13-cv-1694) - 17

1    **RFP NO. 44:**  Please produce all COMMUNICATIONS between you and any person

2    REGARDING Atigeo LLC.

3    **RESPONSE:** **Object to the extent this Request invades the attorney-client and/or**

4    **work product privilege or seek documents prepared in anticipation of litigation.  Without**

5    **waiving said objection, defendant has no responsive documents in his possession.**

6

7    Peter Nierman, WSBA #44636

8

9

10

11   **RFP NO. 45:**  Please produce all COMMUNICATIONS between any pseudonym used

12   by you (including Clark Kent, David Webb, Linda Stevens, nCoder) and any person

13   REGARDING Atigeo LLC.

14   **RESPONSE:** **Defendant has never used any pseudonyms.  There are no responsive**

15   **documents to provide.**

16

17

18   **RFP NO. 46:**  Please produce all COMMUNICATIONS between you and any person

19   REGARDING Atigeo LLC's subsidiaries.

20   **RESPONSE:** **Object to the extent this Request invades the attorney-client and/or**

21   **work product privilege or seek documents prepared in anticipation of litigation.  Without**

22   **waiving said objection, defendant has no responsive documents in his possession.**

23

24

25   Peter Nierman, WSBA #44636

26

ATIGEO LLC'S FIRST DISCOVERY REQUESTS
DIRECTED TO ISTVAN BURGYAN *AND ISTVAN
BURGYAN'S RESPONSES THERETO* (No. 2:13-cv-1694) - 18

STOEL RIVES LLP
600 University Street, Ste. 3600
Seattle, Washington  98101
(206) 624-0900

1

2       **RFP NO. 47**: Please produce all COMMUNICATIONS between any pseudonym used

3    by you (including Clark Kent, David Webb, Linda Stevens, nCoder) and any person

4    REGARDING Atigeo LLC's subsidiaries.

5       **RESPONSE: Defendant has never used any pseudonyms.  As such, there are no**

6    **responsive documents to provide.**

7

8

9

10      **RFP NO. 48**:  Please produce all COMMUNICATIONS between you and Atigeo LLC,

11    including communications with any of Atigeo LLC's employees.

12      **RESPONSE:  Defendant does not have any responsive documents in his possession.**

13

14

15

16      **RFP NO. 49**:  Please produce all COMMUNICATIONS between any pseudonym used

17    by you (including Clark Kent, David Webb, Linda Stevens, nCoder) and Atigeo LLC,

18    including communications with any of Atigeo LLC's employees.

19      **RESPONSE: Defendant has never used any pseudonyms.  As such, there are no**

20    **responsive documents to provide.**

21

22

23      **RFP NO. 50**:  Please produce all COMMUNICATIONS between you and any person

24    REGARDING Michael Sandoval.

25

26

ATIGEO LLC'S FIRST DISCOVERY REQUESTS
DIRECTED TO ISTVAN BURGYAN *AND ISTVAN
BURGYAN'S RESPONSES THERETO* (No. 2:13-cv-1694) - 19

STOEL RIVES LLP
600 University Street, Ste. 3600
Seattle, Washington  98101
(206) 624-0900

1    **RESPONSE**: Object to the extent this Request invades the attorney-client and/or

2    work product privilege or seek documents prepared in anticipation of litigation.  Without

3    waiving said objection, defendant has no responsive documents in his possession.

4

5

6                                                      Peter Nierman, WSBA #44636

7

8

9    **RFP NO. 51**:  Please produce all COMMUNICATIONS between any pseudonym used

10   by you (including Clark Kent, David Webb, Linda Stevens, nCoder) and any person

11   REGARDING Michael Sandoval.

12   **RESPONSE**: Defendant has never used any pseudonyms.  As such, there are no

13   responsive documents to provide.

14

15

16   **RFP NO. 52**:   Please produce all COMMUNICATIONS between you and Michael

17   Sandoval.

18   **RESPONSE**:  The only communications defendant can recall between himself and

19   Michael Sandoval have been verbal.  There is nothing to produce.

20

21

22   **RFP NO. 53**:  Please produce all COMMUNICATIONS between any pseudonym used

23   by you (including Clark Kent, David Webb, Linda Stevens, nCoder) and Michael Sandoval.

24   **RESPONSE**: Defendant has never used any pseudonyms.  As such, there are no

25   responsive documents to provide.

26

ATIGEO LLC'S FIRST DISCOVERY REQUESTS
DIRECTED TO ISTVAN BURGYAN *AND ISTVAN
BURGYAN'S RESPONSES THERETO* (No. 2:13-cv-1694) - 20

STOEL RIVES LLP
600 University Street, Ste. 3600
Seattle, Washington  98101
(206) 624-0900

1

2     **RFP NO. 54**:  Please produce all COMMUNICATIONS between you and Western

3 Capital Partners.

4     **RESPONSE**:  **Defendant has no responsive documents in his possession.**

5

6

7     **RFP NO. 55**:  Please produce all COMMUNICATIONS between any pseudonym used

8 by you (including Clark Kent, David Webb, Linda Stevens, nCoder) and Western Capital

9 Partners.

10     **RESPONSE**: **Defendant has never used any pseudonyms.  As such, there are no**

11 **responsive documents to provide.**

12

13

14     **RFP NO. 56**:  Please produce all COMMUNICATIONS between you and Jeff Adams.

15     **RESPONSE**:  **Defendant has never heard of Jeff Adams and, thus, has no**

16 **responsive documents in his possession.**

17

18

19     **RFP NO. 57**:  Please produce all COMMUNICATIONS between any pseudonym used

20 by you (including Clark Kent, David Webb, Linda Stevens, nCoder) and Jeff Adams.

21     **RESPONSE**: **Defendant has never used any pseudonyms.  As such, there are no**

22 **responsive documents to provide.**

23

24

25

26

STOEL RIVES LLP
600 University Street, Ste. 3600
Seattle, Washington 98101
(206) 624-0900

1    **RFP NO. 58**:  Please produce all COMMUNICATIONS between you and any lawyers

2  representing Western Capital Partners, including Robert Hatch and Joseph Novak.

3    **RESPONSE: Defendant has no responsive documents in his possession.**

4

5

6

7    **RFP NO. 59**:  Please produce all COMMUNICATIONS between any pseudonym used

8  by you (including Clark Kent, David Webb, Linda Stevens, nCoder) and any lawyers

9  representing Western Capital Partners, including Robert Hatch and Joseph Novak.

10    **RESPONSE: Defendant has never used any pseudonyms.   As such, there are no**

11  **responsive documents to provide.**

12

13

14

15

16

17    **RFP NO. 60**:   Please produce all COMMUNICATIONS between you and Edra

18  Blixseth.

19    **RESPONSE:  Defendant's communications with Edra Blixseth have all been verbal.**

20  **As such, there are no responsive documents to provide.**

21

22

23

24    **RFP NO. 61**:  Please produce all COMMUNICATIONS between any pseudonym used

25  by you (including Clark Kent, David Webb, Linda Stevens, nCoder) and any lawyers

26  representing Edra Blixseth.

