THE HONORABLE JAMES L. ROBART

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| ATIGEO LLC, a Washington limited liability company, and MICHAEL SANDOVAL, an individual; and<br><br>Plaintiffs,<br><br>vs.<br><br>OFFSHORE LIMITED D, a California partnership; DENNIS MONTGOMERY, individually and as a partner of Offshore Limited D; ISTVAN BURGYAN, individually and as a partner of Offshore Limited D; DEMARATECH, LLC, a California limited liability company; and DOES 1-25, inclusive;<br><br>Defendants. | Civil Action No. 2:13-CV-1694-JLR<br><br>**PLAINTIFFS' OPPOSITION TO DEFENDANT ISTVAN BURGYAN'S MOTION FOR SUMMARY JUDGMENT (DKT. 46)**<br><br>NOTE ON MOTION CALENDAR:<br>March 28, 2014<br><br>**ORAL ARGUMENT REQUESTED** |

## I. INTRODUCTION

Defendant Istvan Burgyan moved for summary judgment on Plaintiffs' claims for cybersquatting (Count I) and libel (Count II), citing to his own declaration testimony that he did not "play any role in creating" the offending websites underlying this action. Evidence gathered by Plaintiffs – business records obtained from Network Solutions LLC, the registrar for the website domain names, and results of a Google search of contact information contained in these

---

PLAINTIFFS' OPPOSITION TO DEFENDANT
ISTVAN BURGYAN'S MOTION FOR SUMMARY JUDGMENT
(NO. 2:13-CV-1694-JLR) — 1

STOEL RIVES LLP
600 University Street, Ste. 3600
Seattle, Washington 98101
(206) 386-7542

records – tells a different story. This information indicates that Burgyan was the last known actual person to control, and the primary user of, the account used to register the domain name <atigeo.co> and the domain names for other websites containing libelous statements about Plaintiffs.[1] This evidence contradicts Burgyan's declaration and shows that Burgyan was involved in the creation and maintenance of the offending websites. Thus, there is a genuine issue of material fact precluding summary judgment, and Burgyan's motion should be denied. At the very least, Plaintiffs should be permitted to take discovery under Fed. R. Civ. P. 56(d).

## II. PROCEDURAL AND FACTUAL BACKGROUND

### A. The Claims and Litigation to Date

The factual allegations and claims in this matter were detailed in the Court's order denying Defendants' motion to dismiss. Dkt. 44. To recap briefly, in 2013 Plaintiffs Atigeo LLC and Michael Sandoval discovered several websites containing defamatory statements about Plaintiffs, including one website employing the ATIGEO trademark in its domain name (www.atigeo.co). Cmplt. ¶¶ 21-27 (Dkt. 1). These websites and online statements appeared after Defendant Dennis Montgomery threatened retaliation if Sandoval did not invest in a business venture of Montgomery's. *Id.* ¶ 29. Through counsel, Plaintiffs conducted an investigation into the offending websites (the results of which are described in detail below), and concluded that Burgyan, Montgomery, and two entities – Defendants Demaratech LLC and Offshore Ltd D – were likely responsible for the websites.

Plaintiffs filed the complaint on July 15, 2013 in the U.S. District Court for Central District of California, bringing claims of cybersquatting, in violation of 15 U.S.C. § 1125(d), and libel. The case was transferred to this Court on September 19, 2013. Dkt. 21. Defendants moved to dismiss the case on October 30, 2013. Dkt. 31. The motion to dismiss was denied on January 22, 2014. Dkt. 44. Burgyan's motion for summary judgment followed on February 28, 2014.

---

[1] As set forth in the complaint, the offending websites include www.atigeo.co, www.gratonresortcasino.net, www.theuntoldstory.net, www.yellowstoneclub.net, and www.yellowstoneclubs.com. Cmplt. ¶ 21 (Dkt. 1).

