The Honorable James L. Robart

UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| ATIGEO LLC, a Washington limited liability company; and MICHAEL SANDOVAL, an individual,<br><br>Plaintiffs,<br><br>vs.<br><br>OFFSHORE LIMITED D, a California business organization, form unknown; OFFSHORE LMITED D, a California partnership; DENNIS MONTGOMERY, individually and as a partner of Offshore Limited D; ISTVAN BURGYAN, individually and as a partner of Offshore Limited D; DEMARATECH, LLC, a California limited liability company; and DOES 1-10, inclusive,<br><br>Defendant. | NO. 2:13-cv-01694<br><br>**DECLARATION OF DEFENDANT DENNIS MONTGOMERY IN SUPPORT OF DEFENDANTS' RESPONSE TO PLAINTIFFS' MOTION FOR PROTECTIVE ORDER** |

I, Dennis Montgomery, declare:

1.  I am over the age of 18 years and I am a defendant in this lawsuit. I am of legal age and competent to testify to the matters herein, and do so of my own personal knowledge. I make this declaration in support of my Response to Plaintiffs' Motion for Protective Order.

DECLARATION OF DEFENDANT DENNIS
MONTGOMERY IN SUPPORT OF DEFENDANTS'
RESPONSE TO PLAINTIFFS' MOTION FOR
PROTECTIVE ORDER - 1 -

McGaughey Bridges Dunlap PLLC
325 – 118th Avenue Southeast, Suite 209
Bellevue, Washington 98005 – 3539
(425) 462 – 4000
(425) 637 – 9638 Facsimile

2. In pursuit of their protective order and in an effort to designate certain documents as "attorneys' eyes only" ("AEO"), plaintiffs have brought up prior litigation in which I was a party. Their motion clearly mischaracterizes my litigation history in order to discredit me before this Court.

3. I was not found to have mishandled confidential information in eTreppid Technologies, LLC v. Montgomery, Nos. 3:06-cv-00145-PMP-VPC and 3:06-cv-00056-PMP-VPC (D. Nev. 2006). While it is true I was sued by my former business partner, Warren Trepp, plaintiffs have completely misrepresented the facts of that case.

First of all, the eTreppid litigation involved a dispute as to whether I or Mr. Trepp owned certain data compression and pattern recognition technology. Moreover, the technology that I was allegedly "mishandling" in that matter was created and substantially owned by me. In entering into a partnership with Mr. Trepp, I contributed a portion of this technology and he contributed approximately $1.5 million in capital. Under this agreement, Mr. Trepp and I each held equal ownership of eTreppid.

Plaintiffs' brief conveniently glosses over the fact this case concluded via settlement. Edra Blixseth, who was also a defendant in that matter, and controlled the financial purse strings, chose to settle with Mr. Trepp by paying him certain amounts of money over time in addition to granting him a percentage of a number of future government contracts.[1] In exchange, Mr. Trepp assigned all of the subject technology back over to me. Given Ms.

---

[1] As part of my employment agreement with Opspring LLC, which was owned by Blixseth and plaintiff Michael Sandoval, Opspring was to contribute up to $3.3 million towards my litigation expenses stemming from the eTreppid litigation and the FBI investigation. In March 2007, after being confronted by Ms. Blixseth as to his misappropriation of her investment with his companies, Sandoval assigned all rights and ownership of Opspring over to Ms. Blixseth. As a result, Ms. Blixseth assumed the full obligation of my litigation expenses related to the eTreppid matter.

DECLARATION OF DEFENDANT DENNIS
MONTGOMERY IN SUPPORT OF DEFENDANTS'
RESPONSE TO PLAINTIFFS' MOTION FOR
PROTECTIVE ORDER - 2 -

McGaughey Bridges Dunlap PLLC
325 – 118th Avenue Southeast, Suite 209
Bellevue, Washington 98005 – 3539
(425) 462 – 4000
(425) 637 – 9638 Facsimile

Blixseth's employment agreement with me, she assumed my entire financial obligation under the settlement. Due to the fact that Ms. Blixseth was funding my defense (over $100,000 per month), I had minimal control regarding whether or not to settle.

