The Honorable James L. Robart

UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| ATIGEO LLC, a Washington limited liability company; and MICHAEL SANDOVAL, an individual,<br><br>           Plaintiffs,<br><br>vs.<br><br>OFFSHORE LIMITED D, a California business organization, form unknown; OFFSHORE LMITED D, a California partnership; DENNIS MONTGOMERY, individually and as a partner of Offshore Limited D; ISTVAN BURGYAN, individually and as a partner of Offshore Limited D; DEMARATECH, LLC, a California limited liability company; and DOES 1-10, inclusive,<br><br>           Defendant. | NO. 2:13-cv-01694<br><br>**DEFENDANTS DENNIS MONTGOMERY AND ISTVAN BURGYAN'S RESPONSE TO PLAINTIFFS' MOTION TO QUASH**<br><br>NOTED ON MOTION CALENDAR:<br><br>April 11, 2014 |

## I. RESPONSE

Plaintiffs have moved to quash defendants Dennis Montgomery and Istvan Burgyan's ("defendants") *subpoenas duces tecum* to Windermere Real Estate, Amy Dedoyard and 206 Inc. As explained below, the documents requested in these subpoenas go straight to the truth of Mr. Montgomery's allegedly false statements as well as plaintiffs' broad allegations of damages therefrom.

DEFENDANTS DENNIS MONTGOMERY AND
ISTVAN BURGYAN'S RESPONSE TO PLAINTIFFS'
MOTION TO QUASH -1-

McGAUGHEY BRIDGES DUNLAP PLLC
325 – 118TH AVENUE SOUTHEAST, SUITE 209
BELLEVUE, WASHINGTON 98005 – 3539
(425) 462 – 4000
(425) 637 – 9638 FACSIMILE

It is plaintiffs who have broadened the scope of discovery by way of their fantastically broad and unsupported claims against defendants. See Plaintiffs' Complaint at ¶¶ 29, 35-37, 63 (Dkt. #1). And, while plaintiffs have peppered their motion with just about every objection they could muster, only they claim the subpoenas are overly broad and unduly burdensome.[1] The discovery is relevant or could lead to relevant evidence as defined under the Federal Rules of Civil Procedure.

Plaintiffs have not only asserted that Mr. Montgomery's statements on the subject websites are false; they have alleged that he used those websites as part of an attempt to extort them. No evidence has been introduced regarding this supposed extortion attempt. These claims are based almost <u>entirely</u> on the word of plaintiff Michael Sandoval, which puts Mr. Montgomery's word squarely up against Mr. Sandoval's. Thus, any discovery that touches on Mr. Sandoval's credibility is relevant to the instant matter and enhances the need to secure authentic records from their source. This is the core essence and purpose of formal discovery.

As explained in defendants' response to plaintiffs' motion for protective order, this is a complex case with a significant history involving many interrelated parties. Plaintiffs' attempt to simplify and limit discovery that bears directly on the veracity of their pleadings is not well taken. Their motion to quash should be denied.

## II. AUTHORITY AND ARGUMENT

**A. <u>Plaintiffs' Libel Claim Broadens Discovery Based Upon The Nature Of The Allegations.</u>**

---

[1] Counsel for Windermere assimilated the discovery and allowed Mr. Sandoval to review over the weekend before its production. Mr. Neste asserts plaintiffs' counsel claimed some of the documents may contain attorney-client privilege and that based on their duty of confidentiality, Mr. Sandoval's position, and the pending motion to quash they would not respond to the subpoenas. This makes little sense as any attorney-client privilege would be waived if in the hands of a third party. Plaintiff has in essence waived any confidentiality because he has put this at issue. Frankly, this is all just interference with defendants' right to conduct discovery. Decl. Nierman, Ex. 4, Letter from Lars Neste.

