THE HONORABLE JAMES L. ROBART

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| ATIGEO LLC, a Washington limited liability company, and MICHAEL SANDOVAL, an individual; and<br><br>Plaintiff,<br><br>v.<br><br>OFFSHORE LIMITED D, a California partnership; DENNIS MONTGOMERY, individually and as a partner of Offshore Limited D; ISTVAN BURGYAN, individually and as a partner of Offshore Limited D; DEMARATECH, LLC, a California limited liability company; and DOES 1-25, inclusive<br>Defendants. | Civil Action No. 2:13-CV-01694-JLR<br><br>REPLY IN SUPPORT OF PLAINTIFFS' MOTION TO QUASH SUBPOENAS DUCES TECUM ISSUED TO AMY DEDOYARD, WINDERMERE REAL ESTATE, AND 206 INC.<br><br>NOTED ON MOTION CALENDAR: April 11, 2014 |

Atigeo LLC ("Atigeo") and Michael Sandoval ("Sandoval") (collectively, the "Plaintiffs") moved to quash the *subpoenas duces tecum* issued to Windermere Real Estate ("Windermere"), Amy Dedoyard, and 206 Inc., or at least to bring them within the scope of an appropriate protective order. Dkt # 54. Defendants Dennis Montgomery and Istvan Burgyan (referred to herein as the "Defendants") failed to timely respond, and their late-filed arguments (allowing Plaintiffs' only two days to reply) are without merit for the reasons set forth below.

1. Plaintiffs noted the motion to quash on a third Friday (April 11, 2014) pursuant to Local Rule 7(d)(3). That rule provides that "Any opposition papers shall be filed and served not later than the Monday before the noting date." Thus, Defendants response was due on Monday,

REPLY IN SUPPORT OF PLAINTIFFS' MOTION TO
QUASH SUBPOENAS (2:13-CV-01694) - 1

75952079.1 0009074- 00012

**STOEL RIVES** LLP
ATTORNEYS
600 University Street, Suite 3600, Seattle, WA  98101
*Telephone (206) 624-0900*

April 7.  Defendants did not file their responsive papers until after 7:30 p.m. Wednesday, April 9, without any explanation, notice to Plaintiffs' counsel, or a request to the Court for leave to file late.  Thus, their response should be stricken in its entirety.  *See e.g. Peters v. County of Kitsap*, C07-5431BHS, 2008 WL 149176 (W.D. Wash. Jan. 11, 2008) ("Plaintiffs' failure to timely file their response to the motion [filed pursuant to Local Rule 7(d)(3)] should result in the Court granting Defendants' motion to strike"); *Curtis v. Illumination Arts, Inc.*, C12-0991JLR, 2013 WL 6173799 (W.D. Wash. Nov. 21, 2013) (citing Local Rule 7(d)(3), untimely filed declaration stricken).

2. Defendants concede that the subpoena issued to 206 Inc. is facially invalid as being issued by the wrong court.  Dkt # 65, at 4.  As such it should be quashed.  *Zamani v. Carnes*, No. C03-00852 RMW (HRL), 2008 WL 2127849, at *1 (N.D. Cal. May 19, 2008) ("A subpoena that designates the wrong issuing court is void.").

3. Respectfully, Defendants' representations of counsel's contact with Windermere and 206 Inc. are not accurate.  There has been no "interference with defendants' right to conduct discovery" as suggested by footnote 1 in Defendants' opposition.  To the contrary, as described in the *Declaration of Brian C. Park* ¶¶ 3-4 (filed herewith), Plaintiffs' position has always been that the proper procedure regarding Defendants' *subpoenas duces tecum* was for the Court to rule on Plaintiffs' motion for protective order and motion to quash prior to any production of third party documents containing confidential information of Plaintiffs.  This is the position of Plaintiffs explained to Windermere's counsel (Lars Neste) and to Defendants' counsel (Ms. McGaughey). At no time did Plaintiffs' counsel ever make a "unilateral request" that Windermere or any other party not comply with a subpoena as a means to "circumvent" discovery.  Rather, Plaintiffs' position has consistently been that the proper Court procedures and Federal Rules of Civil Procedure needed to be followed.  Counsel for Defendants, after realizing that Plaintiffs had filed a motion to quash, ultimately agreed that allowing the Court to decide the motion to quash was the proper procedure to address the concerns about the subpoenas.  *Id.* ¶ 5.  After counsel for Plaintiffs and Defendants clarified this issue via e-mail and after Defendants'

