UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| ATIGEO LLC, et al.,<br><br>    Plaintiffs,<br><br>  v.<br><br>OFFSHORE LIMITED D, et al.,<br><br>    Defendants. | CASE NO. C13-1694JLR<br><br>ORDER ON DEFENDANT ISTVAN BURGYAN'S MOTION FOR SUMMARY JUDGMENT |

## I. INTRODUCTION

This matter comes before the court on Defendant Istvan Burgyan's motion for summary judgment under Federal Rule of Civil Procedure 56. (*See* Burgyan Mot. (Dkt. # 46).) Mr. Burgyan seeks dismissal as a defendant in this action. In response, Plaintiffs request additional time for discovery under Federal Rule of Civil Procedure 56(d). (*See* Resp. (Dkt. # 55).) Having considered the submissions of the parties, the balance of the

ORDER- 1

record, and the relevant law, and deeming itself fully advised,[1] the court STRIKES Mr. Burgyan's motion without prejudice to re-filing after the completion of three months of additional discovery.

## II.   FACTS

Plaintiffs Atigeo LLC ("Atigeo") and Michael Sandoval bring claims against Defendants under 15 U.S.C. § 1125(d) for cybersquatting and under California law for libel. (*See generally* Compl. (Dkt. # 1).) Atigeo is a software company that markets products and services in fields such as healthcare and social media. (Compl. ¶ 14.) Atigeo is the sole owner of the trademark "ATIGEO." (*Id.* ¶ 15.) Atigeo also owns the domain name "atigeo.com," which Atigeo uses to advertise its products under the Atigeo trademark. (*Id.* ¶ 15.) Mr. Sandoval is the Chief Executive Officer and Chairman of Atigeo. (Sandoval Decl. (Dkt. # 35) ¶ 1.)

Defendant Dennis Montgomery is a former employee of one of Atigeo's former subsidiaries, Opspring LLC ("Opspring"). (Compl. ¶ 32.) Mr. Burgyan is also a former employee of Opspring and is Mr. Montgomery's son-in-law. (*See* Burgyan Decl. (Dkt. # 48) ¶¶ 4a, 4b.)[2] Mr. Burgyan owns Defendant Demaratech LLC ("Demaratech") but denies any knowledge of Defendant Offshore Limited D ("Offshore"). (*See id.* ¶¶ 5, 6.)

---

[1] The court denies Plaintiffs' request for oral argument because the issues have been adequately briefed by both parties. Oral argument is not necessary where the non-moving party would suffer no prejudice. *Houston v. Bryan*, 725 F.2d 516, 517-18 (9th Cir. 1984). Here, Plaintiffs will not be prejudiced because the court strikes Mr. Burgyan's motion for summary judgment.

[2] Mr. Burgyan's declaration contains two paragraphs labeled "4." (*See* Burgyan Decl.) This order will reference the first paragraph 4 as "4a," and the second paragraph 4 as "4b."

Plaintiffs' complaint alleges that Defendants registered the domain names "atigeo.co," "grantonresortcasino.net," "theuntoldstory.net," "yellowstoneclub.net," and "yellowstoneclubs.com" (collectively "websites"), and posted false statements on these websites in retaliation for Mr. Sandoval's refusal to invest in Mr. Montgomery's business venture. (Compl. ¶¶ 21-23, 31.) Plaintiffs also allege that Defendants' misuse of the "atigeo.co" domain name confuses Atigeo's customers and business partners searching for Atigeo's website, tarnishes the goodwill associated with Atigeo's trademark, and harms Atigeo's business. (*Id.* ¶¶ 38-42, 49-50.)

Mr. Burgyan testifies that he had no involvement in creating or posting on the websites. (Burgyan Decl. ¶ 4b.) Mr. Burgyan further states that his company Demaratech has been inactive since 2010 and similarly had no involvement in the creation of the websites or the websites' comments. (*Id.* ¶ 5.) Mr. Montgomery testifies that he alone "created the subject websites to alert the public as to the fraudulent and misleading business practices of Michael Sandoval and his company, Atigeo" and that it was his "hope to prevent further individuals from being victimized or injured from these deceptive business practices." (Montgomery Decl. (Dkt. # 37) ¶ 9.)

Plaintiffs filed this action in United States District Court in the Central District of California on July 15, 2013. (*See generally* Compl.) The parties later stipulated to a transfer to this court "for the convenience of parties and witnesses" as prescribed in 28 U.S.C §§ 1404(a), (b). (Stip. Transfer (Dkt. # 19).) The case was transferred to the Western District of Washington on September 17, 2013. (Transfer Order (Dkt. # 20).) The court's scheduling order, entered December 31, 2013, sets November 24, 2014 as the

completion date for discovery, and sets trial for March 23, 2015.  (Minute Order (Dkt. # 43).)  The court denied Defendants' motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) on January 22, 2014.  (*See* 1/22/14 Order (Dkt. # 44).)

