UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| ATIGEO LLC, et al., | CASE NO. C13-1694JLR |
| Plaintiffs, | PROTECTIVE ORDER |
| v. | |
| OFFSHORE LIMITED D, et al., | |
| Defendants. | |

## I.    INTRODUCTION

This matter comes before the court on Plaintiffs' motion for a protective order governing the discovery and use of confidential information. (*See* Mot. (Dkt. # 50).) Defendants agree that some type of mutual protective order is necessary; however, they dispute the scope and structure of Plaintiffs' proposed order. (*See* Resp. (Dkt. # 57).) Having considered the submissions of the parties, the balance of the record, and the relevant law, and considering itself fully advised, the court GRANTS Plaintiffs' motion and imposes a protective order as described further herein.

ORDER- 1

## II. FACTS

Plaintiffs bring claims against Defendants for libel and for cybersquatting under 15 U.S.C. § 1125(d). (*See generally* Compl. (Dkt. # 1).) Plaintiff Atigeo LLC ("Atigeo") is a software company that markets products and services in fields such as healthcare and social media. (*Id.* ¶ 14.) Plaintiff Mr. Sandoval is the Chief Executive Officer and Chairman of Atigeo. (Sandoval Decl. (Dkt. # 35) ¶ 1.) Atigeo owns the trademark "ATIGEO" and the domain name "atigeo.com," which it uses to advertise its products. (Compl. ¶ 15.)

Defendants Dennis Montgomery and Istvan Burgyan were employees of one of Atigeo's former subsidiaries, Opspring LLC. (*Id.* ¶ 32.) Plaintiffs allege that, in retaliation for Plaintiffs' refusal to invest in Defendants' business venture, Defendants created various websites and posted on these websites false and injurious statements about Plaintiffs. (*Id.* ¶¶ 21-23, 31.) One of these websites is registered to the domain name "atigeo.co." (*Id.*) Plaintiffs allege that Defendants' use of this domain name confuses Atigeo's customers and business partners searching for Atigeo's website, and tarnishes the goodwill associated with Atigeo's trademark. (*Id.* ¶¶ 38-42, 49-50.)

The parties have engaged in negotiations regarding a protective order to no avail. The main point of contention is whether the protective order should include an "Attorneys' Eyes Only" designation that will prevent Defendants Mr. Montgomery and Mr. Burgyan from viewing certain information. (*See generally* Mot.; Resp.)

### III. ANALYSIS

A court may enter a protective order providing "that a trade secret or other confidential research, development, or commercial information not be revealed or be revealed only in a designated way." Fed. R. Civ. P. 26(c)(1)(G). The Ninth Circuit recognizes that district courts have great flexibility to protect documents under that provision. *See Phillips ex rel. Estates of Byrd v. Gen. Motors Corp.*, 307 F.3d 1206, 1211 (9th Cir. 2002) ("The law . . . gives district courts broad latitude to grant protective orders to prevent disclosure of materials for many types of information, including, *but not limited to*, trade secrets or other confidential research, development or commercial information."). Federal Rule of Civil Procedure 26(c)(1) requires that the movant for a protective order demonstrate good cause that such an order would "protect the party from annoyance, embarrassment, oppression, or undue burden or expense." Fed. R. Civ. P. 26(c)(1).

Plaintiffs submit that Defendants' discovery requests implicate sensitive confidential business information and personal financial information for which special protection is warranted. (*See* Mot.) After reviewing Defendants' discovery requests, the court agrees. For example, Defendants request information regarding Mr. Sandoval's tax returns and financial investments. (*See* Park Decl. (Dkt. # 52) Ex. 2 (Dkt. # 52-2).) Because public access to this information could cause Mr. Sandoval annoyance or embarrassment, Mr. Sandoval has a legitimate privacy interest in this information. Additionally, Defendants request information regarding Atigeo's strategies for raising capital, attracting investors, and procuring loans, as well as information relating to

