THE HONORABLE JAMES L. ROBART

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| ATIGEO LLC, a Washington limited liability company, and MICHAEL SANDOVAL, an individual; and<br><br>Plaintiff,<br><br>v.<br><br>OFFSHORE LIMITED D, a California partnership; DENNIS MONTGOMERY, individually and as a partner of Offshore Limited D; ISTVAN BURGYAN, individually and as a partner of Offshore Limited D; DEMARATECH, LLC, a California limited liability company; and DOES 1-25, inclusive<br><br>Defendants. | Civil Action No. 2:13-CV-01694-JLR<br><br>PLAINTIFFS' MOTION FOR VOLUNTARY DISMISSAL<br><br>NOTE ON MOTION CALENDAR:<br>July 18, 2014 |

Plaintiffs Atigeo LLC and Michael Sandoval move for voluntary dismissal of this action without prejudice in light of several factors, including the prolonged hospitalization and serious health condition of the primary defendant (Dennis Montgomery) and the fact that the accused websites that are the subject of this action have been voluntarily taken down. As set forth below, voluntary dismissal at this stage of the litigation is appropriate and will benefit all parties.

Approximately one year ago, Plaintiffs instituted this action against Mr. Montgomery, Istvan Burgyan, Demaratech, LLC, and Offshore Limited D (collectively, "Defendants"), bringing claims for libel and cybersquatting. These claims arise out of statements concerning

PLAINTIFFS' MOTION FOR VOLUNTARY DISMISSAL
(2:13-CV-01694) — 1

76483593.1 0009074-00012

STOEL RIVES LLP
ATTORNEYS
600 University Street, Suite 3600, Seattle, WA 98101
Telephone (206) 624-0900

Plaintiffs posted on different websites (the "Subject Websites") and the registration and use of the domain name <atigeo.co> in one of the Subject Websites. The parties have engaged in motions practice and exchanged substantial written discovery. Plaintiffs recently noted the depositions of Mr. Burgyan and a third party.

Through the course of discovery, Plaintiffs have learned several facts, based on which they have concluded that voluntary dismissal at this stage is warranted:

1. Following the filing of this action, the Subject Websites were taken down, and the statements underlying the libel claim are no longer publicly accessible on the Internet.

2. Defense counsel has advised the undersigned that Mr. Montgomery has suffered one or more brain aneurisms requiring multiple brain surgeries and has been hospitalized for treatment of blindness and partial paralysis.

3. Mr. Montgomery's medical issues come on the heels of his personal bankruptcy.

4. Documents produced by Mr. Burgyan reveal that he and his family have likewise experienced recent medical and financial hardships.

5. Demaratech, which was owned and managed by Mr. Burgyan, is no longer a going concern.

Being sensitive to Mr. Montgomery and Mr. Burgyan's burdens and, in light of the fact that the Subject Websites are no longer accessible, Plaintiffs believe that voluntary dismissal would be efficient at this time. No party wishes to engage in potentially needless litigation.

No party will suffer any legal prejudice as a result of voluntary dismissal. "Legal prejudice is 'prejudice to some legal interest, some legal claim, some legal argument.'" *King*, 2013 WL 5675007, at *2 (quoting *Westlands Water Dist. V. United States*, 100 F.3d 94, 97 (9th Cir. 1996)). Defendants have not asserted any counterclaim, and Plaintiffs have no desire to push litigation that may not be necessary, particularly when other parties are experiencing other hardships beyond the litigation that make coordinating logistics challenging and that, ultimately, may make the need for litigation moot. Voluntary dismissal at this stage would be economical for all parties and the Court.

PLAINTIFFS' MOTION FOR VOLUNTARY DISMISSAL
(2:13-CV-01694) — 2

76483593.1 0009074-00012

STOEL RIVES LLP
ATTORNEYS
600 University Street, Suite 3600, Seattle, WA 98101
Telephone (206) 624-0900

1  Finally, the undersigned notified defense counsel of Plaintiffs' reasons for contemplating voluntary dismissal. Counsel for Demaratech and Offshore Limited D consent to voluntary dismissal without prejudice on their behalf. Counsel for Mr. Montgomery and Mr. Burgyan do not consent to dismissal without prejudice.

For each and all of these reasons, Plaintiffs' motion for voluntary dismissal without prejudice should be granted.

DATED: June 26, 2014.

STOEL RIVES LLP

/s/ Brian C. Park
Brian C. Park, WSBA No. 25584
Maren R. Norton, WSBA No. 35435
Hunter Ferguson, WSBA No. 41485
600 University Street, Suite 3600
Seattle, WA 98101-4109
Telephone: (206) 386-7542
Facsimile: (206) 386-7500
bcpark@stoel.com
mrnorton@stoel.com
hoferguson@stoel.com

*Attorneys for Plaintiff Atigeo LLC*

BARON & BUDD, P.C.

/s/ Roland Tellis (via email authorization)
Roland Tellis (*pro hac vice*)
15910 Ventura Blvd., Suite 1600
Encino, California 91436
Telephone: (818) 839-2333
Facsimile: (818) 986-9698
rtellis@baronbudd.com

*Attorneys for Plaintiffs
Michael Sandoval and Atigeo LLC*

PLAINTIFFS' MOTION FOR VOLUNTARY DISMISSAL
(2:13-CV-01694) — 3

76483593.1 0009074-00012

STOEL RIVES LLP
ATTORNEYS
600 University Street, Suite 3600, Seattle, WA 98101
Telephone (206) 624-0900

## CERTIFICATE OF SERVICE

I hereby certify than on June 26, 2014, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to the parties of record in the above case.

STOEL RIVES LLP

*Melissa Wood* (signature)
Melissa Wood, Practice Assistant
Dated at Seattle, WA on June 26, 2014

PLAINTIFFS' MOTION FOR VOLUNTARY DISMISSAL
(2:13-CV-01694) — 4

76483593.1 0009074-00012

STOEL RIVES LLP
ATTORNEYS
600 University Street, Suite 3600, Seattle, WA 98101
*Telephone (206) 624-0900*