The Honorable James L. Robart

UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| ATIGEO LLC, a Washington limited liability company; and MICHAEL SANDOVAL, an individual,<br><br>　　　　　　Plaintiffs,<br><br>vs.<br><br>OFFSHORE LIMITED D, a California business organization, form unknown; OFFSHORE LMITED D, a California partnership; DENNIS MONTGOMERY, individually and as a partner of Offshore Limited D; ISTVAN BURGYAN, individually and as a partner of Offshore Limited D; DEMARATECH, LLC, a California limited liability company; and DOES 1-10, inclusive,<br><br>　　　　　　Defendant. | NO. 2:13-cv-01694<br><br>**DEFENDANTS' RESPONSE TO PLAINTIFFS' MOTION FOR VOLUNTARY DISMISSAL**<br><br>NOTED ON MOTION CALENDAR:<br><br>July 18, 2014 |

### I. RESPONSE

Plaintiffs Atigeo LLC and Michael Sandoval ("Mr. Sandoval") have moved to voluntarily dismiss their claims against defendants Dennis Montgomery ("Mr. Montgomery") and Istvan Burgyan ("Mr. Burgyan"), <u>without prejudice</u>.  While defendants have no objection to dismissal of plaintiffs' lawsuit, defendants seek dismissal of the libel claim as to both defendants with prejudice given California's one-year statute of limitations for defamation

**DEFENDANTS' RESPONSE TO PLAINTIFFS'
MOTION FOR VOLUNTARY DISMISSAL -1-**

McGAUGHEY BRIDGES DUNLAP PLLC
325 – 118TH AVENUE SOUTHEAST, SUITE 209
BELLEVUE, WASHINGTON 98005 – 3539
(425) 462 – 4000
(425) 637 – 9638 FACSIMILE

claims. Cal. Civ. Proc. Code § 340(c). Plaintiffs can only re-file their lawsuit at a later date as to the claim brought pursuant to the Anti-Cybersquatting Consumer Protection Act ("ACPA"), 15 U.S.C. § 1125(d). For that claim, defendants request dismissal <u>with prejudice</u> as to Mr. Burgyan. Plaintiffs have no evidence supporting their case against Mr. Burgyan on either claim.

Defendants are on the eve of re-filing Mr. Burgyan's motion for summary judgment. A non-suit prior to its filing is really tantamount to legal prejudice given that Mr. Burgyan's dismissal appears inevitable. As the Court knows, Mr. Burgyan has repeatedly denied any involvement in the subject matter of this lawsuit in any regard, while Mr. Montgomery has admitted his acts.[1] Discovery is nearly complete as to Mr. Burgyan, and there is no evidence supporting the allegations against him.[2]

Alternatively, the Court should condition plaintiffs' voluntary dismissal of Mr. Burgyan without prejudice on payment of defendants' attorneys' fees and costs incurred in pursuing needless discovery related to Mr. Burgyan subsequent to the Court's Order on Mr. Burgyan's Motion for Summary Judgment, dated April 16, 2014. (Dkt. #70). At plaintiffs' insistence, defendants incurred significant expense in flying to California and inspecting Mr. Burgyan's storage units. These expenses were easily avoidable. Plaintiffs were alerted to Mr. Montgomery's serious health problems nearly two weeks prior to this expense and at no time mentioned voluntary dismissal. Plaintiffs could have moved for dismissal earlier or at least advised of their intent.

---

[1] Mr. Montgomery has admitted to creating the subject websites but denies ever attempting to extort Mr. Sandoval. He also asserts the truth of all matters asserted on the websites and further denies all allegations of libel/defamation.

[2] If plaintiffs were to re-file, there is no evidence supporting their ACPA claim against Mr. Burgyan. In plaintiffs' responses to Mr. Burgyan's first discovery, they essentially admitted that Mr. Burgyan was not part of any alleged extortion scheme. (Exhibit 1, Plaintiffs' Responses to Mr. Burgyan's First Discovery). They could only state that Mr. Burgyan solicited investment from Mr. Sandoval. It should also be noted that Plaintiffs' Complaint only implicates Mr. Montgomery in the alleged extortion scheme. (Dkt. #1, Plaintiffs' Complaint at ¶ 29).

