THE HONORABLE JAMES L. ROBART

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| ATIGEO LLC, a Washington limited liability company; and MICHAEL SANDOVAL, an individual,<br><br>　　　　　Plaintiffs,<br><br>　　v.<br><br>OFFSHORE LIMITED D, a California business organization, form unknown; OFFSHORE LIMITED D, a California partnership; DENNIS MONTGOMERY, individually and as a partner of Offshore Limited D; ISTVAN BURGYAN, individually and as a partner of Offshore Limited D; DEMARATECH, LLC, a California limited liability company; and DOES 1-10, inclusive,<br><br>　　　　　Defendants. | Case No. 2:13-cv-01694 JLR<br><br>**DECLARATION OF BRIAN PARK IN SUPPORT OF PLAINTIFFS' MOTION FOR VOLUNTARY DISMISSAL** |

I, Brian C. Park, declare and state:

1.　I am an attorney in the law firm of Stoel Rives LLP and co-counsel of record for Plaintiff Atigeo LLC in this matter. I am competent to testify, and this declaration is based on my personal knowledge unless the context indicates otherwise.

2.　As used herein, the terms listed below have the following defined meanings.

　　a.　"Plaintiffs" refers collectively to Atigeo LLC and Michael Sandoval.

DECLARATION OF BRIAN PARK IN SUPPORT OF
PLAINTIFFS' MOTION FOR VOLUNTARY DISMISSAL
(No. 2:13-cv-01694 JLR) - 1

STOEL RIVES LLP
ATTORNEYS
600 University Street, Suite 3600, Seattle, WA 98101
Telephone (206) 624-0900

b. "Defendants" refers collectively to the individual defendants in his matter, Dennis Montgomery and Istvan Burgyan.

c. "Plaintiffs' counsel" refers to my colleagues and me at Stoel Rives representing Atigeo, and also to Roland Tellis of the law firm Baron & Budd, P.C., Atigeo's co-counsel and counsel for Plaintiff Michael Sandoval, together and/or individually.

d. "Defendants' counsel" refers to Shellie McGaughey and Peter Nierman, counsel for Defendants Istvan Burgyan and Dennis Montgomery, together and/or individually.

3. Attached hereto as **Exhibit 1** is a true and correct copy of a letter of April 30, 2014 from Plaintiffs' counsel to Defendants' counsel requesting scheduling coordination on the search for documents in Mr. Burgyan's California storage unit and the scheduling of Mr. Burgyan's deposition. I did not receive a response from Defendants' counsel to the request in this letter to advise Plaintiffs' counsel about the search for documents in Mr. Burgyan's California storage unit.

4. On May 14, 2014, Mr. Tellis and I had a telephone conference with Ms. McGaughey during which we proposed the possibility of a settlement agreement and release of all claims, if Defendants would agree to maintain the current status and not revive the websites at issue in this litigation ("Subject Websites") and refrain from making the statements about Atigeo and Mr. Sandoval at issue in this litigation in any other forum.

5. Attached hereto as **Exhibit 2** is a true and correct copy of a letter of May 20, 2014 from Plaintiffs' counsel to Defendants' counsel proposing a settlement for this litigation. Defendants did not respond to this letter.

6. Attached hereto as **Exhibit 3** is a true and correct copy of an email of May 28, 2014 from Plaintiffs' counsel to Defendants' counsel informing Defendants that Plaintiffs planned to serve a notice of deposition for Mr. Burgyan and subpoenas to non-parties.

DECLARATION OF BRIAN PARK IN SUPPORT OF
PLAINTIFFS' MOTION FOR VOLUNTARY DISMISSAL
(No. 2:13-cv-01694 JLR) - 2

STOEL RIVES LLP
ATTORNEYS
600 University Street, Suite 3600, Seattle, WA 98101
Telephone (206) 624-0900

1    7.   Attached hereto as **Exhibit 4** is a true and correct copy of an email of May 29, 2014 with attachments from Plaintiffs' counsel to Defendants' counsel providing copies of the deposition notices and subpoenas that Plaintiffs planned to serve the next day (May 30, 2014).

4    8.   Attached hereto as **Exhibit 5** is a true and correct copy of a letter of May 29, 2014 from Defendants' counsel to Plaintiffs' counsel advising Plaintiffs of Mr. Montgomery's medical condition and that Mr. Burgyan had been unable to search his California storage unit.

