

**McGaughey Bridges Dunlap** PLLC

TRIAL ATTORNEYS

June 26, 2014

<u>*Via E-mail followed by Legal Messenger*</u>

Brian C. Park
Stoel Rives LLP
600 University Street, Suite 3600
Seattle, WA 98101

Re:   *Atigeo, LLC & Michael Sandoval v. Dennis Montgomery and Istvan Burgyan*
      Western Washington District Court Cause # 2:13-cv-01694

Dear Brian:

As you know I am currently in trial. I will not be back into the office until July 3 but felt the need to be clear on my client's position on the status of this case. We clearly are at that juncture where we are both going to be conducting depositions and incurring a great deal of expense. My client is now out of the hospital but is still in a compromised medical condition. Nonetheless, it does appear as if this matter has reached an important crossroads for our clients. Discovery has revealed there is much truth to Mr. Montgomery's statements. It is evident there was, at one point in time, an agreement between Mr. Sandoval and Edra Blixseth which permitted Mr. Sandoval to take money out of his company for the purchase of real property. Regardless of whether such an agreement existed at the time Mr. Sandoval took this money out of Atigeo, he clearly made numerous misrepresentations to Ms. Blixseth in so doing.

At no point in time does it appear Ms. Blixseth agreed to Mr. Sandoval taking millions of dollars out of their company with a long, drawn out timeline for repayment. This is evidenced by various communications between Ms. Blixseth and Mr. Sandoval as well as her subsequent lawsuit against Mr. Sandoval, xPatterns and others. Thus, Mr. Sandoval did essentially misappropriate millions of dollars of Ms. Blixseth's investment with your clients. And, Mr. Montgomery's statements, while perhaps a little overly direct, are substantially true.

Your claim against Mr. Burgyan borders on frivolity. We would like him dismissed with prejudice. To date, plaintiffs have failed to articulate why Mr. Burgyan would even be interested in participating in the alleged libelous acts which Mr. Montgomery admits to doing entirely on his own. Plaintiffs' only evidence tying Mr. Burgyan to this conduct is the fact he and his former company are identified on the subject Network Solutions account. As you know, this account has been active since 2006 and has been used by many individuals over the years, including former Atigeo employee, Christopher Shockey.

As to plaintiffs' claim for cybersquatting in violation of the ACPA, there is absolutely no evidence supporting Mr. Sandoval's allegation that Mr. Montgomery created atigeo.co as part of an alleged extortion scheme. This claim hinges on Mr. Sandoval's word. While you may believe your client's

Brian Park
June 25, 2014
Page 2

word more credible than Mr. Montgomery the fact is Mr. Sandoval is not as squeaky clean as you might like to believe.

We have spoken with numerous witnesses about him, and their comments have been quite harsh. Importantly, we have heard reports of Mr. Sandoval lying about Atigeo's technology. One instance was a text to donate charity event put on by the Dalai Lama in Seattle. Mr. Sandoval volunteered Atigeo to handle the donations, telling everyone they were using Atigeo's patented technology to process the credit card payments. However, in reality Atigeo had a group of programmers in a room processing everything by hand. We have come to learn that, over the years, Mr. Sandoval has boasted about this event to investors and potential clients.

Another alleged instance of your client lying was during a press release held at the Seattle Aquarium. This was a pre-scripted event where a reporter asked Mr. Sandoval questions about Atigeo and the company's xPatterns software. This event has been described to us as a stage for Mr. Sandoval to make numerous misrepresentations about Atigeo's "non-existent" technology to investors and potential clients.

While this matter may inevitability conclude with your clients seeking voluntary dismissal of their claims against Mr. Montgomery and Mr. Burgyan there is little we can do about that but we want to be clear our clients will not stipulate to a dismissal without prejudice. There is little for plaintiffs to gain in continuing this litigation and we understand that. However, Mr. Burgyan certainly wants exoneration and Mr. Montgomery while in a far different position than Istvan Burgyan believes in the truth of all his statements. The depositions we plan on noting we believe will not reflect well upon Atigeo and Mr. Sandoval, and the information that continues to come out in discovery will surely be unsettling to their clients, investors and business partners.

In looking to plaintiffs' litigation history there is a common theme of drowning litigation opponents in attorney fees to the point where they will sign just about any document put in front of them. As far as we can tell, this strategy has permitted Mr. Sandoval to go back to his business associates waiving a signed piece of paper around as proof that he was on the right side of the dispute. I assure you our clients have no interest in any such agreement despite the undue burden this litigation has placed on them.

**DEPOSTIONS**

Should this matter proceed on its present course, we currently plan on noting the following depositions: Heather Sandoval, Michael Radler, Michael Allen, Andrew Boyd, Michael Sandoval, Todd Turner, Kathy Kennison, James Raquepau, and Erik Bergsagel. Of course, this list is subject to change.

Our intent is to begin with the deposition of Ms. Sandoval. We understand her to be the current Vice President of Business Development at Atigeo. We have been told that Ms. Sandoval is not qualified nor does she actually perform the duties of this position. In essence, it sounds as though Ms. Sandoval's position is nothing more than a pay check for her and Mr. Sandoval. If true, this only

Brian Park
June 25, 2014
Page 3

lends credibility to Mr. Montgomery's statements while serving to discredit your client, not just in terms of this litigation, but also with his investors, partners and clientele.

Our desire to take the depositions of Mr. Radler and Mr. Allen stems from the fact that, to our knowledge, they are Atigeo's biggest investors.

Mr. Turner, Ms. Kennison, Mr. Raquepau, and Mr. Bergsagel will, to varying degrees, are expected to testify regarding your clients' business practices and prior litigation history.  Given your clients' relationship and litigation against Mr. Turner, his testimony should come as no surprise and is partially outlined in Linqware's Answer to Atigeo's Complaint and Linqware's Answers to Atigeo's interrogatories in <u>Atigeo v. Blixseth et al.</u> (King County Cause No: 08-2-33027-3 SEA).

While I would have preferred to discuss this position with you directly my trial schedule is so tight right now that I though you deserved our position now before this case goes any further.

Very truly yours,

McGAUGHEY BRIDGES DUNLAP, PLLC

*Sent without signature to avoid delay*

Shellie McGaughey

cc:   Debbie Roy, #47-24Q1-528   *email only*
      Dennis Montgomery           *email only*
      Istvan Burgyan              *email only*
      Roland Tellis               *email only*