1

2

3

4

5

6            UNITED STATES DISTRICT COURT
      FOR THE WESTERN DISTRICT OF WASHINGTON
7

8   ATIGEO LLC, a Washington limited        )
    liability company; and MICHAEL          )   NO. 2:13-cv-01694
9   SANDOVAL, an individual,                )
                                            )   **DEFENDANTS DENNIS**
10               Plaintiffs,                 )   **MONTGOMERY AND ISTVAN**
                                            )   **BURGYAN'S INITIAL DISCLOSURES**
11  vs.                                      )   **PURSUANT TO FRCP 26(a)**
                                            )
12  OFFSHORE LIMITED D, a California         )
    business organization, form unknown;    )
13  OFFSHORE LMITED D, a California          )
    partnership; DENNIS MONTGOMERY,         )
14  individually and as a partner of Offshore )
    Limited D; ISTVAN BURGYAN,              )
15  individually and as a partner of Offshore )
    Limited D; DEMARATECH, LLC, a          )
16  California limited liability company; and )
    DOES 1-10, inclusive,                   )
17                                          )
                                            )
18               Defendant.                  )
    _____)

19          Defendants Dennis Montgomery and Istvan Burgyan pursuant to FRCP 26(a)(1) make

20  the following initial disclosures.  The following list reflects presently known individuals who

21  may have knowledge regarding plaintiffs' claims and defendants' defenses and to whom may

22  be called to support or defend this matter on behalf of defendants (unless for impeachment

23

24

25

DEFENDANTS' INITIAL DISCLOSURES -1-
M:\Paralegal Documents\SMc Directory\Cases\MONTGOMERY adv.
Atigeo (SF)\Pleadings\Initial Disclosures.doc



only).  Contact information that is currently known is provided and to the extent all contact

information is not currently known this information will be supplemented.

## I.    Witnesses With Knowledge

1.    Dennis Montgomery
c/o McGaughey Bridges Dunlap, PLLC
325 118th Ave. SE, Suite 209
Bellevue, WA 98005

Mr. Montgomery is a defendant.  He has knowledge of facts surrounding the allegations asserted by plaintiff herein and as to his affirmative defenses.  Mr. Montgomery has already prepared and filed an initial declaration that was submitted with pleadings filed on November 22, 2013.  Mr. Montgomery will testify consistent to his declaration and will offer testimony and information related this lawsuit.  Mr. Montgomery has knowledge related to the allegations of the complaint, the alleged domain names, cyber squatting allegations, libel claims and his affirmative defenses.

2.    Istvan Burgyan, defendant
c/o McGaughey Bridges Dunlap, PLLC
325 118th Ave. SE, Suite 209
Bellevue, WA 98005

Mr. Burgyan is a defendant.  He denies having any involvement in the facts as alleged in this case.  He has prepared and signed the attached declaration which may be relied on in support of his motion for summary judgment.  Mr. Burgyan believes the allegations against him are frivolous and not advanced in good faith or with factual support.  Mr. Burgyan will offer testimony as to plaintiffs, his lack of involvement in the allegations asserted by plaintiffs and may offer other testimony related to either allegations as asserted in the complaint, affirmative defenses or other facts that he may have knowledge of consistent with his status as a defendant.

3.    Michael Sandoval
c/o Stoel Rives LLP
600 University Street, Suite 3600
Seattle, WA 98101

Mr. Sandoval has knowledge related to the facts of the case, alleged liability and damages.  Mr. Sandoval has knowledge and discoverable information that would serve to support defendants' affirmative defenses.   The subject matter anticipated of Mr. Sondoval's testimony would include various aspects of his various businesses including but not limited to Atigeo LLC, 2225 LLC, Founders Group LLC, Founders Real Estate Group LLC, Founders

DEFENDANTS' INITIAL DISCLOSURES -2-
M:\Paralegal Documents\SMc Directory\Cases\MONTGOMERY adv.
Atigeo (SF)\Pleadings\Initial Disclosures.doc



Technology Group LLC, Azyimyth LLC, Opspring LLC, Xpatterns LLC, Atigeo Mobile LLC, HMJZ LLC, Diamond Ranch 13, HMJZ.

In addition, Michael Sandoval has knowledge of inappropriate billing practices, issues related to transactions with Edra Blixeth, the company he formed with her and to which defendants were employed.  Mr. Sandoval is expected and has knowledge and facts related to the various allegations set forth in the complaint and of course as to issues related to liability and/or damages asserted herein as well as defendants' affirmative defenses.

    4.      Atigeo LLC
            c/o Stoel Rives LLP
            600 University Street, Suite 3600
            Seattle, WA 98101

Atigeo has knowledge of all facts of the case as would be consistent with its status as plaintiff.   Mr. Sandoval is believed to be the managing member of Atigeo and would be asked to testify to issues related to the company as a plaintiff and the alleged damages and injuries.

    5.      Heather Sandoval
            c/o Stoel Rives LLP
            600 University Street, Suite 3600
            Seattle, WA 98101

Heather Sandoval is Michael Sandoval's wife and current Vice President of Business Development at Atigeo.   She may have knowledge of the facts relevant to this litigation including liability, injury and/or asserted damages.

    6.      Employees, Officers and/or Directors
            Atigeo LLC,
            2225 LLC,
            Founders Group LLC,
            Founders Real Estate Group LLC,
            Founders Technology Group LLC,
            Azyimyth LLC,
            Opspring LLC,
            Xpatterns LLC,
            Atigeo Mobile LLC,
            HMJZ LLC,
            Diamond Ranch 13,
            HMJZ.

Contact information and specific names will be provided as they are discovered.

DEFENDANTS' INITIAL DISCLOSURES -3-

M:\Paralegal Documents\SMc Directory\Cases\MONTGOMERY adv.
Atigeo (SF)\Pleadings\Initial Disclosures.doc



McGAUGHEY BRIDGES DUNLAP PLLC
325 – 118TH AVENUE SOUTHEAST, SUITE 209
BELLEVUE, WASHINGTON 98005 – 3539
(425) 462 – 4000
(425) 637 – 9638 FACSIMILE

1

2

7.      Amy Dedoyard
         Windermere Real Estate
         3933 Lake Washington Blvd. NE, Suite 100
         Kirkland, WA  98033
         425-822-5100

3

4

5       Ms. Dedoyard is a real estate agent that has been in numerous real estate transactions
with Michael Sandoval.  Ms. Dedoyard may have knowledge and facts relevant to plaintiffs'
allegations and issues as to defendants' affirmative defenses.

