1
2
3
4
5
6

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| ATIGEO LLC, et al., | CASE NO. C13-1694JLR |
|---|---|
| Plaintiffs, | ORDER DISMISSING CLAIMS WITHOUT PREJUDICE |
| v. | |
| OFFSHORE LIMITED D, et al, | |
| Defendants. | |

## I. INTRODUCTION

This matter comes before the court on the motion of Atigeo LLC and Michael Sandoval to dismiss their claims without prejudice against Defendants Dennis Montgomery, Istvan Burgyan, Demaratech, LLC, and Offshore Limited D (collectively, "Defendants") under Federal Rule of Civil Procedure 41(a)(2). (6/26/2014 Mot. (Dkt. # 75).) Defendants do not object to dismissal. (7/14/2014 Resp. (Dkt # 76).) Defendants Mr. Montgomery and Mr. Burgyan request, however, that the court dismiss Plaintiffs'

ORDER- 1

libel claim with prejudice on statute of limitations grounds. (Resp. at 1-2.) Further, Mr. Burgyan requests that the court dismiss the cybersquatting claim against him with prejudice or, in the alternative, award Mr. Burgyan the costs and fees associated with a portion of his discovery. (Resp. at 6-10.) The court has considered the motion, the parties' submissions, the balance of the record, and the applicable law. Being fully advised, the court GRANTS Plaintiffs' motion and DISMISSES this case in its entirety WITHOUT PREJUDICE.

## II.   BACKGROUND

On July 15, 2013, Plaintiffs filed this action in the Central District of California. (*See* Compl. (Dkt. # 1).) They sought injunctive relief and damages alleging (1) Defendants were cybersquatting on domain names in violation of Plaintiffs' trademarks, and (2) Defendants had made libelous statements about Plaintiffs on various websites. (Compl. ¶¶ 43-72.) At the time they filed the complaint, Plaintiffs believed Defendants to be residents of California. (Compl. ¶¶ 12-13.) After Defendants informed Plaintiffs that they had relocated to Washington, the parties stipulated to a transfer to the Western District of Washington. (Stipulation to Transfer (Dkt. # 19).) The Central District of California transferred the case to this court. (9/17/2013 Order (Dkt. #20).)

On October 30, 2013, Defendants moved to dismiss Plaintiffs' claims. (Mot. Dismiss (Dkt. #32); Notice of Joinder (Dkt. # 33).) The court denied Defendants' motion to dismiss, finding Plaintiffs' pleadings sufficient to sustain the cybersquatting and libel claims. (1/22/14 Order (Dkt. #45).)

On February 28, 2014, Mr. Burgyan filed a motion for summary judgment. Mr. Burgyan denied assisting Mr. Montgomery in setting up the websites or in making allegedly libelous statements. (2/28/2014 Mot. (Dkt. # 46).) The court struck Mr. Burgyan's motion without prejudice to re-filing after Plaintiffs had an opportunity for adequate discovery. (4/16/2014 Order (Dkt. # 70).)

On June 26, 2014, Plaintiffs moved to voluntarily dismiss their case against all Defendants. (6/26/2014 Mot. (Dkt. # 75).) The websites that had formed the basis of Plaintiffs' libel claim had been taken down. (6/26/2014 Mot. at 2.) Plaintiffs also noted that Mr. Montgomery faced medical and financial hardship and that Mr. Burgyan faced financial hardship. (6/26/2014 Mot. at 2.) Finally, Plaintiffs advised the court that counsel for Demaratech and Offshore Limited D consented to voluntary dismissal without prejudice, though Mr. Montgomery and Mr. Burgyan did not. (6/26/2014 Mot. at 3.)

Defendants do not object to dismissal of this case, but Mr. Montgomery and Mr. Burgyan request that the court dismiss with prejudice all libel claims and the cybersquatting claim against Mr. Burgyan. (Resp. (Dkt. # 76).) Mr. Montgomery and Mr. Burgyan argue that California's statute of limitations precludes Plaintiffs from re-filing their libel claims. (*Id.* at 1-2.) Mr. Burgyan also claims that discovery has shown that he has no legal connection to this case. (*Id.* at 3-5.) According to Mr. Burgyan, dismissal without prejudice would result in legal prejudice to him (1) because he might lose legal representation by State Farm and (2) because defense witnesses might become unavailable. (*Id.* at 6-7.)