ATIGEO LLC'S FIRST DISCOVERY REQUESTS
DIRECTED TO ISTVAN BURGYAN *AND ISTVAN
BURGYAN'S RESPONSES THERETO* (No. 2:13-cv-1694) - 22

STOEL RIVES LLP
600 University Street, Ste. 3600
Seattle, Washington  98101
(206) 624-0900

1      **RESPONSE**: Defendant has never used any pseudonyms.  As such, there are no

2  responsive documents to provide.

3

4

5

6      **RFP NO. 62**:  Please produce all COMMUNICATIONS between you and Timothy

7  Blixseth.

8      **RESPONSE**: Defendant's communications with Timothy Blixseth have all been

9  verbal.  As such, there are no responsive documents to provide.

10

11

12

13      **RFP NO. 63**:  Please produce all COMMUNICATIONS between any pseudonym used

14  by you (including Clark Kent, David Webb, Linda Stevens, nCoder) and any lawyers

15  representing Timothy Blixseth.

16      **RESPONSE**: Defendant has never used any pseudonyms.  As such, there are no

17  responsive documents to provide.

18

19

20      **RFP NO. 64**:  Please produce all DOCUMENTS REGARDING the following

21  statement made on the SUBJECT WEBSITES: That Atigeo billed a client for "nonexistent

22  development work."

23      **RESPONSE**: Defendant did not participate in the creation of the subject websites

24  nor does he have knowledge regarding any statements posted on the websites. Thus, there

25  is nothing to produce.

26

STOEL RIVES LLP
600 University Street, Ste. 3600
Seattle, Washington 98101
(206) 624-0900

1

2

3     **RFP NO. 65:**   Please produce all DOCUMENTS REGARDING the following

4 statement made on the SUBJECT WEBSITES: That "Edra Blixseth place[d] $7mil into

5 [Atigeo] accounts as 'pre-divorce' money.  Michael Sandoval agree[d] to escrow and 'shelter'

6 the money for Edra Blixseth."

7     **RESPONSE: Defendant did not participate in the creation of the subject websites**

8 **nor does he have knowledge regarding any statements posted on the websites.  Thus, there**

9 **is nothing to produce.**

10

11

12

13

14

15

16     **RFP NO. 66:**   Please produce all DOCUMENTS REGARDING the following

17 statement made on the SUBJECT WEBSITES: That Michael Sandoval took all of Edra

18 Blixseth's "sheltered" money.

19     **RESPONSE: Defendant did not participate in the creation of the subject websites**

20 **nor does he have knowledge regarding any statements posted on the websites.  Thus, there**

21 **is nothing to produce.**

22

23

24     **RFP NO. 67:**   Please produce all DOCUMENTS REGARDING the following

25 statement made on the SUBJECT WEBSITES: That Atigeo and Michael Sandoval own three

26 lots on Lake Washington, "purchased with Blixseth money without their consent or

ATIGEO LLC'S FIRST DISCOVERY REQUESTS
DIRECTED TO ISTVAN BURGYAN *AND ISTVAN
BURGYAN'S RESPONSES THERETO* (No. 2:13-cv-1694) - 24

STOEL RIVES LLP
600 University Street, Ste. 3600
Seattle, Washington  98101
(206) 624-0900

1   knowledge."

2      **RESPONSE:** Defendant did not participate in the creation of the subject websites

3   nor does he have knowledge regarding any statements posted on the websites.  Thus, there

4   is nothing to produce.

5

6

7      **RFP NO. 68:**   Please produce all DOCUMENTS REGARDING the following

8   statement made on the SUBJECT WEBSITES: That "Michael Sandoval, with the help of his

9   controller, took the [Blixseth] money to purchase the property on Lake Washington in 2006

10  without the knowledge or consent of Edra Blixseth.   Michael Sandoval admitted to the

11  wrongdoing in March 2007 after being confronted with the evidence by Edra Blixseth and her

12  associates."

13     **RESPONSE:** Defendant did not participate in the creation of the subject websites

14  nor does he have knowledge regarding any statements posted on the websites.  Thus, there

15  is nothing to produce.

16

17

18     **RFP NO. 69:**   Please produce all DOCUMENTS REGARDING the following

19  statement made on the SUBJECT WEBSITES: That Atigeo and Michael Sandoval "still owe

20  the Blixseth estate $8 [million]."

21     **RESPONSE:** Defendant did not participate in the creation of the subject websites

22  nor does he have knowledge regarding any statements posted on the websites.  Thus, there

23  is nothing to produce.

24

25

26

STOEL RIVES LLP
600 University Street, Ste. 3600
Seattle, Washington  98101
(206) 624-0900

1     **RFP NO. 70:**  Please produce all DOCUMENTS REGARDING the lawsuit known as

2 *Edra Blixseth v. xPatterns et al.,* King County Superior Court Case No. 08-2-18034-4.

3     **RESPONSE:** **Objection.  This Request is overly broad and unduly burdensome to**

4 **the extent it seeks information already in plaintiffs' possession or is available from other**

5 **sources, including public records, which are more convenient and less burdensome.**

6 **Defendant also objects to the extent this Request invades the attorney-client and/or work**

7 **product privilege or seeks documents prepared in anticipation of litigation.    Without**

8 **waiving said objection, defendant has no responsive documents in his possession.**

9

10                                Peter Nierman, WSBA #44636

11

12

13     **RFP NO. 71:**  Please produce all DOCUMENTS supporting the statements made in the

14 document entitled "Declaration of Istvan Burgyan in Support of Motion for Summary

15 Judgment," dated December 23, 2013 in the above-captioned case.

16     **RESPONSE:**  **There is nothing to produce.**

17

18     **RFP NO. 72:**  Please produce all DOCUMENTS supporting the statements made in the

19 document entitled "Declaration of Dennis Montgomery In Support of Motion to Dismiss and

20 Special Motion to Strike," filed in the above-captioned case on November 22, 2013.

21     **RESPONSE:**  **Defendant does not have any knowledge regarding the subject matter**

22 **of this lawsuit.  There is nothing to produce.**

23

24

25     **RFP NO. 73:**  Please produce all insurance policies, which you contend may be

26

ATIGEO LLC'S FIRST DISCOVERY REQUESTS
DIRECTED TO ISTVAN BURGYAN *AND ISTVAN*
*BURGYAN'S RESPONSES THERETO* (No. 2:13-cv-1694) - 26

STOEL RIVES LLP
600 University Street, Ste. 3600
Seattle, Washington  98101
(206) 624-0900

1  relevant or satisfy all or part of a possible judgment in the above-caption matter, or which

2  reimburse you for payments made in defense costs or to satisfy a possible judgment in the

3  above-captioned matter.