PLAINTIFFS' OPPOSITION TO DEFENDANT
ISTVAN BURGYAN'S MOTION FOR SUMMARY JUDGMENT
(NO. 2:13-CV-1694-JLR) — 2

STOEL RIVES LLP
600 University Street, Ste. 3600
Seattle, Washington 98101
(206) 386-7542

Discovery is in its early stages. In early January 2014, Plaintiffs propounded written discovery to each Defendant. Tellis Dec. ¶ 7 (filed herewith). In response, Burgyan produced only a handful of documents: (1) two emails from Network Solutions regarding irrelevant domain names and websites; (2) a letter from State Farm denying coverage for him, Demaratech, and Offshore Limited D; (3) Demaratech's operating agreement; and (4) Demaratech's articles of organization. *See* Dkt. 47, Ex. 1 at 34-54 (Burgyan's Discovery Responses); Tellis Dec. ¶ 11, Ex. 8 at 7-50 (Burgyan's First Supp'l Discovery Responses). Burgyan asserts he has no information relevant to this case because he had no involvement with the websites at issue. *See* Burgyan Dec. ¶ 4 (Dkt. 48); Burgyan's Discovery Responses at 18 (Response to RFP No. 35) (Dkt. 47, Ex. 1).

Despite his claim of non-involvement, Burgyan now seeks private financial and highly confidential business strategy information of Plaintiffs' through subpoenas to Sandoval's realtor and an Atigeo business consultant. *See* Subpoenas (Dkts. 52-6, 52-7, 52-8). These subpoenas were issued after months of silence from Burgyan's counsel on the terms of a protective order, then an impasse on such order. *See* Pls.' Mot. for Protective Order at 5-6 (Dkt. 50). Plaintiffs have moved for entry of a protective order (*id.*) and to quash the subpoenas or, at least, to require that subpoena responses comply with a protective order (Dkt. 54).

**B.   Burgyan's Assertions of Non-Involvement**

Burgyan claims that his father-in-law, Montgomery, was the *only* individual involved in the creation of the websites at issue in this case. Burgyan's Mot. For Summary Judgment at 2:12-21 (Dkt. 46). Burgyan avers that he has "never written anything about Michael [Sandoval] or his company [Atigeo], nor did I play any role in creating any websites including those which are the subject of plaintiffs' complaint." Burgyan Dec. ¶ 4 (Dkt. 48). He claims that he "was not even aware of their existence prior to this lawsuit" and that "[w]hile I have a relationship with Dennis [Montgomery], I never assisted him in creating these websites." *Id.*

He makes similar claims about his company, Demaratech: "Demaratech is a company I started. . . . There are no facts supporting the allegations against Demaratech, as the company had no involvement in the creation of these websites, any comments, and was not a going entity at any material time herein." *Id.* ¶ 5.

PLAINTIFFS' OPPOSITION TO DEFENDANT
ISTVAN BURGYAN'S MOTION FOR SUMMARY JUDGMENT
(NO. 2:13-CV-1694-JLR) — 3

STOEL RIVES LLP
600 University Street, Ste. 3600
Seattle, Washington 98101
(206) 386-7542

As to Offshore Ltd D, Burgyan claims, "I have never even heard of this company." *Id.* ¶ 6. In his discovery responses, Burgyan asserts: "Defendant has no knowledge regarding the company known as 'Offshore Ltd D.' As such there are no responsive documents to provide." Dkt. 47, Ex. 1 at 9-12, 17. For numerous other discovery responses, Burgyan claims "As defendant did not play any role in creating the subject domain names, there is nothing to provide." *Id.* at 16-18, 19. The rest of Burgyan's discovery responses continue in a similar vein, denying that he had any involvement in or knowledge of the accused domain names, websites, libelous statements, or anything to do with the lawsuit and, on that basis, Burgyan asserts that he has no responsive documents to produce. *Id.* at 9-31.

For its part, Offshore Ltd D claims that it does not exist and never has existed (*see, e.g.,* Tellis Dec. ¶ 8, Ex. 6 (Offshore Ltd D's Discovery Responses) even though it filed a notice of appearance (Dkt. 27), served objections and responses to Atigeo's discovery requests, and was included in Montgomery's request for insurance coverage (Dkt. 47, Ex. 1 at 40).