As a result of the 2008 financial collapse, Blixseth filed for bankruptcy and was unable to fulfill her obligations to Mr. Trepp under the agreement. Thus, she defaulted on the settlement and a confession of judgment was entered against her. A confession of judgment was also entered against me since I was a co-signor to the agreement. Plaintiffs' inference that I was found to have mishandled or misappropriated confidential information is patently false. Attached hereto as <u>Exhibit 1</u> is a true and correct copy of a Confession of Judgment from <u>Montgomery v. eTreppid Technologies, LLC, et al.</u>, dated December 11, 2008.

4.   Plaintiffs have also mentioned that I was the subject of a criminal investigation by the FBI related to my alleged mishandling of confidential information. <u>See</u> <u>In re: Search Warrant of the Residence Located at 12720 Buckthorne Lane, Reno, Nevada, and Storage Units 136, 140, 141, 142, 143, Double R Storage, 888 Maestro Drive, Reno, Nevada</u>, No. 3:06-cv-00263-PMPVPC (D. Nev. 2006). It is shocking they would use that case to discredit me in the instant matter as Judge Cook issued an Order completely vindicating me, stating the FBI's investigation was conducted "in callous disregard of Montgomery's rights." In essence, that investigation was a witch hunt initiated by Warren Trepp. This is fully supported by Judge Cook's 33-page order, dated November 28, 2006. Attached hereto as <u>Exhibit 2</u> is a true and correct copy of Judge Cook's Order.

DECLARATION OF DEFENDANT DENNIS
MONTGOMERY IN SUPPORT OF DEFENDANTS'
RESPONSE TO PLAINTIFFS' MOTION FOR
PROTECTIVE ORDER - 3 -



McGaughey Bridges Dunlap PLLC
325 – 118th Avenue Southeast, Suite 209
Bellevue, Washington 98005 – 3539
(425) 462 – 4000
(425) 637 – 9638 Facsimile

Notably, plaintiffs Atigeo, LLC and Michael Sandoval were parties to the eTreppid litigation and were represented at the time by their current counsel, Brian Park. Thus, I assume they are fully aware of the outcome of the FBI's investigation and Judge Cook's order.

There were no criminal charges brought against me in connection to that investigation. There was merely a claim I had misused classified materials. Moreover, the information that led to the investigation was conveniently provided by my former business partner and then litigation opponent, Warren Trepp – <u>just after he had filed a civil suit against me</u>. See generally (<u>Exhibit 2</u>, Judge Cook FBI Ruling). Almost solely as a result of Trepp's statements, the FBI obtained a warrant, searched my home, and confiscated a number of my personal belongings. This is all supported by Judge Cook's Order. The ruling makes clear that the search warrant never should have been issued in the first place and was based on inaccurate and incomplete information. See <u>id</u>. at 14:4.

> SA [Special Agent] West referred to the 1998 contribution agreement, and he quoted an excerpt from the agreement which stated that Montgomery contributed *all* of his intellectual property, software programs, and source codes to eTreppid; therefore, this court inferred that eTreppid owned *all* of the assets described in the balance of SA West's affidavit. This inference was incorrect. At the evidentiary hearing, the entire contribution agreement was admitted into evidence [and made clear that this was not the case].

<u>Id</u>. at 18-19 (italics in original).

SA West's also led the court to draw "the incorrect inference that in addition to giving all of his intellectual property to eTreppid, Montgomery had also agreed not to compete with eTreppid. This is not true." <u>Id</u>. at 21:20-22.

> **SA West never disclosed in his affidavit that Trepp and Montgomery were engaged in civil litigation concerning**

DECLARATION OF DEFENDANT DENNIS
MONTGOMERY IN SUPPORT OF DEFENDANTS'
RESPONSE TO PLAINTIFFS' MOTION FOR
PROTECTIVE ORDER - 4 -

McGaughey Bridges Dunlap PLLC
325 – 118th Avenue Southeast, Suite 209
Bellevue, Washington 98005 – 3539
(425) 462 – 4000
(425) 637 – 9638 Facsimile

**ownership of the trade secrets,** which are intertwined with the allegation in the affidavit that Montgomery engaged in the criminal theft of trade secrets.

Id. at 27:13-16 (emphasis added).