**DEFENDANTS DENNIS MONTGOMERY AND
ISTVAN BURGYAN'S RESPONSE TO PLAINTIFFS'
MOTION TO QUASH -2-**



McGAUGHEY BRIDGES DUNLAP PLLC
325—118TH AVENUE SOUTHEAST, SUITE 209
BELLEVUE, WASHINGTON 98005—3539
(425) 462—4000
(425) 637—9638 FACSIMILE

Plaintiffs brought the instant lawsuit against defendants on July 15, 2013, asserting a claim for libel as well as an alleged extortion scheme on part of Mr. Montgomery. Plaintiffs' unsubstantiated claims have put Mr. Sandoval's credibility at issue and, thus, broaden the scope of discovery by their very nature. It is plaintiffs who have sued for libel based upon the following statements Mr. Montgomery posted on the subject websites:

(a) That Atigeo billed a client for "nonexistent development work."

(b) That "Edra Blixseth place[d] $7mil into [Atigeo] accounts as 'pre-divorce' money" and that "Michael Sandoval agree[d] to escrow and 'shelter' the money for Edra Blixseth."

(c) That Michael Sandoval took all of Edra Blixseth's "sheltered" money.

(d) That Plaintiffs own three lots on Lake Washington, "purchased with Blixseth money without their consent or knowledge."

(e) That "Michael Sandoval, with the help of his controller, took the [Blixseth] money to purchase the property on Lake Washington in 2006 without the knowledge or consent of Edra Blixseth" and that "Michael Sandoval" admitted to the wrongdoing in March 2007 after being confronted with the evidence by Edra Blixseth and her associates."

(f) That Plaintiffs "still owe the Blixseth estate $8 [million]."

Complaint at ¶ 22 (Dkt. #1).

Mr. Montgomery maintains the truth of these statements. This puts his word against Mr. Sandoval's. The discovery at issue focuses on the above allegations and plaintiffs' claim for damages.

**B.  Defendants' Subpoenas Are Proper In Scope.**

On March 11, defendants issued *subpoenas duces tecum* to Windermere Real Estate and Amy Dedoyard. Decl. Park in Support of Motion for Protective Order, Ex. 6(A) – (B) (Dkt. #52). Before Windermere's receipt, defendants sent a copy of these subpoenas to plaintiffs' counsel via e-mail followed by legal messenger. Decl. Nierman, Ex. 1.

DEFENDANTS DENNIS MONTGOMERY AND
ISTVAN BURGYAN'S RESPONSE TO PLAINTIFFS'
MOTION TO QUASH -3-



McGAUGHEY BRIDGES DUNLAP PLLC
325 – 118TH AVENUE SOUTHEAST, SUITE 209
BELLEVUE, WASHINGTON 98005 – 3539
(425) 462 – 4000
(425) 637 – 9638 FACSIMILE

Amy Dedoyard is the Windermere real estate agent who assisted Michael and Heather Sandoval in purchasing three lots on Lake Washington (the "Kirkland Property") that were the subject of Mr. Montgomery's statements (b) – (f) above. Given the scope of these statements, the subpoenas directed to Ms. Dedoyard and Windermere were intentionally broad. The subpoenas seek communications and documents regarding the Sandovals and Atigeo LLC; documents regarding property purchased, transferred or sold by the Sandovals in Kirkland, Washington from 2005 through 2010; and documents regarding any Sandoval family trust which has been used to facilitate the transfer of property between Michael and/or Heather Sandoval or their children. See Decl. Park in Support of Motion for Protective Order, Ex. 6(A) – (B) (Dkt. #52).

On March 12, defendants issued a subpoena to plaintiffs' marketing company, 206 Inc. Decl. Park in Support of Motion for Protective Order, Ex. 6(C) (Dkt. #52). Before 206 Inc.'s receipt, plaintiffs received the subpoena. Decl. Nierman, Ex. 2. The discovery seeks all communications between 206 Inc. and Mr. Sandoval or Atigeo as well as any documents or communications regarding Mr. Sandoval or Atigeo. Decl. Park in Support of Motion for Protective Order, Ex. 6(C) (Dkt. #52).

Defendants concede this subpoena is facially invalid due to inadvertence and intend on reissuing a corrected copy. Defendants have not yet done so given this motion. However, defendants assert the scope of documents requested by the subpoena is proper.

C. **Defendants' Subpoenas Should Not Be Quashed.**

Defendants' subpoenas are not an overly broad "fishing expedition" given plaintiffs' allegations. The discovery is focused at the heart of plaintiffs' claims.