REPLY IN SUPPORT OF PLAINTIFFS' MOTION TO
QUASH SUBPOENAS (2:13-CV-01694) - 2

75952079.1 0009074- 00012

**STOEL RIVES** LLP
ATTORNEYS
600 University Street, Suite 3600, Seattle, WA  98101
*Telephone (206) 624-0900*

1  counsel realized Plaintiffs had filed a motion to quash, Defendants counsel sent a March 24, 2014 e-mail retracting the allegation of attempted discovery interference. *Id*. ¶ 4, Ex. 1-2. Unfortunately, those subsequent e-mails between Plaintiffs' and Defendants' counsel were not included in the declaration (Dkt # 66) filed in support of Defendants' opposition brief. *Id.*

4. Contrary to Defendants' opposition brief, the record is clear that counsel for Windermere and Ms. Dedoyard <u>did</u> timely object under Fed. R. Civ. P. 45(d)(2) to Defendants' subpoenas, as stated in paragraph 3 of Mr. Neste's March 24, 2014 letter to Ms. McGaughey. *See* April 9, 2014 *Nierman Declaration* (Dkt # 66), Ex. 4 ¶ 3.

5. Defendants are incorrect that any attorney-client privilege applicable to documents in Windermere's possession has been waived. It is hornbook law that documents prepared by a consultant, such as a real estate agent, can be privileged if made at the request of an attorney and based on confidential communications in order to further the solicitation of legal advice. *See United States v. Kovel*, 296 F.2d 918, 922 (2d Cir. 1961); *see also United States v. Judson*, 322 F.2d 460, 462-63 (9th Cir. 1963) (report prepared by personal accountant was privileged because it facilitated "an accurate and complete consultation between the client and the attorney about the former's financial picture"); *United States v. Bell*, No. C 94-20342 RMW, 1994 WL 665295 (N.D. Cal. Nov. 9, 1994) (ordering *in camera* review to determine whether accounting documents were prepared for anticipated dispute with IRS).

6. Defendants' assertion that Plaintiffs had "sufficient notice" is unsupported. Plaintiffs acknowledge that they received copies of the Windermere/Dedoyard and 206, Inc. subpoenas on March 11 and 12, 2014, respectively. But Plaintiffs' receipt of these subpoenas was virtually <u>simultaneous</u> with service on the nonparties. Defendants have not shown otherwise. The time indicated for response and objection to the Windermere/Dedoyard subpoenas was *less than 14 days* (<u>i.e.</u>, less than the time contemplated by the Federal Rules of Civil Procedure) after receipt by Plaintiffs. *See Official Comments to Advisory Committee* (1991 Amendment), subdivision (c), ¶ (c)(2).

REPLY IN SUPPORT OF PLAINTIFFS' MOTION TO
QUASH SUBPOENAS (2:13-CV-01694) - 3

75952079.1 0009074- 00012

STOEL RIVES LLP
ATTORNEYS
600 University Street, Suite 3600, Seattle, WA 98101
*Telephone (206) 624-0900*

7.      Contrary to Defendants' characterizations, their subpoenas are classic fishing expeditions, because they have not specifically explained what materials they expect to uncover from Windermere/Dedoyard and 206, Inc., much less how any of these materials are pertinent to the veracity of Defendants' statements. *See, e.g.*, *Williams v. Bagley*, 380 F.3d 932, 976-77 (6th Cir. 2004); *Telguz v. Pearnce*, No. 7:10CV00253, 2013 WL 3009328, at *4, *5 (W.D. Va. June 17, 2013). Defendants concede the categories of information sought in these subpoenas are "broad in scope" and that they "have no idea what is contained" in the requested materials. Dkt # 65, at 6 and n.2. In the absence of a clear articulation of what Defendants expect to find and how that information bears on this issue in this case, Defendants should not be permitted to engage in a harassing, intrusive dig for documents on the hope they might fight something to support the Rule 11 basis for their denials and defenses.