      Mr. Burgyan now brings a motion for summary judgment pursuant to Federal Rule of Civil Procedure 56, asserting that there is no evidence indicating his involvement with the websites, and that therefore the court should grant him summary judgment dismissing all claims.  (*See* Burgyan Mot. at 3.)

      Plaintiffs respond that business records obtained from Network Solutions LLC, the registrar for the website domain names, implicate Mr. Burgyan in the websites' creation.  (Resp. at 1-2.)  The Network Solutions records document the account history for "Account # 27945118," the account holding the "atigeo.co" domain name.  (*Id.* at 4.)  Plaintiffs contend that because Mr. Burgyan's name, derivations of his company Demaratech's name, and an address and phone number associated with Demaratech appear in the account report, there is a genuine issue of material fact concerning Mr. Burgyan's involvement in the creation of these websites, therefore precluding summary judgment.  (*Id.* at 7-8.)  Plaintiffs also argue, in the alternative, that the court should defer ruling on Mr. Burgyan's motion to allow Plaintiffs time to conduct further discovery under Federal Rule of Civil Procedure 56(d).  (*Id.* at 8.)

      In reply, Mr. Burgyan moves to strike the Network Solutions records under Federal Rule of Civil Procedure 37(c) because the documents allegedly were not disclosed to Defendants as Federal Rule of Civil Procedure 26(a)(1)(A)(ii) requires.  (*See* Burgyan Reply (Dkt. # 61) at 3.)  Mr. Burgyan also argues that the Network Solutions

ORDER- 4

documents are inadmissible hearsay because they are unauthenticated and not accompanied by a declaration of custodian. (*Id.* at 4.) In addition to contesting the admissibility of the Network Solutions documents, Mr. Burgyan refutes Plaintiffs' interpretation of those documents. (*See generally* Burgyan Reply.) Mr. Burgyan asserts that the Network Solutions documents reveal that many individuals have possessed the password to and have used "Account # 27945118." (*Id.* at 7.) Mr. Burgyan testifies that he has never used this Network Solutions account, has never known or possessed the password to the account, and has no knowledge of who added him or Demaratech to the account. (2d Burgyan Decl. (Dkt. # 62) at ¶¶ 2, 4.) Mr. Burgyan also states that he has responded to Plaintiffs' discovery requests and has provided all documents in his possession. (Burgyan Reply at 5.) Therefore, Mr. Burgyan argues that Plaintiffs' request for continued discovery should be denied. (*Id.* at 10.)

### III.   ANALYSIS

**A. Plaintiffs' Request for Additional Discovery Under Federal Rule of Civil Procedure 56(d)**

    **1.   Federal Rule of Civil Procedure 56(d) Standard**

Plaintiffs request that the court defer ruling on Mr. Burgyan's motion for summary judgment so that Plaintiffs can continue discovery pursuant to Federal Rule of Civil Procedure 56(d). (Resp. at 8.) Under Rule 56(d), if the nonmoving party "shows by affidavit or declaration that, for specified reasons, it cannot present facts essential to justify its opposition, the court may: (1) defer considering the motion or deny it; (2) allow time to obtain affidavits or declarations or to take discovery; or (3) issue any other

appropriate order." Fed. R. Civ. P. 56(d). "To prevail under this Rule, parties opposing a motion for summary judgment must make '(a) a timely application which (b) specifically identifies (c) relevant information, (d) where there is some basis for believing that the information sought actually exists.'" *Emp'rs Teamsters Local Nos. 175 & 505 Pension Trust Fund v. Clorox*, 353 F.3d 1125, 1129 (9th Cir. 2004) (quoting *VISA Int'l Serv. Ass'n v. Bankcard Holders of Am.*, 784 F.2d 1472, 1475 (9th Cir. 1986)). Rule 56(d) "provides a device for litigants to avoid summary judgment when they have not had sufficient time to develop affirmative evidence." *United States v. Kitsap Physicians Serv.*, 314 F.3d 995, 1000 (9th Cir. 2002). A Rule 56(d) "continuance of a motion for summary judgment for purposes of discovery should be granted almost as a matter of course unless the non-moving party has not diligently pursued discovery of the evidence." *Burlington N. Santa Fe R.R. Co. v. The Assiniboine & Sioux Tribes of the Fort Peck Reservation*, 323 F.3d 767, 773-74 (9th Cir. 2003) (internal quotation marks and citations omitted); *see also Metabolife Int'l, Inc. v. Wornick*, 264 F.3d 832, 846 (9th Cir. 2001) ("Although Rule 56(f)[3] facially gives judges the discretion to disallow discovery when the non-moving party cannot yet submit evidence supporting its opposition, the Supreme Court has restated the rule as requiring, rather than merely permitting, discovery 'where the nonmoving party has not had the opportunity to

---

[3] Effective December 1, 2010, Federal Rule of Civil Procedure 56(f) has been renumbered 56(d). The advisory committee's notes to Rule 56 with regard to the 2010 amendments state that "[s]ubdivision (d) carries forward without substantial change the provisions of former subdivision (f)." Fed. R. Civ. P. 56 advisory committee's notes.

discover information that is essential to its opposition.'" (citing *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250 n.5 (1986)) (footnote added)).