Atigeo's business plans and customer and investor lists. (*See* Park Decl. Ex. 1 (Dkt. # 52-1).) Disclosure of this information to the public—including rival companies—could put Plaintiffs at a competitive disadvantage. To the extent Plaintiffs currently maintain such information as confidential or proprietary, it is precisely the type of information that Rule 26(c) aims to protect. *See e.g.*, *Avocent Redmond Corp. v. Rose Electronics, Inc.*, 242 F.R.D. 574, 576 (W.D. Wash. 2007) (granting protective order covering, among other things, "highly sensitive financial information, including but not limited to, customer identification, sales prices to specific customers, profit margins and prospective marketing strategies"). Indeed, Defendants concede: "[o[bviously, lists of Atigeo's customers, meeting minutes, or Mr. Sandoval's personal W-2s could appropriately be designated as [confidential]." (Defense Counsel 3/14/14 Letter (Dkt. # 59-4).) Therefore, Plaintiffs have shown good cause for a protective order.

The scope and structure of Plaintiffs' proposed protective order, however, is overbroad. (*See* Proposed Order (Dkt. # 53-1).) The court will instead enter the model protective order provided by this court's local rules.[1] *See* Local Rules W.D. Wash. LCR 26(c)(2). The court finds that this protective order will adequately protect all parties' rights regarding confidential commercial and private financial information. The terms of the protective order are set forth *infra* in Section III(B).

---

[1] Pursuant to Local Rule 26(c), "[p]arties are encouraged to use this district's model protective order, available on the court's website." Local Rules W.D. Wash. LCR 26(c)(2). "Parties that wish to depart from the model order must provide the court with a redlined version identifying departures from the model." *Id.* Here, Plaintiffs failed to provide a red-lined version as required under the local rules.

ORDER- 4

### A. Attorneys' Eyes Only Provision

Regarding Plaintiffs' request for an Attorneys' Eyes Only designation, the court finds that, at this time, Plaintiffs have not shown the requisite "good cause" to justify walling Defendants off from discovery in this case.

Plaintiffs' primary argument that Defendants should not be privy to Plaintiffs' information is predicated on Defendants' alleged past practice of writing about Plaintiffs on various websites. (*See* Mot. at 7, 11.) However, the model protective order already prohibits disclosure of confidential information to unauthorized parties. *See infra*, Section III(B). This court sees no reason to assume that Defendants will violate the plain terms of the order—and risk being held in contempt—in order to disseminate information about Plaintiffs.

Plaintiffs contend that certain Defendants have "misused confidential information" in the past. (Mot. at 7.) To this point, the parties submit a barrage of conflicting characterizations regarding past litigation involving Defendants and Plaintiffs. Although this history suggests there is no love lost between the parties, the record currently before the court does not support a finding that Defendants have a propensity for misusing confidential information—or that Defendants will be inclined to misuse such information here. "Broad allegations of harm, unsubstantiated by specific examples or articulated reasoning, do not satisfy the Rule 26(c) test." *Beckman Indus., Inc. v. Int'l Ins. Co.*, 966 F.2d 470, 476 (9th Cir. 1992).

Plaintiffs also argue that Defendants should be foreclosed from viewing the information because Mr. Montgomery previously worked in the same software field as

ORDER- 5

Atigeo and "has the sophistication and skill to again compete against Atigeo." (Reply (Dkt. # 60) at 2.) But there is no indication that Defendants currently work for a competitor of Atigeo. This fact stands in contrast to Plaintiffs' cited cases. *See, e.g., DeFreitas v. Tillinghast*, 2:12-CV-00235-JLR, 2013 WL 209277, at *5 (W.D. Wash. Jan. 17, 2013); *Cabell v. Zorro Prods., Inc.*, 294 F.R.D. 604, 607 (W.D. Wash. 2013). The mere facts that Mr. Montgomery is a "skilled software programmer" and that Atigeo is a software company is not enough to show the requisite "undue burden or expense." *See* Fed. R. Civ. P. 26(c)(1). More importantly, the libel and anti-cybersquatting claims in this case do not appear to implicate Atigeo's technological or intellectual property information.