**DEFENDANTS' RESPONSE TO PLAINTIFFS'
MOTION FOR VOLUNTARY DISMISSAL -2-**

McGAUGHEY BRIDGES DUNLAP PLLC
325 – 118TH AVENUE SOUTHEAST, SUITE 209
BELLEVUE, WASHINGTON 98005 – 3539
(425) 462 – 4000
(425) 637 – 9638 FACSIMILE


Instead, plaintiffs pushed for inspection of Mr. Burgyan's storage units so he could be deposed. This occurred while Mr. Montgomery was experiencing health issues and plaintiffs had been so advised.[3] At the very least, the Court should consider this as a factor supporting dismissal of Mr. Burgyan with prejudice.

## II.  FACTS

Plaintiffs brought the instant lawsuit against defendants on July 15, 2013, asserting a violation of the ACPA and a separate claim for libel. (Dkt. #1, Plaintiffs' Complaint). Throughout the duration of this lawsuit, defendants have denied Mr. Burgyan was in any way involved.

On December 23, 2013, defendants received Plaintiffs' Initial Disclosures. (Exhibit 2, Plaintiffs' Initial Disclosures). Plaintiffs did not identify a single piece of evidence let alone their rationale for including Mr. Burgyan in this lawsuit.[4]

Having no clue as to why he was included in the instant litigation other than his familial relationship with Mr. Montgomery, Mr. Burgyan filed a Motion for Summary Judgment on February 28, 2014. (Dkt. #46, Istvan Burgyan's Motion for Summary Judgment). Mr. Montgomery had previously admitted to creating the subject websites and posting the alleged libelous content on his own. (Dkt. #37, Declaration of Dennis Montgomery in Support of Defendants' Motion to Dismiss).

---

[3] On May 29, plaintiffs were notified Mr. Montgomery had suffered several strokes. Plaintiffs noted Mr. Burgyan's deposition the following day.

[4] During the hearing on Plaintiffs' Motion to Quash Subpoenas, the Court was clear Plaintiffs' Initial Disclosures should have included any basic documents relevant to plaintiffs' claims against Mr. Montgomery and Mr. Burgyan. Plaintiffs' failure to do so – and really, their failure to provide any useful information whatsoever – essentially defeated the purpose under the Federal Civil Rules of requiring parties to provide Initial Disclosures in the first place.

**DEFENDANTS' RESPONSE TO PLAINTIFFS'**
**MOTION FOR VOLUNTARY DISMISSAL -3-**

McGAUGHEY BRIDGES DUNLAP PLLC
325 – 118TH AVENUE SOUTHEAST, SUITE 209
BELLEVUE, WASHINGTON 98005 – 3539
(425) 462 – 4000
(425) 637 – 9638 FACSIMILE

Plaintiffs opposed Mr. Burgyan's motion based entirely upon documents they subpoenaed from Network Solutions regarding the account used to register the subject domain names. These documents were subpoenaed in connection with another lawsuit prior to plaintiffs initiating the instant action yet were not produced or identified along with Plaintiffs' Initial Disclosures. Mr. Burgyan and his former company, Demaratech LLC, were listed as having registered prior, unrelated domain names on this account. Beyond these documents, there is not a scintilla of evidence against Mr. Burgyan. The Network Solutions documents indicated the account dated back to at least 2006. They also identified numerous other individuals used this account to register domain names, including former Atigeo employee, Christopher Shockey. To date, plaintiffs have been unable to identify additional evidence implicating Mr. Burgyan in the instant lawsuit.

On April 16, 2014, this Court entered an Order striking Mr. Burgyan's Motion for Summary Judgment. (Dkt. #70). Finding that the parties had not fully engaged in discovery as to Mr. Burgyan, the Court granted three months for plaintiffs to conduct additional discovery. Id. at 9. In part, the Court was concerned about Mr. Burgyan's California storage units, which he had previously stated may contain documents responsive to plaintiffs' discovery requests. Id. at 8.

Approximately one month later, on May 29, plaintiffs were notified Mr. Montgomery had suffered several strokes and was currently blind in his left eye and could not move his left arm or leg. (Exhibit 3, May 29, 2014 Letter to Brian Park). Plaintiffs made no mention of non-suit.[5]

---

[5] During a telephone call on May 14, plaintiffs alluded to the fact they would be willing to enter into a one-sided settlement agreement, similar to the coercive non-disclosure and confidentiality agreements they have entered into with their prior litigation opponents. Defendants stated they would not be willing to enter into such an agreement. (Decl. Nierman).