7    9.   Attached hereto as **Exhibit 6** is a true and correct copy of an email of May 29, 2014 from Plaintiffs' counsel to Defendants' counsel regarding Mr. Montgomery's medical condition and discovery needed in advance of any refiling of Mr. Burgyan's motion for summary judgment.

11   10.  Attached hereto as **Exhibit 7** is a true and correct copy of an email exchange of May 29, 2014 between Plaintiffs' counsel and Defendants' counsel agreeing that Mr. Burgyan would not renew his motion for summary judgment until after he had searched his storage unit, produced any responsive documents, and been deposed, and that Mr. Burgyan's deposition would not occur until the parties settled on a mutually agreeable day and time, even though Plaintiffs planned to serve a deposition notice as previously explained.

17   11.  Attached hereto as **Exhibit 8** is a true and correct copy of the Notice of Deposition of Istvan Burgyan served on May 30, 2014.

19   12.  Attached hereto as **Exhibit 9** is a true and correct copy of an email of June 10, 2014 from Plaintiffs' counsel to Defendants' counsel inquiring about Mr. Burgyan's deposition and whether he had been able to retrieve documents from his California storage unit.

22   13.  Attached hereto as **Exhibit 10** is a true and correct copy of a June 11 – 13, 2014 email exchange between Plaintiffs' counsel and Defendants' counsel regarding the need to postpone and reschedule Mr. Burgyan's deposition because of a scheduling issue with Mr. Sandoval's counsel.

26

DECLARATION OF BRIAN PARK IN SUPPORT OF
PLAINTIFFS' MOTION FOR VOLUNTARY DISMISSAL
(No. 2:13-cv-01694 JLR) - 3

STOEL RIVES LLP
ATTORNEYS
600 University Street, Suite 3600, Seattle, WA 98101
Telephone (206) 624-0900

14. On the afternoon of June 12, Plaintiffs received Mr. Burgyan's supplemental discovery responses, which indicated that Mr. Burgyan searched for documents in his California storage unit on June 9 and included the Demaratech documents he found. Attached hereto as **Exhibit 11** is a true and correct copy Mr. Burgyan's supplemental document production received on June 12, 2014.

15. Attached hereto as **Exhibit 12** is a true and correct copy of a June 13 – 16, 2014 email exchange between Plaintiffs' counsel and Defendants' counsel regarding rescheduling Mr. Burgyan's deposition for July 8, 2014.

16. On June 19, 2014, I emailed Defendants' counsel to request a conference so that Plaintiffs' counsel could explain their intention to request voluntary dismissal without prejudice and determine whether Defendants would stipulate to such a dismissal. Counsel agreed to a conference at 3:00 p.m. on June 20, but Defendants' counsel did not participate as we had planned. I then emailed Defendants' counsel on June 20, explaining that Plaintiffs planned to move for voluntary dismissal because they had no desire to "pile on" the myriad issues that Defendants faced, particularly after Defendants had voluntary dismantled the websites at issue in this case. Attached hereto as **Exhibit 13** is a true and correct copy of the June 19 – 20, 2014 email exchange between counsel attempting to schedule a conference and including my email explaining Plaintiffs' plan to seek voluntary dismissal without prejudice.

17. Attached hereto as **Exhibit 14** is a true and correct copy of an email of June 20, 2014 from Defendants' counsel to Plaintiffs' counsel regarding Plaintiffs' plan to move for voluntary dismissal without prejudice.

18. Attached hereto as **Exhibit 15** is a true and correct copy of an email of June 25, 2014 from Mr. Tellis to counsel for Defendants Demaratech LLC and Offshore Limited D (Paul Brain) confirming their earlier telephone conversation and the consent of Demaratech and Offshore Limited D to voluntary dismissal without prejudice.

DECLARATION OF BRIAN PARK IN SUPPORT OF
PLAINTIFFS' MOTION FOR VOLUNTARY DISMISSAL
(No. 2:13-cv-01694 JLR) - 4

STOEL RIVES LLP
ATTORNEYS
600 University Street, Suite 3600, Seattle, WA 98101
Telephone (206) 624-0900

19. After communications with both sets of defense counsel, Plaintiffs proceeded with their plan to move for voluntary dismissal and prepared a motion for filing the morning of Thursday, June 26, 2014.