6

7       8.      Andrew Boyd
         Prior CFO
         Atigeo LLC
         Prior employee of Azimyth and Atigeo
         Contact information currently unknown.

8

9

10      Mr. Boyd is believed to have knowledge and facts related to Michael Sandoval's
transactions, including business and financial dealings with Sandoval, his companies, Ms.
Blixseth and issues related to business transactions that address facts relevant to issues of
liability, injury, alleged damages and defendants' affirmative defenses.

11

12

13      9.      All employees, directors and/or officers (past and present) of plaintiff Atigeo
         LLC

14

15      Presently, defendants do not have knowledge of the specific names or contact
information of plaintiffs' employees.  However, in general, all employees currently or
previously employed by Atigeo may have knowledge relevant to this litigation.

16

17      10.     All employees of plaintiff Michael Sandoval and any of his related companies
         and/or entities.

18

19      Presently, defendants do not have knowledge of the specific names or contact
information of plaintiff Sandoval's employees.  However, in general, all employees currently
or previously employed by plaintiff Sandoval may have knowledge relevant to this litigation.
This includes but is not limited to employees of Xpatterns LLC and Opspring LLC.

20

21      11.     All Clients or Partners of Atigeo LLC

22

23      Presently, defendants do not have knowledge of the specific names or contact
information of plaintiff Atigeo's clientele or partners.  However, in general, all current or
previous clientele and partners of Atigeo may have knowledge relevant to this litigation

24

25

DEFENDANTS' INITIAL DISCLOSURES -4-

McGaughey Bridges Dunlap pllc
325 – 118th Avenue Southeast, Suite 209
Bellevue, Washington 98005 – 3539
(425) 462 – 4000
(425) 637 – 9638 Facsimile

**Ferguson Dec. Ex. 2, page 4 of 31**

1  including plaintiffs' allegations of liability, injury and/or damages as well as defendants'
affirmative defenses.

2        12.    Edra Blixseth
3              42-765 Dunes View Rd.
            Rancho Mirage, CA 92270
4              (760) 831-1982

5      Edra is a former business partner of Michael Sandoval and may have knowledge of the
facts relevant to this litigation including allegations of the complaint, alleged injury, damages
6  and as to defendants' affirmative defenses.

7        13.    Timothy Blixseth
            1605 73rd Ave NE
8              Medina, WA 98039
9              (760) 333-9024

10      Timothy Blixseth is a former business partner of Dennis Montgomery and Michael
Sandoval and may have knowledge of the facts relevant to this litigation, his ex-wife's
11  bankruptcy, company involvement and knowledge related to the allegations of plaintiffs'
complaint.
12
13        14.    Allen Annex
            MetLife Building
14              200 Park Avenue
            New York, NY 10166
15              (212) 801-9200

16      Mr. Annex is Edra Blixseth's attorney and may have knowledge of the facts relevant to
this litigation.  Specifically, Mr. Annex attended a meeting in 2007 with Edra Blixseth, Mike
17  Flynn, Michael Sandoval, and Andrew Boyd pertaining to the status of Edra's investments
made with plaintiff Sandoval and his related companies.
18
19        15.    Mike Flynn
            PO Box 1668
20              Rancho Santa Fe, CA 92067
            (858) 775-7624

21      Mike Flynn is Dennis Montgomery's former attorney and may have knowledge of the
22  facts relevant to this litigation.  Mr. Flynn is listed as an individual likely to have discoverable
information.  He is listed without waiving any attorney client privilege.  To the extent any
23  privilege waiver is required Dennis Montgomery asserts herein the most limited waiver
possible and only to the extent necessary to so provide relevant testimony and or discoverable
24
25

DEFENDANTS' INITIAL DISCLOSURES -5-
M:\Paralegal Documents\SMc Directory\Cases\MONTGOMERY adv.
Atigeo (SF)\Pleadings\Initial Disclosures.doc



information.  Mr. Flynn has non attorney client privileged knowledge and facts related to a meeting he attended in 2007 with Edra Blixseth, Allen Annex, Michael Sandoval, and Andrew Boyd pertaining to the status of Ms. Blixseth's investments made with plaintiff Sandoval and his related companies.

      16.    Western Capital Partners LLC
              Robert W. Hatch II, Esq.
              1490 Lafayette St. #306
              Denver, CO 80218
              (303) 860-1829

Western Capital Partners is a creditor of Edra Blixseth and is currently involved in litigation related to Edra's pending bankruptcy.  Western Capital may have knowledge of the facts relevant to this litigation.  Representatives of Western Capital are not specifically known but their attorney Brian Hatch is an individual with knowledge related to all allegations by and between plaintiffs and Edra Blixseth.

Mr. Hatch is an attorney and represents Western Capital Partners LLC in litigation pertaining to Edra Blixseth's pending bankruptcy.  He may have knowledge as to Ms. Blixseth and her bankruptcy as well as any motivation she may have for changing her story regarding her business dealings with Michael Sandoval.

      17.    All individuals identifiable by documents and as discovery is undertaken.

It is anticipated additional witnesses will be discernible from documents exchanged by the parties and/or through discovery and their knowledge will be implied from the documents themselves.

## II.    Expert Witnesses

Defendants have not retained any experts at this time.  It is anticipated defendants will retain an intellectual property and/or business economist expert to refute plaintiffs' claim for lost profits, reduced ability to generate business and keep members, and injury to their goodwill and reputation.  As discovery is ongoing, defendant reserves the right to retain additional experts as additional data and information is gathered in discovery and/or experts are retained.

## III.    Documents

      1.    Documents maintained on a hard drive given by Michael Sandoval to defendant Dennis Montgomery believed to cover the time frame between 1998 and 2006. The documents would include email communications, letters, word documents, powerpoints, excel spread sheets and other related documents.