ORDER- 3

## III.   ANALYSIS

**A.   Voluntary Dismissal Under Rule 41(a)(2)**

Once a defendant serves an answer or motion for summary judgment upon a plaintiff, a plaintiff may only voluntarily dismiss a claim with court approval. Fed. R. Civ. P. 41(a)(2); *Wilson v. City of San Jose*, 111 F.3d 688, 692 (9th Cir. 1997) (differentiating Rule 41(a)(1) from Rule 41(a)(2)). The decision to grant or deny voluntary dismissal is an issue "committed to the district court's sound discretion." *Stevedoring Svcs. of Am. v. Armilla Int'l B.V.*, 889 F.2d 919, 921 (9th Cir. 1989); *see* Fed. R. Civ. P. 41(a)(2) ("[A]n action may be dismissed . . . on terms that the court considers proper."). Unless the order explicitly states otherwise, "a dismissal . . . is without prejudice." Fed. R. Civ. P. 41(a)(2).

District courts grant the request for voluntary dismissal under Rule 41(a)(2) unless "a defendant can show that it will suffer some plain legal prejudice as a result." *Smith v. Lenches*, 263 F.3d 972, 975 (9th Cir. 2001) (citation omitted). The purpose of the court's discretion under Rule 41(a)(2) is to ensure that the dismissal will not prejudice the defendant. *Stevedoring Svcs. of Am.*, 889 F.2d at 921.

The Ninth Circuit defines legal prejudice as "prejudice to some legal interest, some legal claim, some legal argument." *Westlands Water Dist. v. United States*, 100 F.3d 94, 97 (9th Cir. 1996). The lack of resolution of a case, uncertainty due to the threat of future litigation, expenses incurred to defend against the dismissed lawsuit, and the inconvenience of defending in another forum do not amount to legal prejudice. *Id.* at 96-97. Rather, the cases focus on the "rights and defenses available to a defendant in future

litigation," or on situations that render a party unable to conduct sufficient discovery. *Westlands*, 100 F.3d at 96.

The court finds that voluntary dismissal without prejudice of all of Plaintiffs' claims is proper. Mr. Montgomery and Mr. Burgyan argue that they would suffer legal prejudice were the court to permit Plaintiffs' voluntary dismissal without prejudice. (Resp. at 1-2.) Specifically, they argue that the statute of limitations has passed on the libel claim and that they would inevitably be dismissed from any subsequent suit on this claim. (Resp. at 1-2.) They do not indicate, however, why they would be unable to raise these arguments if Plaintiffs were to refile. Because Mr. Montgomery and Mr. Burgyan could raise the statute of limitations defense were Plaintiffs to refile a California libel claim, they suffer no legal prejudice by dismissal without prejudice on the libel claim.

Mr. Burgyan further requests dismissal with prejudice of the cybersquatting claim against him. He argues that he has no legal connection to this case, that he "may have increased difficulty tracking down relevant witnesses," and that he has no guarantee that State Farm will continue to defend him. (Resp. at 6-7.) Mr. Burgyan does not, however, substantiate why he would lose access to witnesses or the representation provided by State Farm. He does not give the court details explaining why the loss of representation or of access to witnesses amounts to more than a possibility. Rather, Mr. Burgyan merely asserts that possibility. As a result, Defendants do not establish that any legal prejudice will result from dismissal without prejudice.

The court finds that Plaintiffs' motion for voluntary dismissal is not an attempt to avoid a near-certain adverse ruling. A district court may consider "whether a plaintiff is

ORDER- 5

requesting a voluntary dismissal only to avoid a near-certain adverse ruling." *Maxum Indem. Ins. Co. v. A-1 All Am. Roofing Co.*, 299 F. App'x 664, 666 (9th Cir. 2008) (citing *Terrovaona v. Kincheloe*, F.2d 424, 429 (9th Cir. 1988)). Mr. Burgyan argues that he is "on the eve of re-filing [his] motion for summary judgment" and, therefore, that his "dismissal is inevitable." (Resp. at 2.) The court notes, however, that Plaintiffs have requested voluntary dismissal as to all of their claims, not just the claims against Mr. Burgyan. Further, the court notes that the websites that Plaintiffs objected to in their complaint have been shut down. As a result, Plaintiffs have received some of the relief requested in their complaint, and their motion to dismiss does not appear to be an attempt to avoid a near-certain adverse ruling. The court, therefore, dismisses all claims without prejudice.

**B.     Award of Fees and Costs Upon Voluntary Dismissal under Rule 41(a)(2)**

Because the court finds it proper to dismiss this case without prejudice, Mr. Burgyan requests that the court award him costs and fees associated with discovery conducted in California. The court declines to make this award.