4      **RESPONSE:   A certified copy of the policy was attached to defendants' initial**

5  **disclosures.**

6

7

8      **RFP NO. 74:**  Please produce all correspondence regarding or relating to insurance

9  policies, which you contend may be relevant or satisfy all or part of a possible judgment in the

10  above-caption matter, or which reimburse you for payments made in defense costs or to satisfy

11  a possible judgment in the above-captioned matter.

12      **RESPONSE:   Object to the extent this Request is overly vague and ambiguous.**

13  **Also object to the extent this request invades the attorney-client and/or work product**

14  **privilege or otherwise seeks personal and privileged information.   Without waiving said**

15  **objection, please find the attached reservation of rights letter from State Farm Insurance.**

16  **Also, please refer to defendant's response to Request #73.**

17                                                            Peter Nierman, WSBA #44636

18

19

20      **RFP NO. 75:**  Please produce all DOCUMENTS identified in Defendants' Initial

21  Disclosures in the above-captioned case.

22      **RESPONSE: Defendant does not have any knowledge regarding the subject matter**

23  **of this lawsuit.  There is nothing to produce.**

24

25

26

ATIGEO LLC'S FIRST DISCOVERY REQUESTS
DIRECTED TO ISTVAN BURGYAN *AND ISTVAN
BURGYAN'S RESPONSES THERETO* (No. 2:13-cv-1694) - 27

STOEL RIVES LLP
600 University Street, Ste. 3600
Seattle, Washington  98101
(206) 624-0900

1

2     **RFP NO. 76:**  Please produce all DOCUMENTS regarding the affirmative defenses

3 referenced in Defendants' Initial Disclosures in the above-captioned case.

4     **RESPONSE: Defendant does not have any knowledge regarding the subject matter**

5 **of this lawsuit.  There is nothing to produce.**

6

7

8     DATED:  February 7, 2014.

9

10

11                           McGAUGHEY BRIDGES DUNLAP, PLLC

                             _/s/Shellie McGaughey_
12                           Shellie McGaughey, WSBA #16809
                             Attorney for Defendant Burgyan
13                           325 118th Avenue Southeast, Suite 209
                             Bellevue, WA 98005
14                           (425) 462-4000
                             Fax: (425) 637-9638
15                           E-mail: Shellie@mcbdlaw.com

16

17

18

19

20

21

22

23

24

25

26

STOEL RIVES LLP
600 University Street, Ste. 3600
Seattle, Washington  98101
(206) 624-0900

1

**VERIFICATION**

2

STATE OF WASHINGTON       )

3

                                 ) ss.

COUNTY OF KING                )

4

Istvan Burgyan, being first duly sworn, on oath deposes and says:

5

That I am an individual Defendant in the above cause of action; that I have read the

6

foregoing Interrogatories and Requests for Production of Documents and the answers and

7

responses thereto and have reviewed the documents produced, know the contents thereof, and

believe the answers to the Interrogatories and responses to the Requests to be true and the

8

documents produced complete.

9

_____

10

Signature

11

_____

Print Name

12

SUBSCRIBED AND SWORN TO before me this _____ day of _____, 2013.

13

14

Signature:_____

15

Name (Print):_____

16

NOTARY PUBLIC in and for the State of

Washington, residing at_____

17

My appointment expires:_____

18

19

**STATEMENT OF ATTORNEY**

20

The undersigned hereby states that he is the attorney for the party answering the above

propounded Interrogatories and responding to the Interrogatories and Requests for Production of

21

Documents, and that all objections, if any, set forth in response to said Interrogatories and

Requests were made by the undersigned as required by CR 26(g).

22

23

DATED this 7th day of February, 2013. 2014

24

25

_____

Name: Peter Nierman

26

1

2                           **CERTIFICATE OF SERVICE**

3              I certify that on Friday, February 7, 2014, I caused the foregoing to be served on the

4     following by the methods indicated:

5     Roland Tellis                          ___  Via hand delivery by Legal Messenger
      Peter Smith                            ___  Via U.S. Mail, 1st Class, Postage Prepaid
6     BARON & BUDD, P.C.                      ___  Via Overnight Delivery
      15910 Ventura Boulevard, Suite 1600    ___  Via Facsimile
7     Encino, California, 91436              _X_  Via Email
                                             ___   Other:  Electronic Pacer
8     Brian C. Park                          ___  Via hand delivery by Legal Messenger
      STOEL RIVES LLP                        ___  Via U.S. Mail, 1st Class, Postage Prepaid
9     600 University Street, Suite 3600      ___  Via Overnight Delivery
      Seattle, WA 98101                      ___  Via Facsimile
10                                           _X_  Via Email
                                             ___   Other:  Electronic Pacer
11    Paul Brain                             ___  Via hand delivery by Legal Messenger
      Brain Law Firm PLLC                    ___  Via U.S. Mail, 1st Class, Postage Prepaid
12    1119 Pacific Avenue, Suite 1200        ___  Via Overnight Delivery
      Tacoma, WA 98402                       ___  Via Facsimile
13                                           _X_  Via Email
                                             ___   Other:  Electronic Pacer

14             I certify under penalty of perjury that the foregoing is true and correct.

15             DATED this 7th day of February, 2014.

16             */s/ Peter Nierman*
               _____
17             Peter Nierman

18

19

20

21

22

23

24

25

26

ATIGEO LLC'S FIRST DISCOVERY REQUESTS
DIRECTED TO ISTVAN BURGYAN *AND ISTVAN*
*BURGYAN'S RESPONSES THERETO* (No. 2:13-cv-1694) - 30

# RFP NO. 28

**Peter Nierman**

| | |
|---|---|
| **From:** | Istvan Burgyan <dirtyish@hotmail.com> |
| **Sent:** | Thursday, January 30, 2014 12:50 PM |
| **To:** | Peter Nierman |
| **Subject:** | Fwd: Your Order is Confirmed |

Sent from iPhone

Begin forwarded message:

> **From:** Network Solutions <support@networksolutions.com>
> **Date:** September 11, 2013 at 7:50:11 PM PDT
> **To:** dirtyish@hotmail.com
> **Subject: Your Order is Confirmed**
> **Reply-To:** Network Solutions <NSCC4+6817267820@networksolutions.com>

 **Order Confirmation**

Dear Istvan Burgyan,

Thank you for your order and for continuing to give us the opportunity to help you meet your online needs.