C. **Network Solutions Records and Google Search Results Tying Burgyan to the Offending Websites**

Business records obtained from Network Solutions belie Burgyans' factual assertions. In spring 2013 in response to a subpoena, Network Solutions produced records for the account holding the <atigeo.co> domain name. *See* Tellis Dec. ¶¶2-5, Exs. 1-4. These records show that the <atigeo.co> domain name is part of "Account #: 27945118." *Id.*, Ex. 2 at 2, 4, 7. The holder of this account is identified as Offshore Ltd D operating under the "Person Org ID: 35889332" and listed under the phone number "760-341-3289." *Id.*, Ex. 2 at 7. The primary user identified for this account is the fictitious Clark Kent (Superman's secret identity) operating under the "Person Org ID: 40375664" and listed under an address for a UPS store in Bellevue, Washington only a few miles from Burgyan's residence. *Id.*

A second report on the account holder and primary user – "Person Org ID: 35889332" and "Person Org ID: 40375664," respectively – shows that the account was registered under the name of the companies for which Burgyan admits he previously worked (Blxware, LLC) before being registered under Offshore Ltd D. *Id.*, Ex. 3 at 1; Burgyan Dec. ¶¶ 3-4 (Dkt. 48). The primary

PLAINTIFFS' OPPOSITION TO DEFENDANT
ISTVAN BURGYAN'S MOTION FOR SUMMARY JUDGMENT
(NO. 2:13-CV-1694-JLR) — 4

STOEL RIVES LLP
600 University Street, Ste. 3600
Seattle, Washington 98101
(206) 386-7542

user history indicates that on December 24, 2010, the name of the primary user changed from "Offshore Limited D" to **"Istvan Burgyan"** and then to the fictitious "Clark Kent." *Id.*, Ex. 3 at 1-2. The User ID email addresses changed from **"DEMARATECH.1"** and **"info@demaratech.com"** – which are derivations of the name of Burgyan's company – to "EROUTER.1" and "info@erouter.com." *Id.* The telephone number listed for Burgyan as the primary user name was "760-341-3289" (*id.*, Ex. 3 at 1, 2) – the *same* contact number listed for the holder of the <atigeo.co> domain name.

A third report shows that Offshore Ltd D holds several of the domain names of websites at issue in this suit, along with other domain names of note:

"THEUNTOLDSOTRY.NET"        "YELLOWSTONECLUB.NET"
"THEYELLOWSTONECLUB.NET"    "YELLOWSTONECLUBSCANDAL.COM"
"DENNISMONTGOMERY.COM"      "DENNISMONTGOMERY.NET"
**"ISTVANBURGYAN.NET"**

*Id.* Ex. 4 at 1-2. The account number, user ID, and contact information listed in this report match the information that appears on the <atigeo.co> domain name report and the information for <u>Burgyan's primary user history</u>: "Account #27945118," Account Holder "Person Org Id: 35889332," several entries of "Updated By 40375664," Phone No. 760-341-3289, and the address of 42829 Cook Street, Palm Desert, CA 92211. *Compare id.*, Ex. 4 at 3 *with id.*, Ex. 2 at 7.

In addition, a Google search reveals that the telephone number and address that appear repeatedly in these Network Solutions records are part of the contact information publicly listed **for Burgyan and Demaratech**. A search for "760-341-3289" returns a list of several websites publicizing Demaratech. *See* Tellis Dec. ¶ 6, Ex. 5 at 1, 2. One of the websites listed indicates that Demaratech's address is the same as that listed for Offshore Ltd D on the Network Solutions records: 42829 Cook Street, Palm Desert, CA 92211. *See id*, Ex. 5 at 3. A search of this phone number and Burgyan's name leads to a website identifying Burgyan as the owner of Demaratech and indicates that he can be contacted at this phone number, along with the address appearing on Demaratech's operating agreement. *See id.*, Ex. 5 at 4-6. The objective evidence confirms Burgyan's connection to the <atigeo.co> web site domain name.

PLAINTIFFS' OPPOSITION TO DEFENDANT
ISTVAN BURGYAN'S MOTION FOR SUMMARY JUDGMENT
(NO. 2:13-CV-1694-JLR) — 5

STOEL RIVES LLP
600 University Street, Ste. 3600
Seattle, Washington 98101
(206) 386-7542

## III. ARGUMENT

### A. Summary Judgment Standard[2]

Summary judgment is appropriate under Fed. R. Civ. P. 56 only "if the pleadings, depositions, answers to interrogatories and admissions on file together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249 (1986); *see also Torres v. City of Madera*, 648 F.3d 1119, 1123 (9th Cir. 2011). A summary judgment hearing is not the time "to weigh the evidence and determine the truth of the matter but to determine whether there is a genuine issue for trial." *Anderson*, 477 U.S. at 249. In ruling on summary judgment, the Court "must assume the truth of the nonmovant's evidence, and draw all inferences in that party's favor." *Id.*; *see also Soremakun v. Thrifty Payless, Inc.*, 509 F.3d 978, 984 (9th Cir. 2007); *Vaughn v. Montague*, 924 F. Supp. 2d 1256, 1263 (W.D. Wash. 2013).