"SA West was aware that the trade secrets at issue are valued in millions of dollars, but he did nothing during his pre-search warrant investigations to determine the extent of Montgomery's claim to ownership."

Id. at 28:1-3.

The court further stated that had it "been apprised of the civil litigation between Trepp and Montgomery and the disputed facts summarized herein, it would have concluded – as the court does now – that **there was no probable cause to issue a search warrant based upon the allegation of theft of trade secrets.**" Id. at 29:9-11 (emphasis added).

The over-arching concern in this proceeding is that **SA West became an unwitting pawn in a civil dispute, and as a result of his inexperience and lack of training, he prepared search warrant affidavits that are riddled with incorrect statements, edited documents, and uncorroborated conclusions, which caused this court to exercise its formidable power to authorize the government to search Montgomery's home and storage units.**

Id. at 30-31 (emphasis added).

Judge Cook's ruling goes on to further criticize the FBI's handling of this matter, in essence accusing SA West of acting on behalf of Trepp: "**[SA West] never appeared to question whether he had become an agent, not for the government, but for private interests engaged in litigation valued in millions of dollars.**" Id. (emphasis added).

Notably, the court also concluded that the 9 secret hard drives that were the subject of the search did not even contain classified information. Id. at 32-33. This "investigation" was

DECLARATION OF DEFENDANT DENNIS
MONTGOMERY IN SUPPORT OF DEFENDANTS'
RESPONSE TO PLAINTIFFS' MOTION FOR
PROTECTIVE ORDER - 5 -



McGaughey Bridges Dunlap PLLC
325 – 118th Avenue Southeast, Suite 209
Bellevue, Washington 98005 – 3539
(425) 462 – 4000
(425) 637 – 9638 Facsimile

Case 2:13-cv-01694-JLR   Document 58   Filed 03/26/14   Page 6 of 7

initiated solely as a litigation tactic of Warren Trepp. It was based upon his false statements made to the FBI and an FBI agent's naiveté – or complicities.

5. As a result of the 2006 FBI investigation, I filed a lawsuit against Warren Trepp and others, accusing them of fraud, conspiracy, corruption, and False Claims Act violations. That matter was later consolidated as part of the eTreppid litigation. Contrary to plaintiffs' statement that my claims were "dismissed and judgment entered in favor of defendants," this matter was settled in 2008 as part of the above-mentioned eTreppid settlement. Again, the only judgment entered against me was the confession of judgment that resulted from Ms. Blixseth's financial collapse and failure to enter into her obligations under the settlement.

6. As to plaintiffs' reference to my Wikipedia page, I did not have a Wikipedia page until on or around December 24, 2012. Shortly thereafter, unidentified authors began posting libelous information about me on the site. I made several attempts to correct this information. However, the posters of the libelous content always return the Wikipedia page back to its original form.

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

DECLARATION OF DEFENDANT DENNIS
MONTGOMERY IN SUPPORT OF DEFENDANTS'
RESPONSE TO PLAINTIFFS' MOTION FOR
PROTECTIVE ORDER - 6 -



McGAUGHEY BRIDGES DUNLAP PLLC
325 – 118TH AVENUE SOUTHEAST, SUITE 209
BELLEVUE, WASHINGTON 98005 – 3539
(425) 462 – 4000
(425) 637 – 9638 FACSIMILE

7. In regard to my credibility, the Federal government has granted me a top secret clearance at various times between 2003 and 2010. In this role, I worked at various government intelligence agencies' facilities that required a top secret clearance. Attached hereto as <u>Exhibit 3</u> are various documents relevant to my security clearance, dated on or around 2004-2005.

**I declare under penalty of perjury under the laws of the state of Washington that the foregoing is true and correct.**

DATED this 26 day of MARCH, 2014.

_____
Dennis Montgomery, Declarant

DECLARATION OF DEFENDANT DENNIS
MONTGOMERY IN SUPPORT OF DEFENDANTS'
RESPONSE TO PLAINTIFFS' MOTION FOR
PROTECTIVE ORDER - 7 -

McGAUGHEY BRIDGES DUNLAP PLLC
325 – 118TH AVENUE SOUTHEAST, SUITE 209
BELLEVUE, WASHINGTON 98005 – 3539
(425) 462 – 4000
(425) 637 – 9638 FACSIMILE