DEFENDANTS DENNIS MONTGOMERY AND
ISTVAN BURGYAN'S RESPONSE TO PLAINTIFFS'
MOTION TO QUASH -4-



McGAUGHEY BRIDGES DUNLAP PLLC
325 – 118TH AVENUE SOUTHEAST, SUITE 209
BELLEVUE, WASHINGTON 98005 – 3539
(425) 462 – 4000
(425) 637 – 9638 FACSIMILE

Importantly, "[q]uashing subpoenas goes against courts general preference for a broad scope of discovery." Fernandez v. California Dep't of Correction & Rehab., 2014 WL 794332 (E.D. Cal. Feb. 27, 2014). The party seeking to quash a subpoena cannot do so based upon unsubstantiated claims that disclosure may contain private or confidential materials. Diamond State Ins. Co. v. Rebel Oil Co., Inc., 157 F.R.D. 691 (D. Nev. 1994). "Whether a burdensome subpoena is reasonable must be determined according to the facts of the case, such as the party's need for the documents and the nature and importance of the litigation." Fernandez, 2014 WL 794332. Defendants' need for this discovery is great, particularly given that plaintiffs' allegations could expose defendants to significant personal liability and formal discovery is the vehicle to obtain evidence.

It is rudimentary parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense. Fed. R. Civ. P. 26(b)(1). Relevant information need not be admissible at trial so long as the discovery appears to be reasonably calculated to lead to the discovery of admissible evidence. Id. Relevance is "construed broadly to encompass any matter that bears on, or that reasonably could lead to other matter that could bear on, any issue that is or may be in the case." Oppenheimer Fund, Inc. v. Sanders, 437 U.S. 340, 351 (1978). This is important because plaintiffs have brought broad and unsubstantiated claims that, in turn, entitle defendants to a broad scope of discovery.

Discovery in libel cases is particularly broad. See Sullivan v. Conway, 93 C 4947, 1994 WL 419649 (N.D. Ill. Aug. 5, 1994) (holding that discovery to plaintiff was not overly broad because "information regarding plaintiff's law practice and reputation as an attorney is directly related to plaintiff's defamation claims." See also Price v. Viking Press, Inc., 113 F.R.D. 585, 587 (D. Minn. 1986):

DEFENDANTS DENNIS MONTGOMERY AND
ISTVAN BURGYAN'S RESPONSE TO PLAINTIFFS'
MOTION TO QUASH -5-

McGAUGHEY BRIDGES DUNLAP PLLC
325 – 118TH AVENUE SOUTHEAST, SUITE 209
BELLEVUE, WASHINGTON 98005 – 3539
(425) 462 – 4000
(425) 637 – 9638 FACSIMILE

> [D]efendants propose too narrow a scope for discovery. Discovery should not be limited to the specific alleged defamatory statements identified in the complaint…. **[E]vidence concerning any "general disdain for truth and accuracy with respect to plaintiff <u>and</u> the subject matter of the defamation is probative" and should be discoverable**.

(Emphasis added).

Given plaintiffs' allegations, the subject matter of defendants' subpoenas to Windermere and Amy Dedoyard is entirely relevant to the instant litigation. The so-called "Kirkland property" that plaintiff Michael Sandoval purchased through those parties **<u>is the primary topic of defendant Montgomery's allegedly libelous statements</u>**. Moreover, any information relevant to Mr. Sandoval's "general disdain for truth and accuracy" is highly probative in the instant litigation, particularly given his unsubstantiated allegation as to an alleged extortion scheme on part of Mr. Montgomery.

Indeed, defendants have a broad right to discovery with regard to Windermere and Ms. Dedoyard. Documents procured from those parties may contain information regarding the Sandovals' financial ability to purchase the property at issue and how the property was paid for. Documents regarding the Sandovals' family trust are relevant because, subsequent to purchasing the Kirkland property, it is believed the Sandovals transferred it to their family trust, HMJZ LLC.

Defendants concede the requests are broad in scope, but only because of the potential relevance of this discovery.[2] The time reflects the period leading up to Mr. Sandoval's alleged misappropriation of Edra Blixseth's investment, Ms. Blixseth's subsequent lawsuit against him, and Mr. Montgomery's statements regarding the same. See <u>Blixseth v. Sandoval et al.</u>, King

---

[2] Defendants are unaware whether Windermere or Ms. Dedoyard even worked with the Sandovals prior to 2005. Defendants also have no idea what is contained in the requested documents. Only plaintiffs, Windermere and Ms. Dedoyard know, as Mr. Sandoval himself has already reviewed the Windermere documents.