8.      Specifically regarding the Windermere/Dedoyard subpoenas, Defendants' justification for issuing these subpoenas is that Sandoval's purchase of the "Kirkland property" is the primary topic of Defendants' libelous statements. <u>The property acquisition that Defendants have referenced in their statements closed in 2006</u>. It is true that Edra Blixseth commenced a state court lawsuit against Sandoval in 2008 concerning this transaction, but that action was dismissed *with prejudice*, and Blixseth subsequently averred that she and Sandoval agreed to terms for repayment of the loan he took to purchase the Kirkland property. *See Park Decl.*, Ex. 3. In light of that testimony, the broad categories of information concerning Sandoval's real estate interests sought by Defendants cannot have any bearing on the veracity of Defendants' statements concerning this purchase. Putting aside the general irrelevance of these documents, Defendants offer no justification why they are entitled to receive documents concerning real estate inquiries or purchases *different from* the Kirkland property purchased in 2006 referenced in Defendants' website statements subject to the complaint. Similarly, Defendants offer no explanation why any record concerning the use of a family trust to hold real estate is relevant to any issue in this case. *See* Dkt # 65, at 4.

REPLY IN SUPPORT OF PLAINTIFFS' MOTION TO
QUASH SUBPOENAS (2:13-CV-01694) - 4

75952079.1 0009074- 00012

**STOEL RIVES** LLP
ATTORNEYS
600 University Street, Suite 3600, Seattle, WA  98101
*Telephone (206) 624-0900*

9. Regarding the 206, Inc. subpoena, Defendants assert that these materials are relevant to Plaintiffs' damages in light of the claim that Atigeo has invested considerable resources in its marketing and advertising that have been undermined by Defendants' use of the <atigeo.co.> domain name. But Defendants' requests go far beyond those issues and instead seek commercially sensitive business strategy information. Like their subpoenas concerning real estate transactions, Defendants provide no explanation why such information is relevant or reasonably calculated to lead to the discovery of admissible evidence.

10. Defendants' general argument that it needs access to the categories of information listed in the subpoenas because Sandoval's "credibility" is at issue lacks merit. Sandoval's real estate dealings and Atigeo's business marketing efforts have no logical nexus to communications between Sandoval and Montgomery about the consequences of Sandoval's refusal to fund one of Montgomery's ventures. (If the law were otherwise, the Rule 26(b) standard for discovery and Fed. R. Evid. 404 standard for admissibility would be that *any* information regarding any party's or witness' credibility is discoverable. Plainly, that is not what the rules provide.) Further, Defendants can, and must, test the credibility of Sandoval's testimony on that issue in other ways.

11. Independently, if the Court is disinclined to grant Plaintiffs' motion to quash in total, it should, at the very least, enter the protective order proposed by Plaintiffs such that documents responsive to subpoena requests are subject to the protective order. The materials sought by Defendants include commercially sensitive business strategy information and personal financial information. Contrary to Montgomery's claims, he is a business competitor of Atigeo's and Sandoval's insofar as he used to work on the same type of technology products (on behalf of Opspring/Blxware LLC) ultimately developed separately by Atigeo.