### 2. Plaintiffs Have Met the Requirements of Rule 56(d)

Plaintiffs have satisfied the demands of Rule 56(d). As the Ninth Circuit requires, Plaintiffs' Rule 56(d) request is "(a) a timely application which (b) specifically identifies (c) relevant information, (d) where there is some basis for believing that the information sought actually exists." *Emp'rs Teamsters Local Nos. 175 & 505 Pension Trust Fund*, 353 F.3d at 1129. The declaration of Plaintiffs' counsel, filed with Plaintiffs' response well before the November 2014 cutoff for discovery, is timely. (*See generally* Tellis Decl. (Dkt. # 56).) In his declaration, Plaintiffs' counsel specifically identifies the relevant information sought when he states that the evidence warrants additional discovery into: (1) Defendants' activities in connection with the accounts identified in the Network Solutions records, including payment and communication history, (2) Defendants' complete responses to Plaintiffs' discovery requests, (3) depositions of Defendants, and (4) depositions of nonparties with knowledge of the creation of and the statements made on the websites. (*Id.* ¶ 13.) The references to Mr. Burgyan and his company Demaratech in the Network Solutions documents provide some basis for believing that further discovery may show that Mr. Burgyan was involved with the websites. (*Id.* ¶ 14.) Plaintiffs' counsel's declaration thus meets the requisite showing to obtain further discovery under Rule 56(d).

Mr. Burgyan argues that the court should deny Plaintiffs' Rule 56(d) request because he has responded to Plaintiffs' discovery requests and has little information to

produce. (Burgyan Reply at 10.) Yet, Mr. Burgyan also states that some additional documents relating to Demaratech may be in a storage unit in California, although he has not visited this facility since receiving Plaintiffs' discovery requests. (*See id.* at 5; 2d Burgyan Decl. ¶ 6.) It is unclear how Mr. Burgyan can have responded fully to Plaintiffs' discovery request, yet remain unsure about whether he has relevant documents in his possession. Plaintiffs should be permitted enough time to receive not only the potential outstanding relevant documents Mr. Burgyan possesses, but also to conduct depositions and to obtain information from nonparties.

Mr. Burgyan has filed his motion for summary judgment very early in this case. (*See generally* Burgyan Mot.) Discovery does not close until November 24, 2014, and trial is set for March 23, 2015. (Minute Order.) Because this litigation is in its early stages, Plaintiffs have "not had the opportunity to discover information that is essential to [their] opposition." *Anderson*, 477 U.S. at 250 n.5 (1986); (*see* Resp. at 9.) In these circumstances, the Ninth Circuit and the United States Supreme Court interpret Rule 56(d) to require additional discovery. *See Metabolife Int'l, Inc.*, 264 F.3d at 846; *Anderson*, 477 U.S. at 250 n.5. As there is no evidence that Plaintiffs have not been diligent in their discovery pursuit, "as a matter of course" the court grants Plaintiffs' Rule 56(d) request for additional discovery. *Burlington N. Santa Fe R.R. Co.*, 323 F.3d at 773-74.

For these reasons, the court grants the parties three months to conduct additional discovery. The court strikes Mr. Burgyan's motion for summary judgment without prejudice to re-filing after July 16, 2014.

**B. Mr. Burgyan's Motion to Strike the Network Solutions Documents**

Mr. Burgyan argues that the Network Solutions documents are material documents that Plaintiffs failed to include in their initial disclosure as Federal Rule of Civil Procedure 26(a)(1)(A)(ii) requires, and as such are subject to exclusion under Federal Rule of Civil Procedure 37(c). (*See* Burgyan Reply at 3.) Furthermore, Mr. Burgyan asserts that because the Network Solutions documents are unauthenticated and not accompanied by a declaration of custodian, the documents are inadmissible hearsay. (*Id.* at 4.) Because the court grants additional discovery under Rule 56(d), the court denies Mr. Burgyan's motion to strike the Network Solutions documents as moot.

## IV.   CONCLUSION

For the foregoing reasons, the court STRIKES Mr. Burgyan's motion for summary judgment (Dkt. # 46) pursuant to Federal Rule of Civil Procedure 56(d) without prejudice to re-filing after the July 16, 2014, completion of three months of additional discovery.

Dated this 16th day of April, 2014.

JAMES L. ROBART
United States District Judge