Finally, Plaintiffs' lack of specificity about the types of information they believe should be designated "Attorneys' Eyes Only" is troubling. Plaintiffs' proposed order provides that the parties may designate as "Attorney's Eyes Only" any information "that the disclosing party in good faith reasonably believes to comprise particularly sensitive confidential material that warrants further restricted disclosure." (Proposed Order at 2.) Such an expansive definition is primed for overuse, if not abuse. This is especially true given the fact that Defendants' participation in the case may be necessary in order for their counsel to fully understand the complex history between the parties. *See Defazio v. Hollister, Inc.*, CIV S-04-1358DFL GGH, 2007 WL 2580633, at *2 (E.D. Cal. Sept. 5, 2007) (noting that the "very real specter of over-designation" was heightened by the fact that the party sought to be excluded would "be helpful in determining the bona fides of

ORDER- 6

the information submitted"). Accordingly, the court declines to implement an Attorneys' Eyes Only provision in the protective order at this time.

**B.     Protective Order**

For the reasons discussed above, the court enters the following mutual protective order.

1. "CONFIDENTIAL" MATERIAL

"Confidential" material shall include the following documents and tangible things produced or otherwise exchanged:  (1) confidential commercial information, for example, trade secrets, business strategies, customer or investor lists, or meeting minutes, to the extent such items are currently maintained as confidential, and (2) private personal financial information, for example, personal tax return forms.

2. SCOPE

The protections conferred by this agreement cover not only confidential material (as defined above), but also (1) any information copied or extracted from confidential material; (2) all copies, excerpts, summaries, or compilations of confidential material; and (3) any testimony, conversations, or presentations by parties or their counsel that might reveal confidential material.  However, the protections conferred by this agreement do not cover information that is in the public domain or becomes part of the public domain through trial or otherwise.

3. ACCESS TO AND USE OF CONFIDENTIAL MATERIAL

3.1 <u>Basic Principles</u>.  A receiving party may use confidential material that is disclosed or produced by another party or by a non-party in connection with this case

only for prosecuting, defending, or attempting to settle this litigation. Confidential material may be disclosed only to the categories of persons and under the conditions described in this agreement. Confidential material must be stored and maintained by a receiving party at a location and in a secure manner that ensures that access is limited to the persons authorized under this agreement.

      3.2 <u>Disclosure of "CONFIDENTIAL" Information or Items</u>. Unless otherwise ordered by the court or permitted in writing by the designating party, a receiving party may disclose any confidential material only to:

      (a) the receiving party's counsel of record in this action, as well as employees of counsel to whom it is reasonably necessary to disclose the information for this litigation;

      (b) the officers, directors, and employees (including in house counsel) of the receiving party to whom disclosure is reasonably necessary for this litigation, unless the parties agree that a particular document or material produced is for Attorney's Eyes Only and is so designated;

      (c) experts and consultants to whom disclosure is reasonably necessary for this litigation and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

      (d) the court, court personnel, and court reporters and their staff;

      (e) copy or imaging services retained by counsel to assist in the duplication of confidential material, provided that counsel for the party retaining the copy or imaging service instructs the service not to disclose any confidential material to third parties and to immediately return all originals and copies of any confidential material;

ORDER- 8

(f) during their depositions, witnesses in the action to whom disclosure is reasonably necessary and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A), unless otherwise agreed by the designating party or ordered by the court. Pages of transcribed deposition testimony or exhibits to depositions that reveal confidential material must be separately bound by the court reporter and may not be disclosed to anyone except as permitted under this agreement;

(g) the author or recipient of a document containing the information or a custodian or other person who otherwise possessed or knew the information.