**DEFENDANTS' RESPONSE TO PLAINTIFFS'
MOTION FOR VOLUNTARY DISMISSAL -4-**

McGAUGHEY BRIDGES DUNLAP PLLC
325 – 118TH AVENUE SOUTHEAST, SUITE 209
BELLEVUE, WASHINGTON 98005 – 3539
(425) 462 – 4000
(425) 637 – 9638 FACSIMILE

Intending to re-file his Motion for Summary Judgment, Mr. Burgyan and counsel subsequently traveled to La Quinta, California on June 9 and inspected his storage units. (Decl. Nierman). This trip and expense was needless and would not have been incurred if defendants were aware of plaintiffs' intent to file non-suit. In fact, plaintiffs pushed for the inspection so that Mr. Burgyan could be deposed. On May 30, a day after learning of Mr. Montgomery's condition, plaintiffs scheduled Mr. Burgyan's deposition for June 17. (Exhibit 4, Notice of Deposition of Istvan Burgyan). Mr. Burgyan was prepared to go forward with his deposition as scheduled. However, on June 11, plaintiffs rescheduled Mr. Burgyan's deposition to July 8 and failed to reference the possibility of non-suit. (Decl. McGaughey).

As a result of pursuing discovery related to Mr. Burgyan's California storage lockers, defendants incurred significant expense, including airfare for two, a rental car and a hotel. (Decl. Nierman). After thorough inspection, Mr. Burgyan and counsel found a single folder, labeled "Demaratech LLC." Id. Its contents have been produced to plaintiffs, but the folder only contained a few documents that had no bearing on the veracity of plaintiffs' claims in this matter. Id.

On June 25, 2014, defendants sent correspondence to plaintiffs essentially touting the strength of their case, particularly in light of what discovery had revealed to date. (Exhibit 5, June 25, 2014 Letter to Brian Park). Beyond certain documents which evidence the substantial truth of Mr. Montgomery's allegedly libelous statements, defendants also referenced a number of witnesses they had spoken to. Id. These witnesses are former employees and business partners of Michael Sandoval and Atigeo, whose testimony goes straight to the heart of Mr. Montgomery's assertions.[6] Evidence garnered by defendants through witnesses supported the

---

[6] Plaintiffs ACPA claim essentially hinges upon an alleged extortion scheme on part of Mr. Montgomery for which there is no evidence other than Mr. Sandoval's word.

**DEFENDANTS' RESPONSE TO PLAINTIFFS'  
MOTION FOR VOLUNTARY DISMISSAL -5-**



assertion Mr. Sandoval misled investors, clients and business partners as to Atigeo's technology and business practices. Id. Not surprisingly, the next day, on June 26, plaintiffs filed their pending Motion for Voluntary Dismissal.

On June 30, defendants received Atigeo's Responses to Mr. Burgyan's First Interrogatories and Requests for Production. (Exhibit 1, Plaintiffs' Responses to Mr. Burgyan's First Discovery). Plaintiffs failed to identify Mr. Burgyan as being complicit in the alleged attempt to extort Mr. Sandoval. Id.

As plaintiffs have no evidence implicating Mr. Burgyan in the alleged acts leading to this litigation, it is only fair he be dismissed with prejudice or alternative relief be granted on terms as the court determines proper.

### III.   AUTHORITY AND ARGUMENT

**A.   The Court should Order Mr. Burgan's Dismissal with Prejudice.**

In pertinent part, Federal Rule of Civil Procedure 41(a)(2) states:

> Except as provided in Rule 41(a)(1), an action may be dismissed at the plaintiff's request only by court order, on terms that the court considers proper.... Unless the order states otherwise, a dismissal under this paragraph (2) is without prejudice.

(Emphasis added).

It is entirely undisputed plaintiffs' motion for voluntary dismissal without prejudice is addressed to the court's sound discretion. However, such a motion should be granted with prejudice, as opposed to without, if the defendant "will suffer some plain legal prejudice as a result." Smith v. Lenches, 263 F.3d 972, 975 (9th Cir. 2001). The Ninth Circuit interprets "legal prejudice" to mean "prejudice to some legal interest, some legal claim, some legal argument." Westlands Water Dist. v. United States, 100 F.3d 94, 96 (9th Cir.1996).