20. On the morning of Thursday, June 26, just as Plaintiffs were preparing to file their motion for voluntary dismissal, Plaintiffs received a letter dated June 26 from Montgomery/Burgyan's counsel stating opposition to a voluntary dismissal without prejudice and describing what Defendants believed to be the merits of their' position. Attached hereto as **Exhibit 16** is a true and correct copy of the transmittal email for this letter. Attached hereto as **Exhibit 17** is a true and correct copy of this later dated June 26, 2014. Attached hereto as **Exhibit 18** is a true and correct copy my July 2, 2014 letter to Defendants' counsel responding point-by-point to Exhibit 17.

21. Later on June 26, Plaintiffs received a second letter from Defendants' counsel (this one dated "June 25") regarding discovery. Attached hereto as **Exhibit 19** is a true and correct copy of the transmittal email for this letter. A true and correct copy of this letter is attached as **Exhibit 20**. Attached hereto as **Exhibit 21** is a true and correct copy of my July 2, 2014 letter memorializing Defendants' agreement to narrow their discovery requests to relevant subject matter per Exhibit 20, Plaintiffs' corresponding agreement to further supplement their discovery responses and document productions accordingly, and Plaintiffs' concerns about the lack of information about Mr. Burgyan's deposition scheduling, Demaratech's documents, and Defendants' Lumavision entity.

22. Plaintiffs then proceeded with their plan and filed their motion for voluntary dismissal on June 26, 2014.

23. Following Plaintiffs' filing of the motion for voluntary dismissal, Defendants' counsel suggested that Mr. Burgyan's deposition was no longer necessary, and the parties reconfirmed their prior agreement that Mr. Burgyan would not renew his motion for summary judgment until after he had been deposed (if ever). Attached hereto as **Exhibit 22** is a true and

DECLARATION OF BRIAN PARK IN SUPPORT OF
PLAINTIFFS' MOTION FOR VOLUNTARY DISMISSAL
(No. 2:13-cv-01694 JLR) - 5

STOEL RIVES LLP
ATTORNEYS
600 University Street, Suite 3600, Seattle, WA 98101
Telephone (206) 624-0900

correct copy of a July 7, 2014 email from Defendants' counsel to Plaintiffs' counsel questioning the need to take Mr. Burgyan's deposition in light of Plaintiffs' motion for voluntary dismissal. Attached hereto as **Exhibit 23** is a true and correct copy of a July 7, 2014 email exchange between counsel confirming the postponement of Mr. Burgyan's deposition and the parties' agreement that Mr. Burgyan would not renew his motion for summary judgment unless first deposed.

    I declare under penalty of perjury of the laws of the United States that the foregoing is true and correct.

    Executed this 18th day of July 2014 in Seattle, Washington.

_/s/ Brian C. Park_
Brian C. Park

DECLARATION OF BRIAN PARK IN SUPPORT OF
PLAINTIFFS' MOTION FOR VOLUNTARY DISMISSAL
(No. 2:13-cv-01694 JLR) - 6

STOEL RIVES LLP
ATTORNEYS
600 University Street, Suite 3600, Seattle, WA 98101
Telephone (206) 624-0900

| | |
|---|---|
| 1 | **CERTIFICATE OF SERVICE** |

2  I hereby certify that I caused a true and correct copy of the foregoing to be electronically filed with the Clerk of the Court using the CM/ECF system which will send notification of such
3  filing to the following participants:

4

Paul Edward Brain    pbrain@paulbrainlaw.com, jdavenport@paulbrainlaw.com

5

Shellie McGaughey    shellie@mcbdlaw.com, katie@mcbdlaw.com

6

7                              Stoel Rives LLP

8

9   *s/Melissa Wood*
    *Melissa Wood, Legal Secretary*
    *Dated at Seattle, WA on July 18, 2014*

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

DECLARATION OF BRIAN PARK IN SUPPORT OF
PLAINTIFFS' MOTION FOR VOLUNTARY DISMISSAL
(No. 2:13-cv-01694 JLR) - 7

**STOEL RIVES LLP**
ATTORNEYS
600 University Street, Suite 3600, Seattle, WA  98101
*Telephone (206) 624-0900*