DEFENDANTS' INITIAL DISCLOSURES -6-



McGAUGHEY BRIDGES DUNLAP PLLC
325 – 118TH AVENUE SOUTHEAST, SUITE 209
BELLEVUE, WASHINGTON 98005 – 3539
(425) 462 – 4000
(425) 637 – 9638 FACSIMILE

2.      Documents related to a family trust and parcels of land acquired in Kirkland, Washington.

3.      Business documents and records related to the business dealings of Atigeo LLC, 2225 LLC, Founders Group LLC, Founders Real Estate Group LLC, Founders Technology Group LLC, Azyimyth LLC, Opspring LLC, Xpatterns LLC, Atigeo Mobile LLC, HMJZ LLC, Diamond Ranch 13, HMJZ.

4.      Pleadings and other legal documents related to the litigation involving Edra Blixseth's bankruptcy and litigation involving Western Capital Partners.

5.      Declaraton of Edra Blixeth and Complaint filed by Edra Blixeth against plaintiff Sandoval previously attached to Declaration of Dennis Montgomery and other legal documents from said litigation or discovery.

6.      Documents related to domain names started by Dennis Montgomery.

### IV.      Insurance Agreement

A certified policy is attached.  Mr. Montgomery and Mr. Burgyan are being defended under a reservation of rights and any letters affecting coverage will be provided under separate cover.

DATED this 24th day of December, 2013.

McGAUGHEY BRIDGES DUNLAP, PLLC

By: _____
     /s/ Shellie McGaughey

     Shellie McGaughey, WSBA #16809
     Attorney for Defendant

DEFENDANTS' INITIAL DISCLOSURES -7-

M:\Paralegal Documents\SMc Directory\Cases\MONTGOMERY adv. Atigeo (SF)\Pleadings\Initial Disclosures.doc



McGAUGHEY BRIDGES DUNLAP PLLC
325 – 118TH AVENUE SOUTHEAST, SUITE 209
BELLEVUE, WASHINGTON 98005 – 3539
(425) 462 – 4000
(425) 637 – 9638 FACSIMILE

1

2

3                                   **CERTIFICATE OF SERVICE**

4           I certify that on Tuesday, December 24, 2013, I caused the foregoing to be served on the

5   following by the methods indicated:

6   Roland Tellis                           ___   Via hand delivery by Legal Messenger
    Peter Smith                             ___   Via U.S. Mail, 1st Class, Postage Prepaid
7   BARON & BUDD, P.C.                      ___   Via Overnight Delivery
    15910 Ventura Boulevard, Suite 1600     ___   Via Facsimile
8   Encino, California, 91436                X    Via Email
                                            ___   Other:  Electronic Pacer
9   Brian C. Park                           ___   Via hand delivery by Legal Messenger
10  STOEL RIVES LLP                         ___   Via U.S. Mail, 1st Class, Postage Prepaid
    600 University Street, Suite 3600       ___   Via Overnight Delivery
11  Seattle, WA 98101                       ___   Via Facsimile
                                             X    Via Email
12                                          ___   Other:  Electronic Pacer
    Paul Brain                              ___   Via hand delivery by Legal Messenger
13  Brain Law Firm PLLC                     ___   Via U.S. Mail, 1st Class, Postage Prepaid
    1119 Pacific Avenue, Suite 1200         ___   Via Overnight Delivery
14  Tacoma, WA 98402                        ___   Via Facsimile
                                             X    Via Email
15                                          ___   Other:  Electronic Pacer

16          I certify under penalty of perjury that the foregoing is true and correct.

17          DATED this 24th day of December, 2013.

18          */s/ Dave Loeser*
19          Dave Loeser

20

21

22

23

24

25

DEFENDANTS' INITIAL DISCLOSURES -8-

M:\Paralegal Documents\SMc Directory\Cases\MONTGOMERY adv.
Atigeo (SF)\Pleadings\Initial Disclosures.doc



McGAUGHEY BRIDGES DUNLAP PLLC
325 – 118ᵗʰ Avenue Southeast, Suite 209
Bellevue, Washington 98005 – 3539
(425) 462 – 4000
(425) 637 – 9638 Facsimile

The Honorable James L. Robart

1

2

3

4

5

6

7

UNITED STATES DISTRICT COURT

8

FOR THE WESTERN DISTRICT OF WASHINGTON

9

ATIGEO LLC, a Washington limited liability ) 
company; and MICHAEL SANDOVAL, an )          NO. 2:13-cv-01694

10

individual, )

)          **DECLARATION OF DEFENDANT**

11

Plaintiffs,            )          **ISTVAN BURGYAN IN SUPPORT OF**
)          **MOTION FOR SUMMARY JUDGMENT**

12

vs.                                              )

13

)
OFFSHORE LIMITED D, a California        )

14

business organization, form unknown;    )
OFFSHORE LMITED D, a California         )

15

partnership; DENNIS MONTGOMERY,    )
individually and as a partner of Offshore    )

16

Limited D; ISTVAN BURGYAN,           )
individually and as a partner of Offshore    )

17

Limited D; DEMARATECH, LLC, a         )
California limited liability company; and    )

18

DOES 1-10, inclusive,                          )
)

19

Defendant.           )

20

I, Istvan Burgyan, declare:

21

1.      I am over the age of 18 years and I am a defendant in this lawsuit.  I am of legal

22

age and competent to testify to the matters herein, and do so of my own personal knowledge.

23

2.      I make this declaration in support of my motion for summary judgment.

24

25

**DECLARATION OF DEFENDANT ISTVAN**
**BURGYAN IN SUPPORT OF MOTION FOR**
**SUMMARY JUDGMENT - 1 -**

McGAUGHEY BRIDGES DUNLAP PLLC

325 – 118TH AVENUE SOUTHEAST, SUITE 209
BELLEVUE, WASHINGTON 98005 – 3539
(425) 462 – 4000
(425) 637 – 9638 FACSIMILE

3.     Plaintiffs' complaint alleges that I, along with defendant Dennis Montgomery, created a number of websites containing libelous statements regarding plaintiffs.  Moreover, plaintiffs allege that one of these websites, www.atigeo.co, was created in violation of the Anti-Cybersquatting Consumer Protection Act (15 U.S.C. § 1125(d)).

4.     I have known Michael Sandoval since 2006. I began working with Mr. Sandoval and Edra Blixseth through their company, Opspring LLC ("Opspring") in 2007.  Sometime in 2007 or 2008 Opspring became BLXware LLC.  It is my understanding there was an agreement between Michael and Edra that gave her primary ownership or control of that company.  I stopped working with Michael Sandoval mid-2007.  Since then, I have only spoken with Michael Sandoval on a few occasions.  These conversations were initiated by me because I to know what venture capitalist he used to raise money.  I had no direct contact with Michael Sandoval since 2007.