In addition to accepting or denying a request for voluntary dismissal, "the district court has 'broad factfinding powers' to grant or decline" an award of fees and costs. *Smith*, 263 F.3d at 978 (quoting *Primus Auto. Fin. Svcs. v. Batarse*, 115 F.3d 644, 649 (9th Cir. 1997)). When a court accepts a plaintiff's request to voluntarily dismiss under Rule 41(a)(2), the "[i]mposition of costs and fees as a condition for dismissing . . . is not mandatory." *Westlands*, 100 F.3d at 98. If a court awards costs and fees, the court should limit the award to legal "work which cannot be used in any future litigation of [the

present] claims." *See id.* Even a plaintiff's litigation decisions that impose additional costs upon defendants will not result in an award of costs and fees when the decisions are permitted under the law and pursued in good faith. *See Smith*, 263 F.3d at 978-79 (upholding refusal to award costs and fees when plaintiffs pursued related claims in multiple forums).

In deciding whether to award costs and fees upon voluntary dismissal, courts weigh other factors as well. When the case to be dismissed had a "realistic chance of prevailing," courts have not awarded costs and fees. *See, e.g.*, *Stevedoring*, 889 F.2d at 922. Courts have also considered whether (1) attorneys' fees and costs would be available to the defendants had they prevailed at trial and (2) the effect that awards of fees and costs would have in discouraging good faith voluntary dismissals. *See id.* at 921.

The court declines to award fees and costs. Mr. Burgyan requests costs and attorney's fees associated with discovery in California. (Resp. at 9-10.) Mr. Burgyan does not, however, show why the discovery in California would be useless in later litigation, a showing he must make in order for the court to award fees. *See Westlands*, 100 F.3d at 98. Mr. Burgyan asserts that the discovery was needless and that no documents were found which could connect him to Plaintiffs' claims. (Resp. at 5-6.) The court, however, finds that the failure to discover documents in California would be useful in future litigation. Specifically, the failure to locate documents in California that connect Mr. Burgyan to Plaintiffs claims supports Mr. Burgyan's assertion that he was not involved in the acts which Plaintiffs allege in their complaint.

ORDER- 7

Moreover, the court cannot say, at this stage, that Plaintiffs' claims were without a realistic chance of prevailing. Nor was the discovery without merit. Indeed, "[a]n important purpose of discovery is to reveal what evidence the opposing party has, thereby helping determine which facts are undisputed." *Computer Task Grp. v. Brotby*, 364 F.3d 1112, 1117 (9th Cir. 2004). Some of those facts include the extent to which a party has, or has not, involved him or herself in the claims at issue. *Cf. id.* Although discovery in California appears not to have produced the evidence that Plaintiffs might have intended, Mr. Burgyan has not established, and did not establish in prior motions, that discovery would have been useless ex ante, before discovery was performed.

The court acknowledges that there is a risk that Plaintiffs could later use a dismissal without prejudice to pursue vexatious litigation. If Plaintiffs refile their claims against Mr. Burgyan without more evidence of his legal connection to the case, or indicia pointing to such evidence, the renewed litigation could indicate intent by Plaintiffs to pursue vexatious litigation. The Federal Rules of Civil Procedure, however, provide adequate protection to Defendants if Plaintiffs were to abuse the dismissal without prejudice. Rule 41(d) permits a court to stay a re-filing of an action pending payment by plaintiffs for "all or part of the costs of that previous action." Fed. R. Civ. P. 41(d). The purpose of this rule is to prevent vexatious litigation and forum shopping, "'especially by plaintiffs who have suffered setbacks in one court and dismiss to try their luck somewhere else.'" *Rogers v. Wal–Mart Stores, Inc.*, 230 F.3d 868, 874 (6th Cir. 2000) (quoting *Robinson v. Nelson*, No. 98–10802–MLW, 1999 WL 95720, at *2 (D. Mass. Feb. 18, 1999)). The rule is also "intended to prevent attempts to 'gain any tactical

advantage by dismissing and re-filing th[e] suit.'" *Id.* (quoting *Sewell v. Wal–Mart Stores, Inc.*, 137 F.R.D. 28, 29 (D. Kan. 1991)).

## VI.  CONCLUSION

For the foregoing reasons, the court GRANTS Plaintiffs' motion to voluntarily dismiss and DISMISSES this case in its entirety WITHOUT PREJUDICE.  The court declines to award costs and fees to Mr. Burgyan.

Dated this 4th day of August, 2014.

JAMES L. ROBART
United States District Judge

ORDER- 9