**Order Confirmation**
Order Number: 507318444
Today's Charges: $0.00

**Ordered By:**
User ID: DIRTYISH@HOTMAIL.COM
User Name: Istvan Burgyan

Account Number: 31535927
Account Holder: Istvan Burgyan
Primary Contact: Istvan Burgyan (DIRTYISH@HOTMAIL.COM)

**Order Summary**

| Service Description | Qty | Term** (Exp. Date) | Today's Charges |
|---|---|---|---|
| **nsWebAddress .BIZ** MOVEPRODUCTIONSLLC.BIZ | 1 | 1 year(s) (2014-09-11) | $0.00 |
| **Web Forwarding** MOVEPRODUCTIONSLLC.BIZ | 1 | 1 year(s) (2014-09-11) | $0.00 |

1

**How Powerful is Your Domain Name?**
Find out in less than 30 seconds! Eliminate vulnerabilities and help customers find you online
with our FREE Domain Name Scorecard. Click Here:
http://ads.networksolutions.com/landing?code=P13C515S2N0B11A1D468E0000V100

To start managing your services, please visit Account Manager at:
http://www.networksolutions.com. If you've forgotten your log-in information, please visit:
https://www.networksolutions.com/manage-it/forget-login.jsp. **Please note:** for security
purposes, we may occasionally ask you to reset your user name and password when logging
in to Account Manager.

If you have any questions or need assistance, please visit the Customer Service Center at
http://www.networksolutions.com/help/index.jsp.

Looking for ways to take your business to the next level? Find out how we can help.

Once again, thank you for choosing Network Solutions®. We are committed to providing the
best solutions, services, and support to help you succeed online.


Sincerely,

Network Solutions® Customer Support
http://www.networksolutions.com/help/index.jsp



**Some of your services may be set to automatically renew at the end of their current term. Please log in to Account
Manager at https://www.networksolutions.com to check the auto renew status of your services.

This email was sent from a notification only address and cannot receive incoming messages.

Your Network Solutions® services are subject to the terms and conditions set forth in our Service Agreement which
you accepted at the time of purchase. You can view the complete Service Agreement again at:
http://goto.networksolutions.com/service-agreement.

Please note, in accordance with our Privacy Policy, we will continue to send you notices and other important
information affecting your account or services in order to fulfill our service obligations to you. Access our Privacy
Policy at http://www.networksolutions.com/legal/privacy-policy.jsp.

© Copyright 2013 Network Solutions, LLC. All rights reserved.
Network Solutions, LLC, a Web.com Company. 12808 Gran Bay Parkway West, Jacksonville, FL 32258

**Peter Nierman**

| | |
|---|---|
| **From:** | Istvan Burgyan <dirtyish@hotmail.com> |
| **Sent:** | Thursday, January 30, 2014 12:39 PM |
| **To:** | Peter Nierman |
| **Subject:** | Fwd: Renewal Notice |

Sent from iPhone

Begin forwarded message:

> **From:** "Network Solutions" <NetworkSolutionsRenewals@info1.networksolutions.com>
> **Date:** January 21, 2014 at 8:17:20 AM PST
> **To:** dirtyish@hotmail.com
> **Subject: Renewal Notice**
> **Reply-To:** "Network Solutions" <NetworkSolutionsRenewals@info1.networksolutions.com>

Having trouble viewing the email? Click Here to View Online.



**Essential Web Hosting-Unix**        MOVEPRODUCTIONSLLC.COM        EXPIRED

The table above lists renewal information for your services. Click the services in the chart to renew. This information is current as of 1/20/14.

## Or, please call 1-888-610-5372 for additional information.

**Protect your brand!**
Need additional domain extension to protect your brand? Click here to view our wide variety of domain extensions and search for your perfect match now.

**Security for Pennies-a-Day**
As threats to online security grow increasingly sophisticated, it's important to protect your privacy by adding private registration to your domain name registration. Protect your personal information today!

1

## Present a professional image with every email you send

With a domain name you've taken the first step toward showing your customers you mean business. Using a professional email address is one of the most effective ways to present a professional business image with every email you send. Learn More about sending email from you@yourdomain.com.



**24/7 Real Person - We can help, call us.**
Our consultants are available to answer your questions online or toll free 24 hours a day, 7 days a week. The phone call is free and so are the answers.

Products and services listed in this statement are associated with the following account numbers: 31535927.

FAILURE TO RENEW COUNTRY-SPECIFIC DOMAIN NAMES BEFORE THE DATES LISTED BELOW WILL RESULT IN A 14 DAY INTERRUPTION IN SERVICE BEFORE YOUR SERVICES EXPIRE, AFTER WHICH YOU MAY LOSE YOUR DOMAIN NAME FOREVER. Network Solutions, LLC waives all liability in the loss of domain name registrations due to failure to renew services. The following domain names must be renewed no later than:

26 DAYS PRIOR to the expiration date: .am, .be, .de, .eu, .co.uk, .me.uk, and .org.uk.

57 DAYS PRIOR to the expiration date: .at, .ch, .cz, .es, .com.es, .nom.es, .org.es, .li, .mx, .com.mx, .co.nz, .net.nz, .org.nz, .pl, and .ru country-specific extensions.

Pursuant to our Service Agreement with you, renewal of a domain after expiration date may be subject to a reinstatement fee.

At the time this notice was created, you were a Network Solutions customer, and the services had not been renewed. If you have already renewed, or are no longer a Network Solutions customer, please disregard this notice and accept our apologies for any inconvenience. To confirm the domain name and expiration date,
visit WHOIS.

Please do not reply to this message. For any inquiries, contact Customer Service.

Unsubscribe from certain email communications.

Please note, in accordance with our Privacy Policy and Service Agreement, we will continue to send you notices and other important information affecting your account or services in order to fulfill our service obligations to you.

© 2014 Network Solutions, LLC. All rights reserved.
Network Solutions, LLC, a Web.com Company. 12808 Gran Bay Parkway West, Jacksonville, FL 32258

Please do not send checks to this address. To renew services, click the Renew Today button in this e-mail.

# RFP NO. 74



RECEIVED

December 26, 2013

DEC 3 0 2013



ISTVAN BURGYAN
3812 94TH AVE NE
YARROW POINT WA 98004-1320

State Farm Bothell Operations Center
19820 North Creek Parkway, Suite 101
Bothell, WA 98011
800 489 1893 Fax 425 951 5015

COPY

RE:   Our Named Insured:   Dennis Montgomery
      Claim Number:         47-24Q1-528   Personal Liability Umbrella Policy
      Policy Numbers:       47-BX-N295-6  Homeowners Policy
                            47-GX-6760-9  Personal Liability Umbrella Policy
                            47-BX-N323-6  Personal Liability Umbrella Policy
      Plaintiffs:           Atigeo, LLC
                            Michael Sandoval

Dear Mr. Burgyan:

We have received a copy of the lawsuit filed against you by Atigeo, LLC and Michael Sandoval.

We have determined that coverage is not afforded for this lawsuit under the above referenced Washington State Farm Homeowners policy, policy number 47-BX-N295-6 issued to Dennis Montgomery. However, State Farm Fire and Casualty Company (hereafter "State Farm") will extend you a defense subject to a reservation of rights under the above referenced Washington State Farm Personal Liability Umbrella policies issued to Dennis Montgomery.