If the moving party's evidence of a material fact conflicts with the nonmoving party's evidence on the same fact, courts "must assume the truth of the evidence set forth by the nonmoving party with respect to that material fact." *Furnace v. Sullivan*, 705 F.3d 1021, 1026 (9th Cir. 2013). A material fact that would preclude entry of summary judgment is one that, under the applicable substantive law, may affect the outcome of the case. *Anderson*, 477 U.S. at 248. When the nonmoving party points to evidence creating a material issue of fact, summary judgment must be denied. *Jada Toys, Inc. v. Mattel, Inc.*, 518 F.3d 628, 634-36 (9th Cir. 2008) (reversing summary judgment on trademark infringement claims where record evidence created genuine issue on likelihood of confusion and noting that credibility determinations at summary judgment stage is improper); *Playboy Enters., Inc. v. Netscape Commc'ns Corp.*, 354 F.3d 1020, 1024-28 (9th Cir. 2004) (reversing summary judgment on trademark infringement claims where record evidence created genuine issue of fact on likelihood of confusion); *Aventa Learning, Inc. v.*

---

[2] Burgyan discusses the summary judgment standards under both Fed. R. Civ. P. 56 and the California Code of Civil Procedure. *See* Motion at 5-6. Federal courts adjudicating state law claims apply state substantive law (*Erie R.R. v. Tompkins*, 304 U.S. 64, 78, (1938)), but federal procedural rules (*Vess v. Ciba–Geigy Corp. USA*, 317 F.3d 1097, 1102 (9th Cir. 2003)). The California Code of Civil Procedure standard, therefore, is irrelevant.

PLAINTIFFS' OPPOSITION TO DEFENDANT
ISTVAN BURGYAN'S MOTION FOR SUMMARY JUDGMENT
(NO. 2:13-CV-1694-JLR) — 6

STOEL RIVES LLP
600 University Street, Ste. 3600
Seattle, Washington 98101
(206) 386-7542

*K12, Inc.*, 830 F. Supp. 2d 1083, 1096 (W.D. Wash. 2011) (denying summary judgment where evidence created issues of fact for the jury). As set forth below, the evidence submitted by Plaintiffs creates genuine issues of material fact that preclude summary judgment here.

**B.  Network Solutions Records and Publicly Available Information Tie Burgyan to the Account Controlling the Offending Websites' Domain Names**

Burgyan's argument is straightforward: Mr. Montgomery did it. The sole basis on which he seeks summary judgment is his declaration testimony that he was not involved in the registration of the <atigeo.co> domain name or creation of the www.atigeo.co website (which gives rise to both Plaintiffs' cybersquatting and libel claims) or the other offending websites identified in the Complaint (which also underlie Plaintiffs' libel claim). The objective evidence submitted by Plaintiffs directly contradicts Burgyan's claims.

Burgyan's name and contact information and that of his company, Demaratech, appear throughout the Network Solutions records for the offending websites' domain names. These records show that <atigeo.co> is privately registered under "Account #: 27945118" and the name Offshore Ltd D, which operates under the "Person Org ID: 35889332" and can be reached at the telephone phone number of 760-341-3289 and the address of 42829 Cook Street, Palm Desert, CA 92211. Tellis Dec., Ex. 3 at 2, 4, 7. They also show that several other offending website domain names (*e.g.*, <theuntoldstory.net> <yellowstoneclub.net>, and <yellowstoneclubs.com>) are registered under the exact same information. *Id.*, Ex. 4 at 1-3  The primary user for this account is identified as the fictitious "Clark Kent" operating under the "Person Org ID: 40375664." *Id.*, Ex. 2 at 7. <u>The user history for this account reveals that name of the last actual person associated with "Person Org ID: 4037566" was **"Istvan Burgyan"** (User ID **"DEMARATECH.1"** and email **"info@demaratech.com"**) before the fictitious "Clark Kent" became the listed user name.</u> *Id.*, Ex. 3 at 1-2. These records also show that the same telephone number currently associated with the <atigeo.co> "Account #: 27945118" – 760-341-3289 – was also listed for **"Istvan Burgyan."** *Compare id.*, Ex. 2 at 7 *with id.*, Ex. 3 at 1, 2, *with id.*, Ex. 4 at 3. Furthermore, a Google search of this telephone number turns up several online listings for **Demaratech** at the same Palm Desert address listed above. *Id.* ¶ 6, Ex. 5. And when paired with