---

**DEFENDANTS DENNIS MONTGOMERY AND ISTVAN BURGYAN'S RESPONSE TO PLAINTIFFS' MOTION TO QUASH -6-**

McGAUGHEY BRIDGES DUNLAP PLLC
325 – 118TH AVENUE SOUTHEAST, SUITE 209
BELLEVUE, WASHINGTON 98005 – 3539
(425) 462 – 4000
(425) 637 – 9638 FACSIMILE

County Cause No. 08-18034-4 (alleging that Sandoval took $5.75 million of her $10 million xPatterns investment in the form of a personal loan from the company to purchase real property, located in Kirkland, Washington. Decl. Montgomery in Support of Motion to Dismiss, Ex. 1, Blixseth First Amended Complaint at ¶ 15 (Dkt. #37).

While some of the documents subpoenaed from Windermere and Ms. Dedoyard may not bear directly on plaintiffs' claims, they may be relevant to the instant litigation. This is a highly complex matter and it will not likely be one single document that tips the scale. In all likelihood, it will require connecting the dots between many related and unrelated documents. This is particularly true with regard to Mr. Sandoval's purchase of the Kirkland property. As that property is a major focus of this litigation and plaintiffs' claim that Mr. Montgomery's statements are false, defendants have a broad right to this information.[3]

Defendants' subpoena to 206 Inc. goes largely to plaintiffs' alleged damages. See Complaint at ¶¶ 18-20, 57, 58, 69. Plaintiffs claim "Atigeo has invested considerable time and money in advertising its services." Id. at ¶ 18. Defendants have thus sought relevant documents from Atigeo's marketing company. The broad requests to 206 Inc. are warranted in light of plaintiffs' broad allegations of damages stemming from Mr. Montgomery's allegedly false statements and his creation of the <atigeo.co> domain name.

It is believed that plaintiffs only used 206 Inc. for a limited period of time. Thus, any argument as to over breadth is, for all intents and purposes, moot. While defendants expect Windermere and Ms. Dedoyard's responses to cover a broader period of time, the same logic nevertheless applies.

---

[3] That defendants' subpoenas are not overly broad is confirmed by the fact none of the subpoenaed parties have objected to their scope. To the contrary, Windermere's attorney, Lars Neste, assured defendants that both Windermere and Ms. Dedoyard were in the process of preparing responsive documents and expected they would have no trouble complying with the full scope of defendants' requests. Decl. Nierman.

**DEFENDANTS DENNIS MONTGOMERY AND ISTVAN BURGYAN'S RESPONSE TO PLAINTIFFS' MOTION TO QUASH -7-**



McGAUGHEY BRIDGES DUNLAP PLLC
325-118TH AVENUE SOUTHEAST, SUITE 209
BELLEVUE, WASHINGTON 98005-3539
(425) 462-4000
(425) 637-9638 FACSIMILE

The cases cited by plaintiffs do not support quashing the instant subpoenas, especially given the broad scope of discovery in libel matters. In <u>Simplex Mfg. Co. v. Chien</u>, 2012 WL 3779629 *2 (W.D. Wash. Aug. 31, 2012), the court quashed a subpoena because it sought competitively sensitive information regarding the non-party to whom the subpoena was directed, including "forensic images of every electronic device in its possession to which Mr. Daniels has had access." In <u>S.E.C. v. Fuhlendorf</u>, 2010 WL 2159361 *2 (W.D. Wash. May 25, 2010), the defendant requested "a nonparty to search for documents analyzing an internal video promotion that [was] only tangentially related to" the matter at issue. In <u>Moon v. SCP Pool Corp.</u>, 232 F.R.D. 633, 638 (C.D. Cal. 2005), the plaintiffs relied "solely on a hearsay conversation … to explain the relevancy of [their] requests." In <u>Premium Serv. Corp. v. Sperry & Hutchinson Co.</u>, 511 F.2d 225, 229 (9th Cir. 1975), it was the non-party who moved to quash a subpoena which sought, in part, his confidential tax returns from 1955 to 1972 and "would have required extensive sifting and analysis by" the non-party's employees.