12. Confronted by Defendants' own Network Solutions documents, which *they* control and withheld from production in response to Plaintiffs' requests for production — and, in their (believed) absence of which, Defendant Burgyan moved for summary judgment (Dkt # 46) — Defendant Montgomery's admitted conduct regarding the websites demonstrates that he is

REPLY IN SUPPORT OF PLAINTIFFS' MOTION TO
QUASH SUBPOENAS (2:13-CV-01694) - 5

75952079.1 0009074- 00012

**STOEL RIVES** LLP
ATTORNEYS
600 University Street, Suite 3600, Seattle, WA  98101
*Telephone (206) 624-0900*

1  motivated to publish and capable of broadcasting harmful information (whether true/false or
2  confidential/public) about Plaintiffs.  Even if *arguendo* he were not a direct commercial
3  competitor, his conduct nonetheless has a detrimental effect.  Moreover, Defendants concede at
4  multiple points throughout their response that Plaintiffs' proposed protective order would "cure"
5  concerns about disclosure of information from nonparties.  Dkt # 65, at 9.

DATED:  April 11, 2014.

STOEL RIVES LLP

/s/ Maren R. Norton
Brian C. Park, WSBA No. 25584
Maren R. Norton, WSBA No. 35435
Hunter Ferguson, WSBA No. 41485
600 University Street, Suite 3600
Seattle, WA  98101-4109
Telephone: (206) 386-7542
Facsimile:  (206) 386-7500
bcpark@stoel.com
mrnorton@stoel.com
hoferguson@stoel.com

*Attorneys for Plaintiff Atigeo LLC*

BARON & BUDD, P.C.

/s/ Roland Tellis
Roland Tellis (*pro hac vice*)
15910 Ventura Blvd., Suite 1600
Encino, California  91436
Telephone: (818) 839-2333
Facsimile:  (818) 986-9698
rtellis@baronbudd.com

*Attorneys for Plaintiffs*
*Michael Sandoval and Atigeo LLC*

REPLY IN SUPPORT OF PLAINTIFFS' MOTION TO
QUASH SUBPOENAS (2:13-CV-01694) - 6

75952079.1 0009074- 00012

STOEL RIVES LLP
ATTORNEYS
600 University Street, Suite 3600, Seattle, WA  98101
*Telephone (206) 624-0900*

| | |
|---|---|
| 1 | **CERTIFICATE OF SERVICE** |

2  I hereby certify that on April 11, 2014, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following
3  persons:

4  - **Paul Edward Brain**
     pbrain@paulbrainlaw.com,jdavenport@paulbrainlaw.com

5
6  - **Shellie McGaughey**
     shellie@mcbdlaw.com,katie@mcbdlaw.com

7  - **Peter C Nierman**
     peter@mcbdlaw.com,petercn18@yahoo.com
8

9  DATED:  April 11, 2014 at Seattle, Washington.

10                                                            STOEL RIVES LLP

11                                                            /s/Maren R. Norton
                                                              Brian C. Park, WSBA No. 25584
12                                                            Maren R. Norton, WSBA No. 35435
13                                                            Hunter Ferguson, WSBA No. 41485
                                                              600 University Street, Suite 3600
14                                                            Seattle, WA  98101-4109
                                                              Telephone: (206) 386-7542
15                                                            Facsimile:  (206) 386-7500
                                                              bcpark@stoel.com
16                                                            mrnorton@stoel.com
                                                              hoferguson@stoel.com
17

18                                                            *Attorneys for Plaintiff Atigeo LLC*

19                                                            BARON & BUDD, P.C.

20                                                            /s/Roland Tellis
                                                              Roland Tellis (*pro hac vice*)
21                                                            15910 Ventura Blvd., Suite 1600
                                                              Encino, California  91436
22                                                            Telephone: (818) 839-2333
                                                              Facsimile:  (818) 986-9698
23                                                            rtellis@baronbudd.com

24
                                                              *Attorneys for Plaintiffs*
25                                                            *Michael Sandoval and Atigeo LLC*

26

REPLY IN SUPPORT OF PLAINTIFFS' MOTION TO
QUASH SUBPOENAS (2:13-CV-01694) - 7

75952079.1 0009074- 00012

**STOEL RIVES** LLP
ATTORNEYS
600 University Street, Suite 3600, Seattle, WA  98101
*Telephone (206) 624-0900*