3.3 Filing Confidential Material. Before filing confidential material or discussing or referencing such material in court filings, the filing party shall confer with the designating party to determine whether the designating party will remove the confidential designation, whether the document can be redacted, or whether a motion to seal or stipulation and proposed order is warranted. Local Civil Rule 5(g) sets forth the procedures that must be followed and the standards that will be applied when a party seeks permission from the court to file material under seal.

4. DESIGNATING PROTECTED MATERIAL

4.1 Exercise of Restraint and Care in Designating Material for Protection. Each party or non-party that designates information or items for protection under this agreement must take care to limit any such designation to specific material that qualifies under the appropriate standards. The designating party must designate for protection only those parts of material, documents, items, or oral or written communications that qualify, so that other portions of the material, documents, items, or communications for

ORDER- 9

which protection is not warranted are not swept unjustifiably within the ambit of this agreement.

Mass, indiscriminate, or routinized designations are prohibited. Designations that are shown to be clearly unjustified or that have been made for an improper purpose (e.g., to unnecessarily encumber or delay the case development process or to impose unnecessary expenses and burdens on other parties) expose the designating party to sanctions.

If it comes to a designating party's attention that information or items that it designated for protection do not qualify for protection, the designating party must promptly notify all other parties that it is withdrawing the mistaken designation.

4.2 <u>Manner and Timing of Designations</u>. Except as otherwise provided in this agreement (see, e.g., second paragraph of section 5.2(a) below), or as otherwise stipulated or ordered, disclosure or discovery material that qualifies for protection under this agreement must be clearly so designated before or when the material is disclosed or produced.

(a) Information in documentary form: (e.g., paper or electronic documents and deposition exhibits, but excluding transcripts of depositions or other pretrial or trial proceedings), the designating party must affix the word "CONFIDENTIAL" to each page that contains confidential material. If only a portion or portions of the material on a page qualifies for protection, the producing party also must clearly identify the protected portion(s) (e.g., by making appropriate markings in the margins).

(b) Testimony given in deposition or in other pretrial or trial proceedings: the

parties must identify on the record, during the deposition, hearing, or other proceeding, all protected testimony, without prejudice to their right to so designate other testimony after reviewing the transcript.  Any party or non-party may, within fifteen days after receiving a deposition transcript, designate portions of the transcript, or exhibits thereto, as confidential.

(c) Other tangible items:  the producing party must affix in a prominent place on the exterior of the container or containers in which the information or item is stored the word "CONFIDENTIAL."  If only a portion or portions of the information or item warrant protection, the producing party, to the extent practicable, shall identify the protected portion(s).

4.3 <u>Inadvertent Failures to Designate</u>.  If timely corrected, an inadvertent failure to designate qualified information or items does not, standing alone, waive the designating party's right to secure protection under this agreement for such material.  Upon timely correction of a designation, the receiving party must make reasonable efforts to ensure that the material is treated in accordance with the provisions of this agreement.

5. CHALLENGING CONFIDENTIALITY DESIGNATIONS

5.1 <u>Timing of Challenges</u>.  Any party or non-party may challenge a designation of confidentiality at any time. Unless a prompt challenge to a designating party's confidentiality designation is necessary to avoid foreseeable, substantial unfairness, unnecessary economic burdens, or a significant disruption or delay of the litigation, a party does not waive its right to challenge a confidentiality designation by electing not to mount a challenge promptly after the original designation is disclosed.

ORDER- 11

5.2 <u>Meet and Confer</u>. The parties must make every attempt to resolve any dispute regarding confidential designations without court involvement. Any motion regarding confidential designations or for a protective order must include a certification, in the motion or in a declaration or affidavit, that the movant has engaged in a good faith meet and confer conference with other affected parties in an effort to resolve the dispute without court action. The certification must list the date, manner, and participants to the conference. A good faith effort to confer requires a face-to-face meeting or a telephone conference.