**DEFENDANTS' RESPONSE TO PLAINTIFFS'
MOTION FOR VOLUNTARY DISMISSAL -6-**

McGAUGHEY BRIDGES DUNLAP PLLC
325 – 118TH AVENUE SOUTHEAST, SUITE 209
BELLEVUE, WASHINGTON 98005 – 3539
(425) 462 – 4000
(425) 637 – 9638 FACSIMILE

Plaintiffs' Motion for Voluntary Dismissal results in significant legal prejudice to Mr. Burgyan, particularly given the fact he is likely to be dismissed with prejudice upon re-filing his Motion for Summary Judgment. Further, Mr. Burgyan is being defended under a reservation of rights, and there is no guarantee State Farm will defend him in a subsequent suit. Plaintiffs' re-filing of this lawsuit at a later date may also permit certain evidence to go stale. For example, Mr. Burgyan may have increased difficulty tracking down relevant witnesses, such as employees of Atigeo who had access to the subject Network Solutions account.

The fact plaintiffs have no evidence beyond the Network Solutions documents implicating Mr. Burgyan supports his dismissal with prejudice. See AF Holdings LLC v. Navasca, 2013 WL 1748011 (N.D. Cal. Apr. 23, 2013) (granting dismissal with prejudice due to likelihood of adverse rulings against plaintiff, including inability to establish standing); In re Exxon Valdez, 102 F.3d 429 (9th Cir. 1996) (granting dismissal with prejudice because defendants spent exorbitant amounts of money and time, two and a half years, pursuing discovery); InfaLab, Inc. V. KDS Nail Int'l, 2009 WL 161197 (E.D. Cal. Jan. 22, 2009) (granting dismissal with prejudice upon completion of discovery and plaintiff's concession of several other claims).

In Navasca, 2013 WL 1748011 (N.D. Cal. Apr. 23, 2013), the court granted the plaintiff's motion for voluntary dismissal but dismissed the action with prejudice, finding dismissal without prejudice would result in "legal prejudice" to the defendant. Notably, the defendant had requested the court condition voluntary dismissal upon an award of attorney's fees and costs or, alternatively, dismissal with prejudice. In support of its ruling, the court noted the defendant would be "deprived, at the very least, of the benefit of rulings favorable to him." Id. at *4.

DEFENDANTS' RESPONSE TO PLAINTIFFS'
MOTION FOR VOLUNTARY DISMISSAL -7-

McGAUGHEY BRIDGES DUNLAP PLLC
325 – 118TH AVENUE SOUTHEAST, SUITE 209
BELLEVUE, WASHINGTON 98005 – 3539
(425) 462 – 4000
(425) 637 – 9638 FACSIMILE

> AF is likely to face an adverse determination on the merits because of its apparent inability to prove standing to assert its claim of copyright infringement….
>
> AF also risks an adverse determination on the merits as a result of the investigation that Judge Wright has been conducting in the cases before him in the Central District of California. As Mr. Navasca points out, it is telling that, the day after Judge Wright issued his order to show cause, AF and/or Ingenuity began to initiate voluntary dismissal of a number of cases that it had filed in California. If these cases had validity or if AF had a good chance of prevailing on the merits, then it is hard to imagine that it would give up all these cases.
>
> AF's dismissal is also an attempt to avoid rulings of the Court that have been unfavorable to it.

Navasca is directly on point and supports Mr. Burgyan should be dismissed from the instant case with prejudice given his inevitable dismissal by way of summary judgment. The parties have nearly completed discovery related to Mr. Burgyan, as contemplated by this Court's Order on Mr. Burgyan's Motion for Summary Judgment. Mr. Burgyan traveled to California, at considerable expense, and diligently searched his storage units, but nothing of consequence was found. The record speaks for itself – the only evidence plaintiffs have in regard to Mr. Burgyan is his identification on the Network Solutions records.