4.     I have never written anything about Michael or his company, Atigeo LLC, nor did I play any role in creating any websites including those which are the subject of plaintiffs' complaint.  Frankly, I was not even aware of their existence prior to this lawsuit.  It is my understanding that my father-in-law, Dennis Montgomery, created the websites alleged but I have no such personal knowledge of that.  While I have a relationship with Dennis I never assisted him in creating these websites or posting an alleged material or libelous statements anywhere at any time.

5.     My company Demaratech LLC ("Demaratech") has also been named as a defendant in plaintiffs' complaint.  Demaratech is a software company I started. It has been inactive since 2010.  There are no facts supporting the allegations against Demaratech, as the

**DECLARATION OF DEFENDANT ISTVAN BURGYAN IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT - 2 -**

McGAUGHEY BRIDGES DUNLAP PLLC
325 – 118ᵗʰ Avenue Southeast, Suite 209
Bellevue, Washington 98005 – 3539
(425) 462 – 4000
(425) 637 – 9638 Facsimile

company had no involvement in the creation of these websites, any comments, and was not a going entity at any material time herein.

      6.    As to the other entity named in this lawsuit, Offshore Limited D, I have never even heard of this company.  Thus, I have no knowledge or understanding as to whether it was involved in creating the subject websites.

      **I declare under penalty of perjury under the laws of the state of Washington that the foregoing is true and correct.**

DATED this 23 day of December, 2013.

_____

Istvan Burgyan, Declarant

**DECLARATION OF DEFENDANT ISTVAN BURGYAN IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT - 3 -**



McGAUGHEY BRIDGES DUNLAP PLLC
325 – 118ᵗʰ Avenue Southeast, Suite 209
Bellevue, Washington 98005 – 3539
(425) 462 – 4000
(425) 637 – 9638 Facsimile

 **StateFarm**™

## Certified Policy Record

I, the undersigned, do hereby confirm that I am custodian of the records pertaining to the issuance of policies by State Farm Fire and Casualty Company.

I certify that the attached documents represent a true and accurate record of the terms and conditions of Policy Number 47-GX-6760-9 including any endorsements, if applicable, for the policy term(s) 10/11/2011 - 10/11/2012 and insuring Montgomery, Dennis & Brenda of 6 Toscana Way W, Rancho Mirage CA 92270-1978 based on available records.

The following endorsements are included:
FP-7950.2
FE-7670.3
FE-7772.1
FE-5837
FE-6858

The policy was in effect on the loss date of 01/01/2012.

_____
Sean Moore
Underwriting Team Manager

RECEIVED

DEC 20 2013

MONTGOMERY Brenda
DUNLAP PLLC

1004516

2000  143551  200  03-21-2012

**State Farm Fire and Casualty Company**

PO Box 5000
Dupont, WA 98327-5000

## RENEWAL CERTIFICATE

| POLICY NUMBER | 47-GX-6760-9 |
|---|---|

Personal Liability Umbrella Policy
OCT 11 2011 to OCT 11 2012

AT1          C-15- 2809-F483     L      F
                003317
MONTGOMERY, DENNIS & BRENDA
6 TOSCANA WAY W
RANCHO MIRAGE CA   92270-1978

BILLED THROUGH SFPP

**COVERAGES AND LIMITS**
L  Personal Liability                    $4,000,000
   Self-Insured Retention                  None

**UNDERLYING EXPOSURES**
Our records show the following underlying
information. This information was used in
determining the rate of the policy.
**AUTOMOBILE EXPOSURES**
Automobile(s)                                   3
Automobile Operator(s)                          3

**OTHER LIABILITY EXPOSURES**
Personal Residential

SFPP No:1041629415

**Forms and Endorsements**
Personal Liability Umbrella           FP-7950.2
Amendatory Endorsement                FE-7670.3
Passenger Bodily Injury Excl          FE-7772.1
Fuel Oil Exclusion                    FE-5837
Registered Domestic Partnrship        FE-6858

**Annual Premium**                              $476.00

*Notify your agent immediately if the above listed Coverages and/or Underlying Exposures are incorrect.
Your Coverages and/or bill can be affected if this information is not correct.

The Class 50 Discount has reduced the premium on your policy by $119.00

Required Underlying Insurance on reverse side

*Thanks for letting us serve you...*

**Agent** MALINDA ZAMPERA
**Telephone** (425) 453-1800

Moving? See your State Farm agent.
See reverse for important information.
Prepared AUG 29 20

## FE-7670.3 AMENDATORY ENDORSEMENT
### (Washington)

### EXCLUSIONS

Exclusion 13. is changed to read:

13. **bodily injury** or **personal injury** to any **insured** as defined in part a. or b. of the definition of **insured**, including any claim made or suit brought against any **insured** to share damages with or repay someone else who may be obligated to pay damages because of such **bodily injury** or **personal injury**. This exclusion will not apply in conjunction with the automobile coverage under this policy;

### CONDITIONS

#### Cancellation

1. Item a. is changed to read:

   a. **You** may cancel by giving written notice to **us** or **our** agent of the date the cancellation is to take effect. If **you** cancel, the return premium will be pro rata. **We** may waive the requirement that the notice be in writing by confirming the date and time of cancellation to **you** in writing.

2. Reference to "30 days" notice in b.(2) is changed to "45 days" notice.

3. The following is added:

   **Our** notice of cancellation will include the reason for cancellation.

#### Non-Renewal

1. Reference to "30 days" notice is changed to "45 days" notice.

2. The following is added:

   **Our** notice of non-renewal will include the reason for non-renewal.

#### Recovery

The following is added:

**Our** right to recover **our** payments applies only after **you** have been fully compensated for **your** loss.

FE-7670.3

### FE-7772.1 PASSENGER BODILY INJURY EXCLUSION
### (Motorcycles, motorscooters, motorbikes)

**EXCLUSIONS**

The following exclusion is added:

**We** do not provide any coverage under this policy for any **bodily injury** to passengers on any motorcycle, motorscooter or motorbike unless underlying insurance provides coverage and pays for the **loss**, including passenger **bodily injury** liability coverage with limits equal to at least the **required underlying insurance** shown on the declarations page for **Automobile Liability**, for the motorcycle, motorscooter or motorbike.