We will explain the reasons for our determination concerning the Homeowners policy below.

This letter will also explain why the Washington Personal Liability Umbrella policies issued to Dennis Montgomery may not cover all or part of this claim. It will also explain how State Farm will continue to handle your claim.

**A DEFENSE IS NOT BEING PROVIDED FOR OFFSHORE LIMITED D OR DEMARATECH LLC UNDER THE POLICIES**

We are unaware of any State Farm policy issued to Offshore Limited D or Demaratech, LLC.

Because these entities do not qualify as insureds under the Homeowners and Personal Liability Umbrella policies issued to Dennis Montgomery, those policies do not afford coverage to these entities for this litigation. Accordingly, State Farm will not be providing these entities with a defense of this litigation.

If you are aware of any State Farm policy issued to either of these entities, please notify me immediately.

ISTVAN BURGYAN
47-24Q1-528
Page 2

**THE LAWSUIT**

On July 15, 2013, Atigeo, LLC and Michael Sandoval filed suit against Offshore Limited D, a
California business organization, Offshore Limited D, a California partnership, Dennis
Montgomery, you, individually and as partner of Offshore Limited D; Demaratech, LLC, a
California Limited Liability Company and Does 1 -10 in the United States District Court, Central
District of California under cause number 5:13-cv-01243-CAS DTB.

This matter has been transferred to Western Washington Federal District Court under cause
number 2-13-cv-09614.

The complaint alleges causes of action against you for Cyberquatting and Libel.

A copy of the complaint is included with this letter.

**THE POLICIES**

We are investigating coverage for this matter under the following State Farm Homeowners and
Personal Liability Umbrella policies:

| POLICY NUMBER | POLICY TYPE | EFFECTIVE DATES | POLICY LIMITS |
|---|---|---|---|
| 47-BX-N295-6 | Homeowners Policy FP 7955WA | 06/26/13 – 06/26/14 | $ 100,000 |
| 47-GX-6760-9 | Personal Liability Umbrella Policy FP 7950.2 | 10/11/11 – 06/14/12 | $4,000,000 |
| 47-BX-N323-6 | Personal Liability Umbrella Policy FP 7950.2 | 06/26/13 – 06/26/14 | $2,000,000 |

Prior to the Washington Homeowners policy referenced above, Dennis Montgomery was
insured under a California Renters policy. At this time, we have not opened a claim under that
policy. Mr. Montgomery will be advising us whether he wishes us to evaluate coverage under
that policy. If you believe you qualify as an insured under that policy and would like us to
investigate coverage under that policy, please advise us immediately.

Further, our records indicate that Personal Liability Umbrella policy, policy number 47-GX-6760-
9, cancelled on June 14, 2012 and we have been unable to locate any State Farm Personal
Liability Umbrella until policy number 47-BX-N323-6 was issued effective June 26, 2013. Mr.
Montgomery has informed us that he believes that he was to have been issued a Personal
Liability Umbrella policy between June 14, 2012 and June 26, 2013. I have requested him to
provide me with any documentation he has concerning any request made by him for and/or the
existence of a State Farm Personal Liability Umbrella policy for our review. I understand that
Mr. Montgomery has recently undergone surgery and we expect that he will respond as soon as
he is able to do so post-surgery. If you believe you qualify as an insured under any such policy
and you have any information you would like us to consider, please provide that to us
immediately for our review.

ISTVAN BURGYAN
47-24Q1-528
Page 3

If you would like a copy of these policies, please let us know.

If you are aware of any other State Farm policies that may apply to this claim, please notify us immediately.

## WHY COVERAGE IS NOT AFFORDED UNDER YOUR HOMEOWNERS POLICY

The Washington Homeowners policy referenced above was issued to Mr. Montgomery under policy form FP 7955WA and was in effect from June 26, 2013 to the present. To the extent you were a resident of Mr. Montgomery's household during this time, you qualify as an insured under the policy.

In order for this Homeowners policy to apply, subject to all other policy terms and conditions, the claim must meet the terms of the insuring agreement. The insuring agreement states:

### SECTION II – LIABILITY COVERAGES

#### COVERAGE L – PERSONAL LIABILITY

If a claim is made or a suit is brought against an **insured** for damages because of **bodily injury** or **property damage** to which this coverage applies, caused by an **occurrence**, we will:

1. pay up to our limit of liability for the damages for which the **insured** is legally liable; and

2. provide a defense at our expense by counsel of our choice. We may make any investigation and settle any claim or suit that we decide is appropriate. Our obligation to defend any claim or suit ends when the amount we pay for damages, to effect settlement or satisfy a judgment resulting from the **occurrence**, equals our limit of liability.

All terms in bold face type are defined in the policy. The definitions of **bodily injury**, **occurrence** and **property damage** are as follows:

### DEFINITIONS

When used in this policy or in any endorsement attached to this policy:

1. the word "spouse" is replaced with "spouse or party to a registered domestic partnership considered valid under the laws of the state shown in our policy records as your state of residence"; and

2. "relative" means any person related by blood, adoption, marriage, or a registered domestic partnership considered valid under the laws of the state shown in our policy records as your state of residence.

"You" and "your" mean the "named insured" shown in the **Declarations**. Your spouse is included if a resident of your household. "We", "us" and "our" mean the Company shown in the **Declarations**.

Certain words and phrases are defined as follows:

1. "**bodily injury**" means physical harm to a person, including any resulting sickness or disease. This includes the required care, loss of services and death resulting therefrom.

   **Bodily injury** does not include:

   a. the transmission of a **communicable disease** by any **insured** to any other person;

ISTVAN BURGYAN
47-24Q1-528
Page 4

    b.  the exposure to any **communicable disease** by any **insured** to any other person; or

    c.  emotional distress, mental anguish, humiliation, mental injury, or similar injury unless it arises out of actual physical injury to some person.

  9.  "**occurrence**", when used in Section II of this policy, means an accident, including exposure to conditions, which first results in:

    a.  **bodily injury**; or

    b.  **property damage**;

    during the policy period. All **bodily injury** and **property damage** resulting from one accident, series of related accidents or from continuous and repeated exposure to the same general conditions is considered to be one **occurrence**.

  10.  "**property damage**" means physical damage to or destruction of tangible property, including loss of use of this property. Theft or conversion of property by any **insured** is not **property damage**.

The complaint does not allege **bodily injury** or **property damage** as those terms are defined by the policy. Because there has been no **bodily injury** or **property damage**, there has been no **occurrence** as defined by the policy and required by the insuring agreement. Because the insuring agreement of the Homeowners policy has not been met, coverage is not afforded under this policy for this litigation.

Additionally, there may also not have been an accident resulting in **bodily injury** or **property damage** as required by the definition of **occurrence** and therefore the insuring agreement. Finally, there may not have been damages because of **bodily injury** or **property damage** as required by the insuring agreement.