PLAINTIFFS' OPPOSITION TO DEFENDANT
ISTVAN BURGYAN'S MOTION FOR SUMMARY JUDGMENT
(NO. 2:13-CV-1694-JLR) — 7

STOEL RIVES LLP
600 University Street, Ste. 3600
Seattle, Washington 98101
(206) 386-7542

the search term "Burgyan," this number links to a website identifying Burgyan as the owner of Demaratech who can be reached at that number. *Id.*

Connecting these dots (and, though not necessary given the number of facts, drawing all inferences in Plaintiffs' favor as the Court must), the picture is clear: The domain names of the offending websites are registered to Burgyan or an entity he controls. Burgyan, as the registrant of the domain names for these websites, was involved in the maintenance and creation of the offending websites. He is, at least, ultimately responsible for their content as a principal in the same way that a publisher is ultimately responsible for the articles published in a newspaper or magazine. He has ultimate control over whether the website content is even made available to the public. Thus, despite Burgyan's testimony that he was not involved with the offending websites, there is compelling evidence creating a genuine issue of fact that can be decided only by a jury. A different conclusion would require an improper weighing of the evidence. Burgyan's motion should be denied.

C. **If the Court Does Not Agree that Burgyan's Motion Should Be Denied Outright, It Should Allow Plaintiffs to Conduct Discovery under Fed. R. Civ. P. 56(d)**

For the sake of argument, even if the Court were to conclude that Burgyan has met his burden (he has not), the Court should nonetheless defer ruling on Burgyan's motion to allow Plaintiffs to conduct discovery that Burgyan has resisted. A party opposing a motion for summary judgment may request deferral of consideration of the motion and permission to conduct additional discovery upon an adequate factual showing. Fed. R. Civ. P. 56(d) (requiring party making such request to show "by affidavit or declaration that, for specified reasons, it cannot present facts essential to justify its opposition"). Deferral of a ruling under the rule is appropriate when the affidavit identifies "the specific facts that further discovery would reveal, and explain why those facts would preclude summary judgment." *Tatum v. City and Cnty. of San Francisco*, 441 F.3d 1090, 1100 (9th Cir.2006). A Rule 56(d) affidavit is sufficient when it identifies "some basis for believing that the information sought actually exists." *Blough v. Holland Realty, Inc.*, 574 F.3d 1084, 1091 n. 5 (9th Cir.2009). The affidavit testimony of Roland Tellis filed herewith satisfies these criteria.

PLAINTIFFS' OPPOSITION TO DEFENDANT
ISTVAN BURGYAN'S MOTION FOR SUMMARY JUDGMENT
(NO. 2:13-CV-1694-JLR) — 8

STOEL RIVES LLP
600 University Street, Ste. 3600
Seattle, Washington 98101
(206) 386-7542

Burgyan has stonewalled Plaintiffs' attempts to investigate the facts through the discovery process. Plaintiffs have propounded numerous discovery requests to Burgyan, his company Demaratech, Offshore Limited D, and Montgomery, seeking information about their activities and connections to the offending websites. Tellis Dec. ¶ 7. Burgyan has produced only a few documents.[3] *Id.* ¶¶ 9-10, Ex. 8. Demaratech has not produced anything (*id.* ¶ 11), and Defendants claim Offshore Limited D does not exist, even though counsel appeared on its behalf, Montgomery sought insurance coverage for the company, and this corporate name appears on each of the Network Solutions records detailed above. Using circular reasoning, Burgyan asserts that he had no involvement with any subject matter at issue in the lawsuit so, therefore, he has no information or documents to provide regarding the subject matter of the lawsuit.

Burgyan's position relies on the concealment of the Network Solutions facts detailed above (in addition to however many other facts have not yet been discovered). The evidence submitted by Plaintiffs demonstrates a materially different version of events from what Burgyan would lead the Court to believe. *Id.* ¶ 12. In reality, Burgyan was instrumental in registering the website domain names and serving as the primary point of contact for them with Network Solutions. *Id.* Burgyan should not be able to short circuit this litigation before Plaintiffs complete discovery, including obtaining all documents requested from and written discovery propounded to Defendants, taking the depositions of Defendants, and, if necessary, taking the depositions of nonparties with the knowledge of the registration of the website domain names and the creation of the offending websites and the statements made therein. *Id.* ¶ 13.