It is plaintiffs' burden to prove the over breadth of defendants' subpoenas – not the other way around. They have failed to articulate why the requested documents fall beyond the realm of discovery in the instant case. Plaintiffs' conclusory assertions are not sufficient to overcome the broad scope of discovery in this matter. The lack of objection from the subpoenaed parties further supports that the subpoenas are not overly broad but are sufficiently tailored to the specific facts of this litigation.

### D. **Plaintiffs Were Afforded Sufficient Notice.**

FRCP 45(a)(4) states:

> If the subpoena commands the production of documents, electronically stored information, or tangible things … then before

**DEFENDANTS DENNIS MONTGOMERY AND ISTVAN BURGYAN'S RESPONSE TO PLAINTIFFS' MOTION TO QUASH -8-**



McGaughey Bridges Dunlap PLLC
325 – 118TH Avenue Southeast, Suite 209
Bellevue, Washington 98005 – 3539
(425) 462 – 4000
(425) 637 – 9638 Facsimile

it is served on the person to whom it is directed, a notice and a copy of the subpoena must be served on each party.

The term "prior notice," for purposes of subpoenas, means notice prior to service of the subpoena on a non-party, rather than prior to document production. Coleman-Hill v. Governor Mifflin School Dist., 271 F.R.D. 549 (E.D. Pa.2010). The 1991 Advisory Committee Notes to Rule 45 indicate that the purpose of the notice requirement is to provide opposing parties an opportunity to object to the subpoena.

"Courts generally respond to Rule 45(b)(1) violations by striking the subpoenas, or allowing opposing counsel an opportunity to object." Vondersaar v. Starbucks Corp., 2013 WL 1915746 (N.D. Cal. May 8, 2013) (quoting McCurdy v. Wedgewood Capital Mgmt. Co., Inc., 1998 WL 964185, at *7 (E.D. Pa. Nov.16, 1998). However, courts have held that when opposing counsel has notice and sufficient time to object, they are not prejudiced by a violation of the Rule 45 notice requirement. McCurdy, 1998 WL 96418; Biocore Med. Technologies, Inc. v. Khosrowshahi, 181 F.R.D. 660, 667 (D. Kan. 1998) (ten days' notice was sufficient).

Defendants' subpoenas were e-mailed and sent to plaintiffs via legal messenger before the third parties received them. Decl. Nierman, Ex. 1-2 (emphasis added). Plaintiffs had sufficient time to object and the rule does not contemplate the instant time frame as late. Plaintiffs assert no prejudice. There is no basis for quashing these subpoenas based upon a lack of "prior notice."

E. **The Fact Documents May Be Confidential Does Not Mean They Are Not Discoverable.**

Plaintiffs further seek to quash defendants' subpoenas because they may elicit confidential information. It is asserted the Court's ruling on plaintiffs' pending motion for protective order will cure these concerns. Moreover, defendants have assured plaintiffs that any

DEFENDANTS DENNIS MONTGOMERY AND
ISTVAN BURGYAN'S RESPONSE TO PLAINTIFFS'
MOTION TO QUASH -9-



McGAUGHEY BRIDGES DUNLAP PLLC
325 – 118TH AVENUE SOUTHEAST, SUITE 209
BELLEVUE, WASHINGTON 98005 – 3539
(425) 462 – 4000
(425) 637 – 9638 FACSIMILE

documents received prior to entry of a protective order will be treated as though they are confidential until plaintiffs' motion for protective order is ruled on. Decl. Nierman, Ex. 3, McGaughey Letter. Thus, plaintiffs' argument that the subject subpoenas should be quashed due to the confidential nature of the documents sought is moot.