5.3 <u>Judicial Intervention</u>. If the parties cannot resolve a challenge without court intervention, the designating party may file and serve a motion to retain confidentiality under Local Civil Rule 7 (and in compliance with Local Civil Rule 5(g), if applicable). The burden of persuasion in any such motion shall be on the designating party. Frivolous challenges, and those made for an improper purpose (e.g., to harass or impose unnecessary expenses and burdens on other parties) may expose the challenging party to sanctions. All parties shall continue to maintain the material in question as confidential until the court rules on the challenge.

6. PROTECTED MATERIAL SUBPOENAED OR ORDERED PRODUCED IN OTHER LITIGATION

If a party is served with a subpoena or a court order issued in other litigation that compels disclosure of any information or items designated in this action as "CONFIDENTIAL," that party must:

(a) promptly notify the designating party in writing and include a copy of the

subpoena or court order;

(b) promptly notify in writing the party who caused the subpoena or order to issue in the other litigation that some or all of the material covered by the subpoena or order is subject to this agreement. Such notification shall include a copy of this agreement; and

(c) cooperate with respect to all reasonable procedures sought to be pursued by the designating party whose confidential material may be affected.

7. UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL

If a receiving party learns that, by inadvertence or otherwise, it has disclosed material to any person or in any circumstance not authorized under this agreement, the party must immediately (a) notify in writing the designating party of the unauthorized disclosures, (b) use its best efforts to retrieve all unauthorized copies of the protected material, (c) inform the person or persons to whom unauthorized disclosures were made of all the terms of this agreement, and (d) request that such person or persons execute the "Acknowledgment and Agreement to Be Bound" that is attached hereto as Exhibit A.

8. INADVERTENT PRODUCTION OF PRIVILEGED OR OTHERWISE PROTECTED MATERIAL

When a producing party gives notice to receiving parties that certain inadvertently produced material is subject to a claim of privilege or other protection, the obligations of the receiving parties are those set forth in Federal Rule of Civil Procedure 26(b)(5)(B). This provision is not intended to modify whatever procedure may be established in an e-discovery order or agreement that provides for production without prior privilege review.

Parties shall confer on an appropriate non-waiver order under Fed. R. Evid. 502.

9. NON TERMINATION AND RETURN OF DOCUMENTS

Within 60 days after the termination of this action, including all appeals, each receiving party must return all confidential material to the producing party, including all copies, extracts and summaries thereof.  Alternatively, the parties may agree upon appropriate methods of destruction.

Notwithstanding this provision, counsel are entitled to retain one archival copy of all documents filed with the court, trial, deposition, and hearing transcripts, correspondence, deposition and trial exhibits, expert reports, attorney work product, and consultant and expert work product, even if such materials contain confidential material. The confidentiality obligations imposed by this agreement shall remain in effect until a designating party agrees otherwise in writing or a court orders otherwise.

## IV.   CONCLUSION

For the foregoing reasons, the court GRANTS Plaintiffs' motion for a protective order (Dkt. # 50) as described above.

Dated this 22nd day of April, 2014.

JAMES L. ROBART
United States District Judge

ORDER- 14

## EXHIBIT A

### ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND

I, _____ [print or type full name], of _____ [print or type full address], declare under penalty of perjury that I have read in its entirety and understand the Stipulated Protective Order that was issued by the United States District Court for the Western District of Washington on [date] in the case of *Atigeo LLC, et al. v. Offshore Limited D, et al.*, C13-1694JLR. I agree to comply with and to be bound by all the terms of this Protective Order and I understand and acknowledge that failure to so comply could expose me to sanctions and punishment in the nature of contempt. I solemnly promise that I will not disclose in any manner any information or item that is subject to this Stipulated Protective Order to any person or entity except in strict compliance with the provisions of this Order.

I further agree to submit to the jurisdiction of the United States District Court for the Western District of Washington for the purpose of enforcing the terms of this Protective Order, even if such enforcement proceedings occur after termination of this action.

Date: _____

City and State where sworn and signed: _____

Printed name: _____

Signature: _____