Moreover, as noted supra, plaintiffs' ACPA claim would be their sole cause of action against Mr. Burgyan in a subsequent lawsuit. And, since plaintiffs have failed to implicate Mr. Burgyan in the alleged attempt to extort Mr. Sandoval, their ACPA claim against him must fail. See Aviva USA Corp. v. Vazirani, 902 F.Supp.2d (D. Ariz. 2012) ([A] finding of 'bad faith' is an essential prerequisite to finding an ACPA violation."). Plaintiffs have no evidence beyond Mr. Sandoval's statement that Mr. Burgyan contacted him in 2012 regarding him and Mr. Montgomery's new business venture. See (Exhibit 1, Plaintiffs' Responses to Mr. Burgyan's First Discovery). At best, this would allow a jury to speculate that Mr. Burgyan could have

**DEFENDANTS' RESPONSE TO PLAINTIFFS'**
**MOTION FOR VOLUNTARY DISMISSAL -8-**

MCGAUGHEY BRIDGES DUNLAP PLLC
325 – 118TH AVENUE SOUTHEAST, SUITE 209
BELLEVUE, WASHINGTON 98005 – 3539
(425) 462 – 4000
(425) 637 – 9638 FACSIMILE

been involved in an alleged extortion attempt, which he vehemently denies. Plaintiffs' discovery and complete lack of evidence is fatal to their remaining cause of action against Mr. Burgyan.

Even with plaintiffs' libel claim still on the table, defendants believe Mr. Burgyan's Motion for Summary Judgment would be granted the second time around, given plaintiffs' lack of evidence.

**B.    Alternatively, the Court should Condition Mr. Burgan's Dismissal on Plaintiffs paying certain Costs and Attorneys' Fees.**

If the Court does not grant Mr. Burgyan's dismissal with prejudice, plaintiffs should be ordered to pay defendants' costs and attorneys' fees incurred in traveling to California and searching Mr. Burgyan's storage units. After all, it was plaintiffs who pushed for these units to be searched in the first place despite Mr. Burgyan's assertions that documents related to Demaratech were likely destroyed years ago. And, that is placing aside the fact that, even if found, Demaratech LLC's business records have absolutely no bearing on plaintiffs' claims in this lawsuit. As Mr. Burgyan has repeatedly stated, Demaratech went out of business years before the subject domain names were even registered.

It is well within the Court's discretion to condition plaintiffs' voluntary dismissal on the payment of certain attorneys' fees and costs to defendants. FRCP 42(a)(2); Mansker v. Farmers Ins. Co. of Washington, 2011 WL 1327111 (W.D. Wash. Apr. 6, 2011) (Conditioning plaintiff's voluntary dismissal on payment of defendant's costs related to discovery, motion practice, and other items, so long as the defendant could demonstrate they could not be used in the future litigation); see also Gossard v. Washington Gas Light Co., 217 F.R.D. 38, 41-42 (D.D.C. 2003):

> Here, the defendant incurred the expenditure of unnecessary time and expense to file its supplement to the motion for summary judgment and should therefore be reimbursed for the expenses

DEFENDANTS' RESPONSE TO PLAINTIFFS'
MOTION FOR VOLUNTARY DISMISSAL -9-

McGAUGHEY BRIDGES DUNLAP PLLC
325 – 118TH AVENUE SOUTHEAST, SUITE 209
BELLEVUE, WASHINGTON 98005 – 3539
(425) 462 – 4000
(425) 637 – 9638 FACSIMILE

related to that effort... [given the plaintiffs' Motion for Voluntary Dismissal].

Although imposition of such costs and fees is not a prerequisite to an order granting a voluntary dismissal, they "are often imposed upon a plaintiff who is granted a voluntary dismissal under [Rule] 41(a)(2)." <u>Stevedoring Serv. of Am. v. Armilla Int'l B. V.</u>, 889 F.2d 919, 921 (9th Cir.1989); <u>see also</u> <u>Sobe News, Inc. v. Ocean Drive Fashions, Inc.</u>, 199 F.R.D. 377, 378 (S.D. Fla. 2001):

> A plaintiff ordinarily will not be permitted to dismiss an action without prejudice under Rule 41(a)(2) after the defendant has been put to considerable expense in preparing for trial, except on condition that the plaintiff reimburse the defendant for at least a portion of his expenses of litigation.

(Quoting <u>McCants v. Ford Motor Co., Inc.</u>, 781 F.2d 855, 859 (11th Cir. 1986).