FE-7772.1

## FE-5837 FUEL OIL EXCLUSION ENDORSEMENT

**EXCLUSIONS**

The following exclusion is added:

**We** do not provide any coverage under this policy for any **loss** arising out of the actual, alleged or threatened discharge, seepage, leakage, migration, dispersal, spill, release, emission, escape, leaching or disposal of fuel oil.

FE-5837

## FE-6858 REGISTERED DOMESTIC PARTNERSHIP ENDORSEMENT

When used in this policy or in any endorsement attached to this policy:

1. the word "spouse" is replaced with "spouse or party to a registered domestic partnership considered valid under the laws of the state shown in our policy records as your state of residence"; and

2. "relative" means any person related by blood, adoption, marriage, or a registered domestic partnership considered valid under the laws of the state shown in our policy records as your state of residence.

FE-6858

FP-7950.2



STATE FARM
INSURANCE®

Your State Farm®
Personal Liability
Umbrella Policy

State Farm Fire and Casualty Company
Home Office, Bloomington, IL

FP-7950.2

Printed in U.S.A.

# TABLE OF CONTENTS

## DECLARATIONS

Your Name
Your Mailing Address
Policy Period
Limit of Liability
Self Insured Retention
Required Underlying Insurance Policies

**Beginning on Page**

AGREEMENT ..................................................................... 1

DEFINITIONS ..................................................................... 1

MAINTAINING REQUIRED UNDERLYING INSURANCE ............... 5

COVERAGES
    Coverage L – Personal Liability ...................................... 6
    Additional Coverages ..................................................... 6

EXCLUSIONS .................................................................... 7

DUTIES AFTER LOSS ........................................................ 10

CONDITIONS ..................................................................... 10

FP-7950.2

Printed in U.S.A.

# PERSONAL LIABILITY UMBRELLA POLICY

## AGREEMENT

to provide the insurance
this policy:

n **your** payment of premium for
erages **you** chose;

on **your** compliance with all
ns of this policy; and

ce on the truthfulness of **your**
nts on the declarations page
e application for this policy.

hat:

pay premiums when due and
with all provisions of this policy;

tements on the declarations
nd in the application for this

policy are **your** statements and are
true.

When **you** request changes to this policy or
to **required underlying insurance**, or the
information or factors used to calculate the
premium for this policy changes during the
policy period, **we** may adjust the premium in
accordance with the change during the
policy period and **you** must pay any
additional premium due within the time **we**
specify.

4. **Your** policy consists of the policy booklet,
the declarations page, any endorsements
issued to amend **your** policy, and any
amendments included in **your** renewal
certificates. **Your** policy contains all of the
agreements between **you** and **us** and any
of **our** agents.

## DEFINITIONS

ords and phrases listed below.
nd phrases are printed in bold
throughout the policy. These
to the singular, plural, and
s of these words and phrases.

" means a land motor vehicle
esigned for use primarily on

does not include:

**onal motor vehicles**;

ctors designed to pull any type

ctor trailers; or

d. farm tractors, farm trailers (or farm
implements.

2. **"bodily injury"** means physical injury,
sickness or disease to a person, including
death resulting therefrom.

**Bodily injury** does not include:

a. any of the following which are
communicable: disease, bacteria,
parasite, virus, or other organism, any
of which are transmitted by any
**insured** to any other person;

b. the exposure to any such disease,
bacteria, parasite, virus, or other

1

organism by any **insured** to any other person;

c. emotional distress, mental anguish, humiliation, mental distress, mental injury, or any similar injury or any resulting physical injury unless it arises out of actual physical injury to some person; or

d. **personal injury**.

3. "**business**" means a trade, profession or occupation, including farming.

4. "**business property**" means premises that:

a. a **business** is conducted on or from;

b. is rented to others or held for rental, in whole or in part;

c. at one time was rented to others or held for rental by any **insured** but is currently being held for sale or other disposition; or

d. is held for sale or other disposition in conjunction with a **business** pursuit.

5. "**fungus**" means any type or form of fungi, including mold or mildew, and any mycotoxins, spores, scents or byproducts produced or released by fungi. For the purposes of this definition and its application to this policy, **fungus** is not considered a pollutant.

6. "**insured**" means:

a. **you** and **your relatives** whose primary residence is **your** household;

b. any other human being under the age of 21 whose primary residence is **your** household and who is in the care of a person described in 6.a.;

c. any other person or organization to the extent they are liable for the use of an

automobile, recreational motor vehicle or watercraft by a person included in 6.a. or 6.b.

However, any such person or organization is not an **insured** if:

(1) the use is in the course of a **business** that sells or services **automobiles**, **recreational motor vehicles** or watercrafts; or

(2) such person or organization owns, leases or rents the **automobile**, **recreational motor vehicle** or watercraft.

7. "**loss**" means:

a. an accident, including accidental exposure to conditions, which first results in **bodily injury** or **property damage** during the policy period. Repeated or continuous exposure to the same general conditions is considered to be one **loss**; or

b. the commission of an offense which first results in **personal injury** during the policy period. A series of similar or related offenses is considered to be one **loss**.

8. "**personal injury**" means injury other than **bodily injury** arising out of one or more of the following offenses:

a. false arrest, false imprisonment, wrongful eviction, wrongful detention of a person;

b. abuse of process, malicious prosecution;

c. libel, slander, defamation of character; or

2

d. invasion of a person's right of private occupancy by physically entering into that person's personal residence.

9. "**private automobile**" means:

   a. an **automobile** of the private passenger type, other than a pickup truck, van, minivan, or sport utility vehicle, designed primarily to carry persons and their luggage; or

   b. a pickup truck, van, minivan, or sport utility vehicle:

      (1) that is not used for wholesale or retail pickup or delivery; and

      (2) that has a Gross Vehicle Weight Rating of 12,000 pounds or less.

10. "**property damage**" means physical damage to or destruction of tangible property, including the loss of use of such property. Tangible property does not include computer programs or data or the reconstruction of computer programs or data. Theft or conversion of property by an **insured** is not **property damage**.