As we mentioned above, State Farm is extending a defense of this litigation under the Personal Liability Umbrella policies referenced above subject to a reservation of rights. We will explain our reservation of rights in the Reservation of Rights section below.

## DEFENSE COUNSEL AND CLAIM SUPERVISION

State Farm has hired Shellie McGaughey of McGaughey, Bridges & Dunlap to defend you from the claims alleged against you in this litigation. This defense is provided subject to a reservation of rights. We will explain our reservations in the Reservation of Rights section below.

Although we will pay for Ms. McGaughey's legal services, she will represent you. You, not State Farm, are her client. Should you choose to retain an attorney, including Ms. McGaughey, to advise you regarding issues of coverage under the policies, State Farm will not pay for those legal services.

Under the terms of the policies, Ms. McGaughey is entitled to your complete cooperation throughout the defense of this litigation. Please cooperate with her and assist her with your defense. Ms. McGaughey is located at 325 118th Ave SE, Ste 209, Bellevue, WA 98005. Her telephone number is 425 462-4000.

State Farm claim representative Debbie Roy will investigate and evaluate your legal liability concerning the claim. Debbie will communicate with Ms. McGaughey as needed to complete the investigation and evaluation of liability. Debbie is located in our DuPont Operations Center and may be contacted at 800 472 9232 Ext. 2539127712 or directly at 253 912 7712. Team

ISTVAN BURGYAN
47-24Q1-528
Page 5

Manager Dave McKeehen will supervise the liability investigation.  Neither Debbie nor Team Manager McKeehen will be involved with determining whether the policy provides coverage for the claim.

State Farm Claim Representative Cindy Salvador will investigate whether there is coverage for the lawsuit under the policies and report her findings to the company.  Cindy is located in our Bothell Operations Center and may be contacted at 800 472 9232 Ext. 425 951 5024 or directly at 425 951 5024.  I will supervise the coverage investigation.

## ADDITIONAL COVERAGES

While State Farm is providing you with a defense in this matter, we will pay certain expenses incurred by you.  These expenses include the following under the Personal Liability Umbrella Policy:

### ADDITIONAL COVERAGES

When **we** provide a defense to an **insured** at **our** expense by counsel of **our** choice for a **loss** that is not covered by any other insurance policy, but is covered by this policy, **we** will pay the following in addition to the Coverage L Limit of Liability, but only until **we** tender, deposit in court, or pay the amount due under this policy:

1.  expenses **we** incur in defending the suit;

2.  premiums on bonds required to defend the suit, but not for bond amounts greater than the Coverage L Limit of Liability. **We** are not obligated to apply for or furnish any bond;

3.  reasonable expenses any **insured** incurs at **our** request. This includes:

    a.  actual loss of earnings, but not loss of other income, up to $200 for each day an **insured** attends at **our** request;

        (1)  an arbitration;

        (2)  a mediation; or

        (3)  a trial of a suit; and

    b.  reasonable expenses incurred by **our insured** at **our** request other than loss of earnings or other income;

4.  costs taxed against an **insured** in a suit **we** defend. Costs do not include attorney fees;

5.  prejudgment interest, when owed by law, on that part of the judgment covered by this policy; and

6.  interest on the entire judgment which accrues after entry of the judgment but only until **we** tender, deposit in court, or pay the amount due under

ISTVAN BURGYAN
47-24Q1-528
Page 6

this policy. **We** will not pay interest on damages paid or payable by a party other than the **insured** or **us**.

Please report to us any expenses you incur.

## OTHER INSURANCE

If you were insured by another carrier during the events involved in this lawsuit, they may also owe for your defense or for any settlement or judgment. Please provide us with the names and contact information of any other carriers insuring you so that we may coordinate our defense efforts with them. We want to advise you that the State Farm Personal Liability Umbrella policy is excess over all other insurance and self insurance.

The applicable policy Condition is:

## CONDITIONS

12.    **Other Insurance**. The coverage provided by this policy is excess over all other insurance and self insurance.

## RESERVATION OF RIGHTS

One or more of the following policy provisions discussed below may remove any duty to defend you or pay for any judgment or settlement.  State Farm reserves the right to withdraw from the defense of this lawsuit should its continuing investigation or a court determine that there is no duty to defend you under the policies for this lawsuit.

Further, State Farm reserves the right to file a lawsuit, called a declaratory judgment action, to have a court determine our obligations under the policies concerning whether there is a continuing duty to defend you and/or pay for any judgment or settlement.  Because your rights under the policies would be affected, you would be a party to any such lawsuit.

In order for the Personal Liability Umbrella policies to apply, subject to all other policy terms and conditions, the claim must meet the terms of the insuring agreement.  The insuring agreement states:

## COVERAGES

### COVERAGE L – PERSONAL LIABILITY

If a claim is made or suit is brought against an **insured** for damages because of a **loss** for which the **insured** is legally liable and to which this policy applies, **we** will pay on behalf of the **insured**, the damages that exceed the **retained limit**. The most **we** will pay for such **loss** is the Coverage L Limit of Liability, as shown on the declarations page, regardless of the number of **insureds** who may be liable, claims made, or persons injured.

All terms in bold face type are defined by the policy.  The following definitions may assist you in understanding our reservation of rights:

ISTVAN BURGYAN
47-24Q1-528
Page 7

## DEFINITIONS

**We** define the words and phrases listed below. Defined words and phrases are printed in bold text, and apply throughout the policy. These definitions apply to the singular, plural, and possessive forms of these words and phrases.

2.    "**bodily injury**" means physical injury, sickness or disease to a person, including death resulting therefrom.

**Bodily injury** does not include:

    a.    any of the following which are communicable: disease, bacteria, parasite, virus, or other organism, any of which are transmitted by any **insured** to any other person;

    b.    the exposure to any such disease, bacteria, parasite, virus, or other organism by any **insured** to any other person;

    c.    emotional distress, mental anguish, humiliation, mental distress, mental injury, or any similar injury or any resulting physical injury unless it arises out of actual physical injury to some person; or

    d.    **personal injury.**

3.    "**business**" means a trade, profession or occupation, including farming.

4.    "**business property**" means premises that:

    a.    a **business** is conducted on or from;

    b.    is rented to others or held for rental, in whole or in part;

    c.    at one time was rented to others or held for rental by any **insured** but is currently being held for sale or other disposition; or

    d.    is held for sale or other disposition in conjunction with a **business** pursuit.

6.    "**insured**" means:

    a.    **you** and **your relatives** whose primary residence is **your** household;

    b.    any other human being under the age of 21 whose primary residence is **your** household and who is in the care of a person described in 6.a.;

    c.    any other person or organization to the extent they are liable for the use of an **automobile, recreational motor vehicle** or watercraft by a person included in 6.a. or 6.b.