Plaintiffs' discovery will show that Burgyan was involved in the offending websites in at least the following ways:

(a) Burgyan was responsible for the Network Solutions account(s) used to register the offending website domain names;

---

[3] At 5:10 p.m. on Friday, March 21, 2014, Montgomery's counsel delivered a CD document production and supplemental discovery objections/responses to the office of Plaintiffs' counsel. Plaintiffs' attorneys have not had an opportunity to process and review these materials before filing this opposition brief but will endeavor to do so expeditiously. If this document production contains information relevant to Burgyan's summary judgment, Plaintiffs will seek leave to file supplemental briefing.

PLAINTIFFS' OPPOSITION TO DEFENDANT
ISTVAN BURGYAN'S MOTION FOR SUMMARY JUDGMENT
(NO. 2:13-CV-1694-JLR) — 9

STOEL RIVES LLP
600 University Street, Ste. 3600
Seattle, Washington 98101
(206) 386-7542

(b) Burgyan served as the point of contact for the accused websites; and

(c) Burgyan played a role in updating the website domain names and publishing the content.

*Id.* ¶ 14. The evidence set forth herein amply demonstrates the existence of genuine issues of material fact such that Burgyan's motion for summary judgment must be denied outright, and it also shows that Plaintiffs are likely to develop further evidence establishing Burgyan's involvement, further mandating the denial of summary judgment.

Independently, to the extent Burgyan attempts to raise new facts or explanations in his reply brief rebutting the evidence he withheld, Plaintiffs reserve the right to file a sur-reply and, at least, to request the opportunity under Fed. R. Civ. P. 56(d) to investigate those facts and to test those contentions.

## IV. CONCLUSION

The Network Solutions business records and Google search results submitted by Plaintiffs link Burgyan to the websites underlying this action and contradict Burgyan's assertion that he was not involved with these websites. Thus, there are genuine issues of material fact precluding summary judgment. Any doubt about that conclusion should be resolved only after Plaintiffs take discovery under Rule 56(d).

DATED this 24th day of March 2014.

Respectfully Submitted,

STOEL RIVES LLP

*/s/ Brian C. Park*
Brian C. Park, WSBA No. 25,584
Maren R. Norton, WSBA No. 35,435
Hunter Ferguson, WSBA No. 41,485
600 University Street, Suite 3600
Seattle, WA 98101
Telephone: (206) 386-7542
Facsimile: (206) 386-7500
BCPark@stoel.com
MRNorton@stoel.com
HOFerguson@stoel.com

Counsel for Plaintiff Atigeo LLC

PLAINTIFFS' OPPOSITION TO DEFENDANT
ISTVAN BURGYAN'S MOTION FOR SUMMARY JUDGMENT
(NO. 2:13-CV-1694-JLR) — 10

STOEL RIVES LLP
600 University Street, Ste. 3600
Seattle, Washington 98101
(206) 386-7542

1
2
3
4
5
6

BARON & BUDD, P.C.

*/s/ Roland K. Tellis*
Roland K. Tellis (*Pro Hac Vice*)
15910 Ventura Boulevard, Suite 1600
Encino, CA 91436
Telephone: (818) 839-2333
Facsimile: (818) 986-9698
RTellis@baronbudd.com

Counsel for Plaintiffs
Atigeo LLC and Michael Sandoval

7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26

PLAINTIFFS' OPPOSITION TO DEFENDANT
ISTVAN BURGYAN'S MOTION FOR SUMMARY JUDGMENT
(NO. 2:13-CV-1694-JLR) — 11

STOEL RIVES LLP
600 University Street, Ste. 3600
Seattle, Washington 98101
(206) 386-7542

## CERTIFICATE OF SERVICE

I hereby certify than on March 24, 2014, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to the parties of record in the above case.

STOEL RIVES LLP

*Melissa A Wood*

Melissa Wood, Practice Assistant
Dated at Seattle, WA on March 24, 2014

PLAINTIFFS' OPPOSITION TO DEFENDANT
ISTVAN BURGYAN'S MOTION FOR SUMMARY JUDGMENT
(NO. 2:13-CV-1694-JLR) — 12

STOEL RIVES LLP
600 University Street, Ste. 3600
Seattle, Washington 98101
(206) 386-7542