While the authority cited by plaintiffs may support protecting certain confidential materials, it does not support quashing the subject subpoenas. As explained supra, in Simplex, 2012 WL 3779629 the court quashed a subpoena because it sought competitively sensitive information regarding the non-party to whom the subpoena was directed. Here, the allegedly confidential information is in regard to plaintiffs, not Windermere, Ms. Dedoyard or 206 Inc. Hospital Corp. of Am. v. F.T.C., 807 F.2d 1381 (7th Cir. 1986) and Safe Flight Instrument Corp. v. Sundstrand Data Control Inc., 682 F. Supp. 20 (D. Del. 1988) are not on point and did not even involve subpoenas. Those cases merely pile onto authority already cited in plaintiffs' motion for protective order regarding the need to protect confidential information from business competitors.

Mr. Montgomery is not a competitor of Atigeo. To the extent the Court is concerned regarding the disclosure of confidential information to Mr. Montgomery, that concern is properly addressed pursuant to plaintiffs' pending motion for protective order, not by quashing defendants' subpoenas.

F. **That Plaintiffs May Be In Possession Of Some Of The Documents Sought By Defendants' Subpoenas Is Not An Adequate Reason To Quash Formal Discovery.**

Plaintiffs have made an unsubstantiated assertion that <u>all</u> of the documents sought by defendants' subpoenas are in their custody and control. This is an insufficient basis for limiting defendants' discovery. Defendants have an inherent right to seek records directly from the source if based on authenticity alone.

DEFENDANTS DENNIS MONTGOMERY AND
ISTVAN BURGYAN'S RESPONSE TO PLAINTIFFS'
MOTION TO QUASH -10-



McGAUGHEY BRIDGES DUNLAP PLLC
325-118TH AVENUE SOUTHEAST, SUITE 209
BELLEVUE, WASHINGTON 98005-3539
(425) 462-4000
(425) 637-9638 FACSIMILE

While the Sandovals may keep a file with documents concerning the Kirkland property, that does not obviate defendants' right to conduct formal discovery on a central issue in the case. By analogy, it is really no different than seeking confidential medical records when a plaintiff is asserting a bodily injury claim or tax records when the plaintiff has asserted a wage loss claim. If the matter is at issue, which it is, the fact the records are of the nature generally considered confidential has no bearing on whether they can be discovered. The issue is relevancy and can the discovery lead to discoverable evidence. While plaintiffs' file may contain <u>some</u> documents responsive to defendants' subpoenas, there is no assurance that it does. Similarly, Atigeo may maintain a file with documents relevant to 206 Inc. However, it is doubtful that Atigeo and the Sandovals' files are carbon copies of the files sought via subpoena. Plaintiffs' loose assertions to the contrary do little to ease defendants' concerns.

Importantly, defendants' subpoenas seek communications "regarding" plaintiffs. These are not communications between the non-parties and plaintiffs. These are in-house communications or communications with other third parties in which the subject matter is Michael Sandoval or Atigeo. Such communications are not likely to be in plaintiffs' possession.

While defendants cannot speak to the exact content of the responsive documents, there may be an e-mail between Amy Dedoyard and a co-worker in which she states that something seems strange about the manner in which the Sandovals procured funding for the Kirkland property. It also may be the totality of the subpoenaed documents that creates such an inference or at least leads defendants in a particular direction. The documents themselves do not need to be admissible – <u>they need only be "reasonably calculated to lead to the discovery of admissible evidence.</u>" Fed. R. Civ. P. 26(b)(1).

**DEFENDANTS DENNIS MONTGOMERY AND ISTVAN BURGYAN'S RESPONSE TO PLAINTIFFS' MOTION TO QUASH -11-**

MCGAUGHEY BRIDGES DUNLAP PLLC
325 – 118TH AVENUE SOUTHEAST, SUITE 209
BELLEVUE, WASHINGTON 98005 – 3539
(425) 462 – 4000
(425) 637 – 9638 FACSIMILE

Even if the files of the subpoenaed parties are similar to that of plaintiffs, there is simply too much at stake in this litigation for defendants to sit back and take plaintiffs' word for it. The mere fact they are so set on quashing these subpoenas – which have not been objected to by the non-parties – makes defendants all the more wary. Requiring a non-party to respond to a subpoena they are ready to respond to results in no harm. If it did, they could have objected accordingly.