Mr. Burgyan has spent unnecessary time and expense in pursuit of renewing his motion for summary judgment. Given plaintiffs' voluntary dismissal, the discovery he has sought concerning his California storage unit will be of no use in future litigation. <u>See</u> <u>supra</u> at 8-9 (the statute of limitations has run on plaintiffs' libel claim, and plaintiffs have not presented sufficient evidence to maintain their cause of action brought under the ACPA). Regardless, plaintiffs' delay in moving for voluntary dismissal warrants compensation for the unnecessary costs and attorneys' fees incurred as a result of traveling to California on Mr. Burgyan's behalf.

## IV.   CONCLUSION

Defendants do not dispute plaintiffs' right to voluntary dismissal in this matter. However, given that the statute of limitations has run on plaintiffs' libel claim, it is requested the Court dismiss that claim with prejudice as to both Mr. Montgomery and Mr. Burgyan.

Defendants further request dismissal of plaintiffs' ACPA claim with prejudice as to Mr. Burgyan given the lack of evidence implicating him in this matter. In the alternative, the Court

**DEFENDANTS' RESPONSE TO PLAINTIFFS'
MOTION FOR VOLUNTARY DISMISSAL -10-**



McGAUGHEY BRIDGES DUNLAP PLLC
325 – 118TH AVENUE SOUTHEAST, SUITE 209
BELLEVUE, WASHINGTON 98005 – 3539
(425) 462 – 4000
(425) 637 – 9638 FACSIMILE

should condition plaintiffs' voluntary dismissal on the payment of certain attorneys' fees and costs defendants incurred as a result of pursuing unnecessary discovery related to Mr. Burgyan's Motion for Summary Judgment. Should the Court grant such relief, defendants will submit a cost bill.

DATED this 14th day of July, 2014.

McGAUGHEY BRIDGES DUNLAP, PLLC

 /s/Shellie McGaughey
Shellie McGaughey, WSBA #16809
Peter Nierman, WSBA #44636
Attorneys for Defendants

DEFENDANTS' RESPONSE TO PLAINTIFFS'
MOTION FOR VOLUNTARY DISMISSAL -11-



McGAUGHEY BRIDGES DUNLAP PLLC
325 – 118TH AVENUE SOUTHEAST, SUITE 209
BELLEVUE, WASHINGTON 98005 – 3539
(425) 462 – 4000
(425) 637 – 9638 FACSIMILE

# CERTIFICATE OF SERVICE

I certify that I caused the foregoing to be served on the following by the methods indicated:

| | |
|---|---|
| Roland Tellis | ___ Via hand delivery by Legal Messenger |
| Peter Smith | ___ Via U.S. Mail, 1st Class, Postage Prepaid |
| BARON & BUDD, P.C. | ___ Via Overnight Delivery |
| 15910 Ventura Boulevard, Suite 1600 | ___ Via Facsimile |
| Encino, California, 91436 | ___ Via Email |
| | _X_ Other: Electronic Pacer |
| Brian C. Park | ___ Via hand delivery by Legal Messenger |
| STOEL RIVES LLP | ___ Via U.S. Mail, 1st Class, Postage Prepaid |
| 600 University Street, Suite 3600 | ___ Via Overnight Delivery |
| Seattle, WA 98101 | ___ Via Facsimile |
| | ___ Via Email |
| | _X_ Other: Electronic Pacer |
| Paul Brain | ___ Via hand delivery by Legal Messenger |
| Brain Law Firm PLLC | ___ Via U.S. Mail, 1st Class, Postage Prepaid |
| 1119 Pacific Avenue, Suite 1200 | ___ Via Overnight Delivery |
| Tacoma, WA 98402 | ___ Via Facsimile |
| | ___ Via Email |
| | _X_ Other: Electronic Pacer |

I certify under penalty of perjury that the foregoing is true and correct.

DATED this 14th day of July, 2014.

 /s/ *Peter Nierman*
Peter Nierman

**DEFENDANTS' RESPONSE TO PLAINTIFFS' MOTION FOR VOLUNTARY DISMISSAL -12-**



McGAUGHEY BRIDGES DUNLAP PLLC
325 – 118TH AVENUE SOUTHEAST, SUITE 209
BELLEVUE, WASHINGTON 98005 – 3539
(425) 462 – 4000
(425) 637 – 9638 FACSIMILE