11. "**recreational motor vehicle**" means a land motor vehicle primarily designed both for use off public roads and for recreational purposes. This includes, but is not limited to, any all terrain vehicle, amphibious vehicle, dune buggy, go-cart, golf cart, minibike, personal assistive mobility device, snowmobile, or trail bike.

12. "**relative**" means any person related to **you** by blood, adoption, or marriage.

13. "**required underlying insurance**" means the following types of insurance policies when shown on the declarations page:

   a. With respect to all **automobiles** or **recreational motor vehicles** which are

owned by, leased to, rented to, or available for the regular and frequent use of any **insured**:

   (1) "**Automobile Liability**" means a policy which provides coverage for the **insured** for that **insured's** liability arising out of the ownership, operation, maintenance or use of any **automobile**. That policy must include Uninsured and/or Underinsured Motor Vehicle coverage if Uninsured and/or Underinsured Motor Vehicle coverage is shown on the declarations page of this policy. **Automobile Liability** does not include a **Recreational Motor Vehicle Liability** as defined in item (2) below.

   (2) "**Recreational Motor Vehicle Liability**" means a policy which provides coverage for the **insured** for that **insured's** liability, including passenger **bodily injury**, arising out of the ownership, operation, maintenance or use of a **recreational motor vehicle**. That policy must include Uninsured and/or Underinsured Motor Vehicle coverage if Uninsured and/or Underinsured Motor Vehicle coverage is shown on the declarations page of this policy.

   b. "**Watercraft Liability**" means a policy which provides coverage for the **insured** for that **insured's** liability arising out of the ownership, operation, maintenance or use of any watercraft. **Watercraft Liability** is only **required underlying insurance** with respect to watercraft which are owned by or available for the regular and frequent

3

use of any **insured** within the meaning of part a. or b. of the definition of **insured**.

c.  "**Personal Residential Liability**" means **your** policy which provides coverage for liability arising out of the ownership, maintenance or use of a premises as **your** residence.

d.  "**Personal Farm Liability**" means **your** policy which provides coverage for liability arising out of the ownership, maintenance or use of a premises as **your** residence and the ownership, operation, maintenance or use of **your** farm.

e.  "**Residential Rental Liability**" means **your** policy which provides coverage for liability arising out of the ownership, maintenance or use of **your** residential rental property which is occupied by others.

f.  "**Business/Office Premises Liability**" means **your** policy which provides coverage for liability arising out of **your** **business** or the ownership, operation, maintenance or use of an office solely occupied by **you**.

g.  "**Employers Liability**" means **your** policy which provides coverage for liability arising out of **bodily injury** sustained by **your** employees during the course of their employment by **you**.

h.  "**Professional Liability**" means **your** policy which provides coverage for liability arising out of the rendering or failure to render professional services, negligent acts, errors or omissions in the practice of **your** profession shown on the declarations page of this policy.

14. "**retained limit**" means the sum of:

a.  the amount paid or payable by any other insurance policy for the **loss**;

b.  the amount the **insured** is required to pay for the **loss** as provided in the MAINTAINING REQUIRED UNDERLYING INSURANCE section of this policy; and

c.  the amount shown on the declarations page as the "Self-Insured Retention". This amount only applies if an **insured** has no **required underlying insurance** or an **insured's required underlying insurance** does not provide any coverage for the **loss**.

15. "**you**" and "**your**" mean the person or persons shown as "Named Insured" on the declarations page. If a named insured shown on the declarations page is a human being then **you** and **your** includes the spouse of the first person listed as a named insured if the spouse resides primarily with that named insured.

16. "**we**", "**us**" and "**our**" mean the Company shown on the declarations page.

4

## MAINTAINING REQUIRED UNDERLYING INSURANCE

**Required underlying insurance** must be maintained at all times in an amount at least equivalent to the Minimum Underlying Limits shown on the declarations page.

The **insured** is required to pay:

1. the difference between the Minimum Underlying Limits shown on the declarations page, and the amount paid for the **loss** by **required underlying insurance** if the **required underlying insurance**:

   a. limits the amount it will pay in one year;

   b. has limits in an amount less than the Minimum Underlying Limits shown on the declarations page;

   c. has limits in an amount shown on the declarations page as **required underlying insurance**, but it provides reduced limits for that **insured** seeking coverage under this policy; or

   d. amount is not paid in full because the insurer providing **required underlying insurance** is or becomes insolvent.

2. the Minimum Underlying Limits shown on the declarations page if the:

   a. insurer providing the **required underlying insurance** makes no payment because it is or becomes insolvent, and no payment is made by a state, provincial or association guarantee fund because that insurer is or becomes insolvent;

   b. **insured**:

   (1) does not qualify as an insured under the **required underlying insurance**;

   (2) qualifies as an insured under the **required underlying insurance**, but an exclusion or other policy provision applies that eliminates coverage under the **required underlying insurance** for that **insured**;

   c. **required underlying insurance**:

   (1) is not in force;

   (2) does not provide coverage because a claim is not made while that policy is in effect or within the required time period stated in that policy;

   (3) does not provide coverage when an **insured** operates an **automobile** or **recreational motor vehicle** outside the United States of America, its territories and possessions, or Canada.

   However, item c.(3) above, does not apply if an **insured** purchases or is provided **Automobile Liability** or **Recreational Motor Vehicle Liability** insurance in an amount at least equivalent to the otherwise applicable **required underlying insurance** or, if the Minimum Underlying Limits shown on the declarations page are not available, the highest available limit.

5

# COVERAGES

## COVERAGE L – PERSONAL LIABILITY

If a claim is made or suit is brought against an **insured** for damages because of a **loss** for which the **insured** is legally liable and to which this policy applies, **we** will pay on behalf of the **insured**, the damages that exceed the **retained limit**. The most **we** will pay for such **loss** is the Coverage L Limit of Liability, as shown on the declarations page, regardless of the number of **insureds** who may be liable, claims made, or persons injured.

### Defense

If a suit is brought against any **insured** for damages because of a **loss** to which this policy applies, **we** will provide a defense to the **insured** at **our** expense by counsel of **our** choice when the basis for the suit is a **loss** that is not covered by any other insurance policy but is covered by this policy. **We** have no duty to defend any claim or suit after **we** tender, deposit in court, or pay the amount due under this policy.