However, any such person or organization is not an **insured** if:

ISTVAN BURGYAN
47-24Q1-528
Page 8

    (1)    the use is in the course of a **business** that sells or services **automobiles, recreational motor vehicles** or watercrafts; or

    (2)    such person or organization owns, leases or rents the **automobile, recreational motor vehicle** or watercraft.

7.    "**loss**" means:

    a.    an accident, including accidental exposure to conditions, which first results in **bodily injury** or **property damage** during the policy period. Repeated or continuous exposure to the same general conditions is considered to be one **loss**; or

    b.    the commission of an offense which first results in **personal injury** during the policy period. A series of similar or related offenses is considered to be one **loss**.

8.    "**personal injury**" means injury other than **bodily injury** arising out of one or more of the following offenses:

    a.    false arrest, false imprisonment, wrongful eviction, wrongful detention of a person;

    b.    abuse of process, malicious prosecution;

    c.    libel, slander, defamation of character; or

    d.    invasion of a person's right of private occupancy by physically entering into that person's personal residence.

10.    "**property damage**" means physical damage to or destruction of tangible property, including the loss of use of such property. Tangible property does not include computer programs or data or the reconstruction of computer programs or data. Theft or conversion of property by an **insured** is not **property damage**.

13.    "**required underlying insurance**" means the following types of insurance policies when shown on the declarations page:

    a.    With respect to all **automobiles** or **recreational motor vehicles** which are owned by, leased to, rented to, or available for the regular and frequent use of any **insured**:

        (1)    "**Automobile Liability**" means a policy which provides coverage for the **insured** for that **insured's** liability arising out of the ownership, operation, maintenance or use of any **automobile**. That policy must include Uninsured and/or Underinsured Motor Vehicle coverage if Uninsured and/or Underinsured Motor Vehicle coverage is shown on the declarations page of this policy. **Automobile Liability**

ISTVAN BURGYAN
47-24Q1-528
Page 9

does not include a **Recreational Motor Vehicle Liability** as defined in item (2) below.

(2) **"Recreational Motor Vehicle Liability"** means a policy which provides coverage for the **insured** for that **insured's** liability, including passenger **bodily injury**, arising out of the ownership, operation, maintenance or use of a **recreational motor vehicle**. That policy must include Uninsured and/or Underinsured Motor Vehicle coverage if Uninsured and/or Underinsured Motor Vehicle coverage is shown on the declarations page of this policy.

b. **"Watercraft Liability"** means a policy which provides coverage for the **insured** for that **insured's** liability arising out of the ownership, operation, maintenance or use of any watercraft. **Watercraft Liability** is only **required underlying insurance** with respect to watercraft which are owned by or available for the regular and frequent use of any **insured** within the meaning of part a. or b. of the definition of **insured**.

c. **"Personal Residential Liability"** means **your** policy which provides coverage for liability arising out of the ownership, maintenance or use of a premises as **your** residence.

d. **"Personal Farm Liability"** means **your** policy which provides coverage for liability arising out of the ownership, maintenance or use of a premises as **your** residence and the ownership, operation, maintenance or use of **your** farm.

e. **"Residential Rental Liability"** means **your** policy which provides coverage for liability arising out of the ownership, maintenance or use of **your** residential rental property which is occupied by others.

f. **"Business/Office Premises Liability"** means **your** policy which provides coverage for liability arising out of **your business** or the ownership, operation, maintenance or use of an office solely occupied by **you**.

g. **"Employers Liability"** means **your** policy which provides coverage for liability arising out of **bodily injury** sustained by **your** employees during the course of their employment by **you**.

h. **"Professional Liability"** means **your** policy which provides coverage for liability arising out of the rendering or failure to render professional services, negligent acts, errors or omissions in the practice of **your** profession shown on the declarations page of this policy.

The policy also contains the following exclusions:

ISTVAN BURGYAN
47-24Q1-528
Page 10

## EXCLUSIONS

There is no coverage under this policy for any:

6.     **loss** arising out of any **insured's business property** or **business pursuits of any insured,** unless:

      a.     (1)     the **loss** does not involve any land motor vehicle or watercraft; and

             (2)     **required underlying insurance** applies to the **loss** and provides coverage that pays for the **loss** in the amount shown as Minimum Underlying Limits on the declarations page;

                            \*\*\*

17.     **personal injury** when the **insured** acts with specific intent to cause any harm;

The policy also contains the following provision:

## DUTIES AFTER LOSS

In the event of a **loss** for which this policy may provide coverage, all **insureds** seeking coverage must:

1.     immediately notify **us** of such **loss.** The notice must give **us:**

      a.     reasonably available information on the time, place and circumstances of the **loss;** and

      b.     names and addresses of any claimants and witnesses; and

      c.     the name of the insurer and identification number of any other policy providing insurance;

2.     immediately notify **us** and any other insurer providing insurance of any claim or suit filed against the **insured** and send **us** and such insurer every demand, notice, summons and other process received related to the claim or suit;

3.     at all times, help and cooperate with **us** and any other insurer providing insurance, and at **our** request, assist in:

      a.     making settlement;

      b.     the enforcement of any right of contribution or indemnity against a person or organization who may be liable to the **insured;**

      c.     the conduct of suits and attend depositions, hearings and trials;

      d.     securing and giving evidence; and

ISTVAN BURGYAN
47-24Q1-528
Page 11

     e.  locating and getting witnesses to attend depositions, hearings, and trials.

The claims alleged in the complaint do not allege **bodily injury** or **property damage** as those terms are defined by the policies. We have determined that the cause of action for libel meets the definition of **personal injury**.

Based on our investigation to date, the following issues may affect or preclude coverage under your Personal Liability Umbrella policies.

1.  <u>Some of the claims do not constitute a **loss** as that term is defined by the policy and required by the insuring agreement.</u>

    The definition of **loss** is provided above.

    The complaint contains a cause of action for Cybersquatting in violation of 15 USC §1125(d).

    Cybersquatting does not constitute **bodily injury, property damage** or **personal injury** as those terms are defined by the policies and therefore, does not meet the definition of **loss** as required by the policies' insuring agreements.

    There is no duty to defend you and/or pay for any judgment or settlement under the Personal Liability Umbrella policies to the extent the claims against you do not involve **bodily injury, property damage, personal injury** or **loss** as those terms are defined by the policies and required by the insuring agreements.

2.  <u>Some of the claims are not "for damages" and/or "damages because of a **loss**" as required by the insuring agreement.</u>

    Plaintiffs seek:

      1. An order preliminarily and permanently enjoining and restraining Defendants and Defendants' officers, agents, representatives, employees, attorneys, successors, assigns, affiliates and any persons by active concert or participation of any of them, from registering, using, or trafficking in any domain names that are identical or confusingly similar to the Atigeo trademark;

      2. A declaration that the registration of the <atigeo.co> domain name violated Section 43(d) of the Lanham Act, 15 USC §1125(d);

      3. An order requiring Defendants to transfer the registration of <atigeo.co> to Atigeo, and

      4. For a temporary restraining order and preliminary and permanent injunction requiring Defendants, and each of them, and their agents, servants, and employees, and all persons acting under, in concert with, or for them to: (A) remove the defamatory statements set forth above from all web sites under their control, (B) cease making the defamatory statements in any manner, and (C) provide a copy of the Court's

ISTVAN BURGYAN
47-24Q1-528
Page 12

> injunction to all subscribers of the Web Sites and all persons acting
> under, in concert with, or for Defendants.