Plaintiffs' authority is unavailing. In Langford v. Alegent Health, 2010 WL 2732876 (D. Neb. July 8, 2010), it was the subpoenaed non-party that moved to quash the subpoena. Moreover, the non-party's motion to quash and the defendant's motion in support thereof established that the defendant was in possession of the information sought by the plaintiff. Id. at *2. Here, plaintiffs assert the requested documents are in their possession, but as explained above, their assurances are not sufficient.

Travelers Indem. Co. v. Metro. Life Ins. Co., 228 F.R.D. 111, 114 (D. Conn. 2005) is also distinguishable as, again, it was the non-party insurer that moved to quash the subpoena because it would have required the insurer to review thousands of documents. Moreover, the documents sought were definitively available from the defendant or from public records in defendant's bankruptcy proceeding. Id.

Langford and Travelers support that a non-party may move to quash overly burdensome subpoenas if the documents are easily accessible from an additional source. However, in the instant case, the non-parties have not objected to the scope of defendants' subpoenas. Given the lack of objection from the subpoenaed parties, the Court should not quash defendants' subpoenas simply because some of the documents may be available from plaintiffs.

**DEFENDANTS DENNIS MONTGOMERY AND ISTVAN BURGYAN'S RESPONSE TO PLAINTIFFS' MOTION TO QUASH -12-**

McGaughey Bridges Dunlap PLLC
325 – 118TH Avenue Southeast, Suite 209
Bellevue, Washington 98005 – 3539
(425) 462 – 4000
(425) 637 – 9638 Facsimile

### III.   CONCLUSION

Based upon the foregoing, defendants respectfully request the Court deny Plaintiffs' Motion to Quash.

DATED this 9th day of April, 2014.

>   McGAUGHEY BRIDGES DUNLAP, PLLC
>
>   /s/Shellie McGaughey
>   Shellie McGaughey, WSBA #16809
>   Peter Nierman, WSBA #44636
>   Attorneys for Defendants



DEFENDANTS DENNIS MONTGOMERY AND
ISTVAN BURGYAN'S RESPONSE TO PLAINTIFFS'
MOTION TO QUASH -13-

McGAUGHEY BRIDGES DUNLAP PLLC
325 – 118TH AVENUE SOUTHEAST, SUITE 209
BELLEVUE, WASHINGTON 98005 – 3539
(425) 462 – 4000
(425) 637 – 9638 FACSIMILE

## CERTIFICATE OF SERVICE

I certify that I caused the foregoing to be served on the following by the methods indicated:

| | |
|---|---|
| Roland Tellis<br>Peter Smith<br>BARON & BUDD, P.C.<br>15910 Ventura Boulevard, Suite 1600<br>Encino, California, 91436 | ___ Via hand delivery by Legal Messenger<br>___ Via U.S. Mail, 1st Class, Postage Prepaid<br>___ Via Overnight Delivery<br>___ Via Facsimile<br>___ Via Email<br>_X_ Other: <u>Electronic Pacer</u> |
| Brian C. Park<br>STOEL RIVES LLP<br>600 University Street, Suite 3600<br>Seattle, WA 98101 | ___ Via hand delivery by Legal Messenger<br>___ Via U.S. Mail, 1st Class, Postage Prepaid<br>___ Via Overnight Delivery<br>___ Via Facsimile<br>___ Via Email<br>_X_ Other: <u>Electronic Pacer</u> |
| Paul Brain<br>Brain Law Firm PLLC<br>1119 Pacific Avenue, Suite 1200<br>Tacoma, WA 98402 | ___ Via hand delivery by Legal Messenger<br>___ Via U.S. Mail, 1st Class, Postage Prepaid<br>___ Via Overnight Delivery<br>___ Via Facsimile<br>___ Via Email<br>_X_ Other: <u>Electronic Pacer</u> |

I certify under penalty of perjury that the foregoing is true and correct.

DATED this 9th day of April, 2014.

*/s/ Peter Nierman*
Peter Nierman

DEFENDANTS DENNIS MONTGOMERY AND
ISTVAN BURGYAN'S RESPONSE TO PLAINTIFFS'
MOTION TO QUASH -14-



McGaughey Bridges Dunlap PLLC
325 – 118TH Avenue Southeast, Suite 209
Bellevue, Washington 98005 – 3539
(425) 462 – 4000
(425) 637 – 9638 Facsimile