### Our Rights

**We** have the right to:

a.  investigate, negotiate and settle any claim or suit that **we** decide is appropriate;

b.  defend the **insured** in any claim or suit, by counsel of **our** choice; and

c.  appeal any award or legal decision.

## ADDITIONAL COVERAGES

When **we** provide a defense to an **insured** at **our** expense by counsel of **our** choice for a loss that is not covered by any other insurance policy, but is covered by this policy, **we** will pay the following in addition to the Coverage L Limit of Liability, but only until **we** tender, deposit in court, or pay the amount due under this policy:

1.  expenses **we** incur in defending the suit;

2.  premiums on bonds required to defend the suit, but not for bond amounts greater than the Coverage L Limit of Liability. **We** are not obligated to apply for or furnish any bond;

3.  reasonable expenses any **insured** incurs at **our** request. This includes:

    a.  actual loss of earnings, but not loss of other income, up to $200 for each day an **insured** attends at **our** request;

        (1) an arbitration;

        (2) a mediation; or

        (3) a trial of a suit; and

    b.  reasonable expenses incurred by **our insured** at **our** request other than loss of earnings or other income;

4.  costs taxed against an **insured** in a suit **we** defend. Costs do not include attorney fees;

5.  prejudgment interest, when owed by law, on that part of the judgment covered by this policy; and

6.  interest on the entire judgment which accrues after entry of the judgment but only until **we** tender, deposit in court, or pay the amount due under this policy. **We** will not pay interest on damages paid or payable by a party other than the **insured** or **us**.

6

Ferguson Dec. Ex. 2, page 25 of 31

# EXCLUSIONS

There is no coverage under this policy for any:

1. **loss** involving any **insured's** maintenance, use, ownership, loading or unloading of any:

   a. locomotive, unless **your required underlying insurance** for **Personal Residential Liability** applies to the **loss**, and provides coverage that pays for the **loss** in the amount shown as Minimum Underlying Limits on the declarations page;

   b. aircraft;

   c. truck tractors designed to pull any type of trailer;

   d. truck tractor trailers; or

   e. farm tractors, farm trailers or farm implements while used in farming operations;

2. **loss** arising out of any **insured** providing or failing to provide a professional service;

3. **loss** arising out of alleged or actual:

   a. sexual harassment;

   b. sexual molestation; or

   c. discrimination prohibited by law;

   by the **insured**;

4. **loss** arising out of any **insured's** act or omission as a member of a corporation's board of directors. This exclusion does not apply if:

   a. the corporation is a not-for-profit corporation; and

b. the **insured** is not an employee or officer of the corporation;

5. **loss** arising out of any contamination or pollution unless **required underlying insurance** applies to the **loss** and provides coverage that pays for the **loss** in the amount shown as Minimum Underlying Limits on the declarations page;

6. **loss** arising out of any **insured's business property** or **business** pursuits of any **insured**, unless:

   a. (1) the **loss** does not involve any land motor vehicle or watercraft; and

      (2) **required underlying insurance** applies to the **loss** and provides coverage that pays for the **loss** in the amount shown as Minimum Underlying Limits on the declarations page;

   b. the **loss** involves a **private automobile** used for **business** pursuits, and:

      (1) **required underlying insurance** for **Automobile Liability** applies to the **loss** and provides coverage that pays for the **loss** in the amount shown as Minimum Underlying Limits on the declarations page;

      (2) the **private automobile** is not for hire either for the use of others or for carrying the property of others; and

      (3) the **private automobile** is not used to carry passengers for a charge in connection with any **business** pursuit; or

7

c. the **loss** involves a watercraft used for **business** pursuits, and:

    (1) **required underlying insurance** for **Watercraft Liability** applies to the **loss** and provides coverage that pays for the **loss** in the amount shown as Minimum Underlying Limits on the declarations page;

    (2) the watercraft is not for hire either for the use of others or for carrying the property of others, and

    (3) the watercraft is not used to carry passengers for a charge in connection with any **business** pursuit;

7.   **loss** arising out of:

    a. nuclear reaction;

    b. radiation or radioactive contamination from any source; or

    c. any detonation of, or release of radiation from, any nuclear or radioactive device;

8.   **loss** arising out of:

    a. the entrustment to any person by any **insured**;

    b. the supervision of, or the failure to supervise, any person by any **insured**, with regard to the ownership, maintenance or use; or

    c. any liability imposed by an owner's liability statute or similar law on any **insured**, with regard to the ownership, maintenance or use;

of any **automobile**, **recreational motor vehicle**, watercraft, aircraft or any other motorized vehicle, unless **required underlying insurance** applies to the **loss**

and provides coverage that pays for the **loss** in the amount shown as Minimum Underlying Limits on the declarations page;

9.   **loss** involving a watercraft or motorized land vehicle, and arising out of any **insured's** participation in preparation or practice for any:

    a. race contest or competition;

    b. speed contest or competition;

    c. demolition contest or competition;

    d. hill climbing contest or competition; or

    e. jumping contest or competition;

whether or not any of these are formally organized or prearranged.

However, this exclusion does not apply to watercraft if the **required underlying insurance** applies to the **loss** and provides coverage that pays for the **loss** in the amount shown as Minimum Underlying Limits on the declarations page;

10.  **loss** sustained while an **automobile** or **recreational motor vehicle** is driven or operated by an **insured**, other than **you**, who is excluded by a named driver or operator exclusion or any similar exclusion under any **required underlying insurance**, even if coverage is provided by another policy;

11.  **loss** arising out of the actual, alleged or threatened inhalation of, ingestion of, contact with, exposure to, existence of, or presence of any **fungus** at or from any source or location; or **loss**, cost or expense arising out of any:

    a. request, demand or order that any **insured** or others test for, monitor, clean up, remove, contain, treat, detoxify, neutralize, remediate or

8

dispose of or in any way respond to or assess the effects of **fungus**; or

b. claim or suit for damages because of testing for, monitoring, cleaning up, removing, containing, treating, detoxifying, neutralizing, remediating or disposing of, or in any way responding to or assessing the effects of **fungus**;

12. claim made or suit brought against any **insured** because of **bodily injury** or **personal injury** to any person who is in the care of any **insured** because of compensated child care services provided by or at the direction of:

a. any **insured**;

b. an employee of any **insured**; or

c. any other person actually or apparently acting on behalf of any **insured**.