The above listed items are not claims "for damages" or "damages because of a **loss**" as required by the policies' insuring agreement.

Accordingly, there is no duty to defend you and/or pay for any judgment or settlement under the Personal Liability Umbrella policies for the claims that do not seek "damages" and/or damages "because of a **loss**" as required by the insuring agreement.

3.   <u>There may not have been **personal injury** and/or a **loss** which first occurred during the time policy number 47-BX-N323-6 was in effect.</u>

The definition of **loss**, in relevant part, requires the commission of an offense which first results in **personal injury** during the policy period.

Further, **CONDITIONS** 13. **Policy Period**, requires that a **loss** first occur during the policy period shown on the declarations page or renewal certificate.

As mentioned above, Personal Liability Umbrella policy, policy number 47-GX-6760-9, cancelled on June 14, 2012.  Personal Liability Umbrella policy, policy number 47-BX-N323-6, did not go into effect until June 26, 2013.  **Personal injury** is defined to include "libel, slander, defamation of character."  The complaint alleges that false statements that may qualify as **personal injury** were made at various points in time.

There may be no duty to defend you and/or pay for any judgment or settlement under the Personal Liability Umbrella policies to the extent that **personal injury** first occurred after policy number 47-GX-6760-9 was cancelled but before policy number 47-BX-N323-6 went into effect on June 26, 2013.

4.   <u>You may not qualify as an **insured** as that term is defined by the policy and required by its insuring agreement.</u>

The definition of **insured** is provided above.  To the extent you were not a relative whose primary residence was Mr. Montgomery's household, you would not qualify as an insured under the Personal Liability Umbrella policy.

There may be no duty to defend you and/or pay for any judgment or settlement under the Personal Liability Umbrella policies if you do not qualify as an **insured** as that term is defined in the policy and required by its insuring agreement.

5.   <u>Exclusion 6. may apply.</u>

This exclusion is provided above.

There may be no duty to defend you and/or pay for any judgment or settlement under the Personal Liability Umbrella policies because there may have been a **loss** which arose out of **business** pursuits of any **insured** or out of any **insured's business property** and **required underlying insurance** does not apply to the **loss**.

6.   <u>Exclusion 17. may apply.</u>

ISTVAN BURGYAN
47-24Q1-528
Page 13

This exclusion is provided above.

The complaint alleges that the Defendants, including you, specifically targeted Plaintiffs by forwarding links for web sites discussed in the complaint to Plaintiff's employees and prospective business partners as well as to Western Capital Partners, an entity which Plaintiffs allege they are currently engaged in litigation with specific motive to harass and injure Plaintiffs.

Plaintiffs allege that the Defendants' registration and use of a domain name that violates Plaintiffs' rights has been knowing, willful and exceptional with the intent to confuse and/or deceive the public about the relationship (or lack thereof) between Plaintiff and its legitimate website at www.atigeo.com and Defendants and their unauthorized website at www.atigeo.co.

The complaint further alleges that the Defendants registered, trafficked in, and use the <atigeo.co> domain name with a bad faith intent to profit from the ATIGEO trademark and the associated goodwill, including by seeking to extort monetary and other consideration from Atigeo and that the intent of Defendant Montgomery to profit from the ATIGEO trademark was in bad faith, in part, because extortion is a tort and a crime.

The Plaintiffs also assert other deliberate conduct in paragraphs 50 and 51 of the complaint.

The complaint also alleges that Defendants' activities were taken with the knowledge of Atigeo's rights and thus constitute deliberate, willful and/or intentional cybersquatting.

In paragraph 72 of the complaint, Plaintiffs allege the publications they described were made by Defendants with malice, oppression, and fraud and were published with the specific intent to damage Plaintiffs' reputations, and sent the statements to Plaintiffs' employees, prospective business partners and litigation opponents in a further attempt to vex, harass and annoy Plaintiffs and injure Plaintiffs business.

Thus, there may be no duty to defend you and/or pay for any judgment or settlement under the Personal Liability Umbrella policies because there may have been **personal injury** resulting from your specific intent to cause harm, within the meaning of Exclusion 17.

7.   There may have been a violation of **DUTIES AFTER LOSS.**

This policy provision is provided above.

The complaint was filed on July 15, 2013.  State Farm was not notified of the litigation until September 20, 2013.

There may be no duty to defend you and/or pay for any judgment or settlement under the Personal Liability Umbrella policies because there may have been a violation of **DUTIES AFTER LOSS** by failure to notify State Farm of this litigation as required by the policy resulting in prejudice to State Farm.

ISTVAN BURGYAN
47-24Q1-528
Page 14

## POSSIBLE PERSONAL LIABILITY

Because the amount claimed against you for damages in this suit is not specified, any judgment against you could be in excess of the protection afforded by these policies.  In addition, because some or all of the claims alleged against you in this lawsuit may not be covered, there may be personal liability on your part.  In view of the possible personal liability, you may retain attorneys of your own choosing at your own expense to also represent you personally.

We have explained all of the specific questions we have at this time that may affect our duty to defend you and/or pay for any judgment or settlement for the allegations in the lawsuit, subject to the terms and conditions of the Personal Liability Umbrella policies.  In addition to the coverage questions explained above, State Farm continues to reserve all of its rights and defenses which now exist or which may arise in the future.  We acknowledge that you are not waiving any of your rights under the policy.

The policy provisions are quoted herein for your convenience, and are not intended to affect the terms and conditions of the policies.  If there is any question over what is contained in the policies, the language of the policies governs.  No waiver or estoppel is intended, and none should be inferred.

It may be necessary to contact you on short notice.  We request that you immediately notify Debbie Roy, Cindy Salvador and Shellie McGaughey as to any change in your present address, even though it may be a temporary change.

We understand that this may be your first experience with a lawsuit and how your insurance coverage applies.  If you have any questions regarding this letter or our coverage investigation, please contact me or your Claim Representative Cindy Salvador.

Sincerely,


Glenn Peterson
Team Manager
253 912 6654
Fax 425 951 5015
State Farm® Fire and Casualty Company

cc:    Shellie McGaughey, Esq.
       Debbie Roy, Claim Representative
       Cindy Salvador, Claim Representative
       Malinda Dacia Zampera, 47-2809

ISTVAN BURGYAN
47-24Q1-528
Page 15


bcc:    Mary DeYoung, Esq.