This exclusion does not apply to the part-time child care services provided by any **insured** who is 18 years of age or younger and the services are not provided on **business property**;

13. **bodily injury** or **personal injury** to any **insured** as defined in part a. or b. of the definition of **insured**, including any claim made or suit brought against any **insured** to share damages with or repay someone else who may be obligated to pay damages because of such **bodily injury** or **personal injury**;

14. **bodily injury** or **property damage** which is:

a. either expected or intended by the **insured**; or

b. the result of any willful and malicious act of the **insured**;

15. **bodily injury** to a person if the **insured** is required to provide or elects to provide that person benefits under a workers' compensation, non-occupational disability, or occupational disease law;

16. **bodily injury** arising out of the exposure to, ingestion or inhalation of, lead or lead compounds;

17. **personal injury** when the **insured** acts with specific intent to cause any harm;

18. **property damage** to:

a. property owned by any **insured** on the date of **loss**; and

b. **automobiles** and aircraft owned by, registered to, leased to, rented to, used by, in the care of, or transported by any **insured**;

19. liability imposed on or assumed by any **insured** through any unwritten or written agreement;

20. liability for any **insured's** share of any charge assessed against all members of any type of association of property owners; or

21. order of restitution issued by a court in a criminal proceeding or equitable action.

9

# DUTIES AFTER LOSS

In the event of a **loss** for which this policy may provide coverage, all **insureds** seeking coverage must:

1. immediately notify **us** of such **loss**. The notice must give **us**:

    a. reasonably available information on the time, place and circumstances of the **loss**; and

    b. names and addresses of any claimants and witnesses; and

    c. the name of the insurer and identification number of any other policy providing insurance;

2. immediately notify **us** and any other insurer providing insurance of any claim or suit filed against the **insured** and send **us** and such

3. at all times, help and cooperate with **us** and any other insurer providing insurance, and at **our** request, assist in:

    a. making settlement;

    b. the enforcement of any right of contribution or indemnity against a person or organization who may be liable to the **insured**;

    c. the conduct of suits, and attend depositions, hearings and trials;

    d. securing and giving evidence; and

    e. locating and getting witnesses to attend depositions, hearings, and trials.

# CONDITIONS

1. **Appeals.** **We** may appeal any award or legal decision against any **insured** or **us**.

2. **Assignment.** Any assignment of this policy will be valid only after **we** give **our** written consent.

3. **Bankruptcy.** Bankruptcy or insolvency of an **insured** or his or her estate shall not relieve **us** of **our** obligations under this policy.

4. **Cancellation.** This policy may be cancelled by **you** or **us** at any time during the policy period.

    a. **You** may cancel by giving advance written notice to **us** or **our** agent of the date the cancellation is to take effect. If

**you** cancel, the refund of any unearned premium will be based on **our** rules for cancellation. **We** may waive the requirement that the notice be in writing by confirming the date and time of cancellation to **you** in writing.

    b. If **we** choose to cancel the policy, **we** will mail or deliver to **your** last known address notice of cancellation at least:

        (1) 10 days prior to the date of cancellation, if the cancellation is for nonpayment of premium;

        (2) 30 days prior to the date of cancellation, if the cancellation is for a reason other than nonpayment of premium.

10

The refund of any unearned premium will be prorated. Proof of mailing will be sufficient proof of notice.

Delay in the return of any unearned premium does not change the cancellation date.

5. **Conformity to State or Provincial Law.** When a policy provision is in conflict with the applicable law of the state or province in which this policy is issued, the law of such state or province will apply.

6. **Death.** If **you** die, this policy will cover as an **insured**, **your** estate and **your** personal representative while acting on behalf of **your** estate, until this policy is terminated. This applies only with respect to a **loss** arising out of the premises and property that are part of the estate and then only if **you**, while living, would have had coverage.

7. **Insolvency.** When coverage is not available from any **required underlying insurance** because the company issuing such policy is or becomes insolvent, this policy will not replace coverage of the insolvent company or any state, provincial or association guarantee fund available for the **loss**.

8. **Joint and Individual Interests.** When there are two or more named insureds, each acts for all to cancel or change the policy.

9. **Liberalization Clause.** If **we** revise the language of this policy to broaden coverage for no additional premium in the state or province in which **your** policy is issued, the broadened coverage will apply to **your** policy on the date the change is effective in such state or province.

10. **Non-Renewal.** **We** may elect not to renew this policy by delivering or mailing written notice to **your** last known address. The notice will be delivered or mailed at least 30 days before the expiration date of this policy. Proof of mailing will be sufficient proof of notice.

11. **Notification for Underwriting Purposes.** If any **required underlying insurance** limits are used up, reduced, suspended or cancelled, **you** must notify **us** immediately, and immediately replace the coverage. Providing this notification does not alter an **insured's** obligation to comply with the MAINTAINING REQUIRED UNDERLYING INSURANCE section of this policy.

12. **Other Insurance.** The coverage provided by this policy is excess over all other insurance and self insurance.

13. **Policy Period.** This policy applies only to a **loss** which first occurs during the policy period shown on the declarations page or renewal certificate.

14. **Recovery. Insureds** must do all that they can to preserve their rights of recovery, including rights of indemnity or contribution. These rights will belong to **us** up to the amount **we** pay for a **loss**.

15. **Suit Against Us.** No action may be brought against **us** unless all **insureds** have complied with all policy provisions.

No one has the right to join **us** as a party to an action against an **insured**. Further, no action may be brought against **us** until the obligation of the **insured** has been determined by final judgment after an actual trial, including all appeals, or agreement signed by **us**.

11

16. **Voluntary Payments and Obligations**. The **insured** may not, except at the **insured's** own cost, voluntarily make payments, assume obligations or incur expenses.

17. **Waivers**. Waivers of **our** rights under this policy are only valid if **we** consent in writing.

IN WITNESS WHEREOF, this Company has caused this policy to be signed by its President and Secretary at Bloomington, Illinois.

*Lynne M. Yaukell*

Secretary

*Edward B Rust. Jr*

President

The Board of Directors, in accordance with Article VI(c) of this Company's Articles of Incorporation, may from time to time distribute equitably to the holders of the participating policies issued by said Company such sums out of its earnings as in its judgment are proper.

12

**Ferguson Dec. Ex. 2, page 31 of 31**